**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE,**<br><br>        **Plaintiffs,**<br><br>   **v.**<br><br>**CVS CAREMARK CORP., CVS CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and SILVERSCRIPT INSURANCE COMPANY,**<br><br>      **Defendants.** | **No. 14-cv-0824 (MSG)** |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Non-party Aetna Inc.'s ("Aetna") Motion for Leave to File Under Seal a Motion for Limited Intervention and Protective Order, to which Plaintiff Sarah Behnke consents and has no objection, it is hereby ORDERED that said Motion is GRANTED.  Aetna is granted leave to file under seal the motion that is described in its instant motion, to seek limited intervention and protective order.  Such motion and any related papers shall be placed under seal by the Clerk, and shall be served only upon Plaintiff and her counsel of record.  The Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice.

BY THE COURT:

_____
Mitchell S. Goldberg
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**UNITED STATES OF AMERICA, ex rel.
SARAH BEHNKE,**

    **Plaintiffs,**

  **v.**

**CVS CAREMARK CORP., CVS CAREMARK
Rx, LLC (f/k/a CAREMARK Rx, INC.),
CAREMARKPCS HEALTH LLC, and
SILVERSCRIPT INSURANCE COMPANY,**

    **Defendants.**

**No. 14-cv-0824 (MSG)**

---

**MOTION FOR LEAVE TO FILE UNDER SEAL
<u>A MOTION FOR LIMITED INTERVENTION AND PROTECTIVE ORDER</u>**

Pursuant to Local Rule 5.1.5(a)(2) and the Court's inherent equitable powers, non-party Aetna Inc. ("Aetna") hereby moves for leave to file under seal Aetna's motion seeking permission to intervene for the limited purpose of moving for a protective order, to protect Aetna's attorney-client privileged documents and communications, its attorney work product, and other confidential and proprietary records that Plaintiff and her counsel acquired and have continued to possess without Aetna's knowledge, for what appears to be the past four (4) years while pursuing this case.

Aetna requests permission to file its motion under seal in order to avoid the further loss of Aetna's rights under the attorney-client privilege, attorney work product doctrine, and in the confidential and proprietary records. The undersigned counsel has conferred with counsel for Plaintiff Sarah Behnke, and Plaintiff's counsel has advised Plaintiff consents to and does not oppose this motion, and does not oppose permitting Aetna leave to intervene for the limited

purpose of seeking a protective order for its information.[1]   Aetna relies on the accompanying

Memorandum of Law.


Dated: May 8, 2018                                     Respectfully submitted,

                                                      */s/ Frederick P. Santarelli*
                                                      FREDERICK P. SANTARELLI
                                                      LYNNE N. KOLODINSKY
                                                      ELLIOTT GREENLEAF, P.C.
                                                      925 Harvest Drive, Suite 300
                                                      Blue Bell, PA 19244
                                                      fpsantarelli@elliottgreenleaf.com
                                                      lnk@elliottgreenleaf.com
                                                      (215) 977-1000

                                                      ERIC W. SITARCHUK
                                                      MORGAN, LEWIS & BOCKIUS LLP
                                                      1701 Market Street
                                                      Philadelphia, PA 19103
                                                      eric.sitarchuk@morganlewis.com
                                                      (215) 963-4850

                                                      *Counsel for Aetna Inc.*

---

[1] Plaintiff does not oppose this motion, her consent hereto being conditioned upon her request that Aetna add, in this motion, the following description of her position:

> Without waiving objection to Aetna's description of the underlying dispute as to which Aetna requests leave to file a motion for limited intervention and protective order under seal, Relator does not oppose the instant motion for leave to file said motion, or to file it under seal.  Relator reserves her right to oppose Aetna's motion for a protective order, and to address in her opposition Aetna's factual and legal arguments regarding the underlying dispute, the actions of Relator and her counsel, and the application of attorney-client privilege, work-product doctrine or business confidentiality to the materials in question and to the ongoing discussions between Relator's and Aetna's counsel.

(E-mail dated May 7, 2018, from Susan Thomas to Fred Santarelli and Jonathan Berger).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel.
SARAH BEHNKE,

        Plaintiffs,

   v.

CVS CAREMARK CORP., CVS CAREMARK
Rx, LLC (f/k/a CAREMARK Rx, INC.),
CAREMARKPCS HEALTH LLC, and
SILVERSCRIPT INSURANCE COMPANY,

       Defendants.

No. 14-cv-0824 (MSG)

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE UNDER SEAL
<u>A MOTION FOR A PROTECTIVE ORDER</u>

FREDERICK P. SANTARELLI
LYNNE N. KOLODINSKY
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19244
fpsantarelli@elliottgreenleaf.com
lnk@elliottgreenleaf.com
(215) 977-1000


ERIC W. SITARCHUK
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
eric.sitarchuk@morganlewis.com
(215) 963-4850

## I.    <u>INTRODUCTION</u>

Aetna Inc. ("Aetna") is not a party to this action.  Nonetheless, Plaintiff Sarah Behnke ("Plaintiff" or "Behnke"), an employee of Aetna, acquired records and information belonging to Aetna without Aetna's knowledge, and provided them to her counsel Berger & Montague, P.C. ("Berger Firm"), who has continued to possess them while representing Behnke personally in filing this lawsuit against the defendants.  Aetna only recently discovered this conduct after the complaint was initially unsealed publicly, prompting Aetna to immediately conduct an internal attorney-client privileged investigation into its employee's conduct to learn the facts of what records and information was taken and to what extent it has been used and disclosed.

The records and information include highly sensitive materials that are attorney-client privileged and attorney work product of Aetna's in-house and outside lawyers, as well as confidential and proprietary business records and information.  Absent a protective order requiring that they return and not use Aetna's records and information, Behnke and her counsel risk the irreparable loss of non-party Aetna's privileges and rights of confidentiality, which also risks irreparably tainting this entire proceeding with violations of the attorney-client privilege.

Despite Aetna's requests since recently discovering that Behnke and her counsel have been in possession of the records and information, Behnke and the Berger Firm have not agreed to return, and otherwise destroy all copies of, all of the records and information.  Aetna has made a reasonable proposed solution that Behnke and her counsel do so without prejudice to their ability to subpoena the records in the course of discovery in this case if and when needed, so that Aetna and all parties will have a fair process before this Court to address the serious issues of attorney-client privilege and confidentiality of business information.

In response, rather than agreeing to Aetna's proposed solution, Behnke and the Berger Firm proposed that Aetna file a motion requesting the Court to address the issue at this time, while they keep the records and information in their own possession.  It is, therefore, necessary for Aetna to file a motion for limited intervention for the purpose of seeking a protective order, to protect Aetna's attorney-client privileged records and confidential business information.   The motion to be filed, however, will necessarily require Aetna to explain to the Court the facts and communications involved in Aetna's recent internal attorney-client privileged investigation by Aetna's inside and outside counsel.

Behnke and the Berger Firm have already agreed that this recent investigation by Aetna was and remains protected by Aetna's attorney-client privilege, including the communications between Aetna and Behnke as its employee.  Moreover, the motion to be filed will involve only issues and disagreements between Aetna and Behnke as its employee, along with her personal counsel the Berger Firm.   Accordingly, in order to maintain the attorney-client privilege protection, the motion to be filed should not be disclosed to the defendants or any other persons other than Behnke, her counsel and the Court.

Aetna respectfully requests that the Court grant Aetna leave to file, under seal, its motion for limited intervention and for a protective order, and that it be served only upon Behnke and her counsel the Berger Firm.  Aetna intends to file the motion for limited intervention and protective order after receiving a ruling from this Court on the instant motion requesting leave for Aetna to file such motion under seal.

## II.   <u>ARGUMENT</u>

The party seeking to seal a judicial record must show that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious

2

injury to the party seeking closure." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). "The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might 'become a vehicle for improper purposes.'" *Valeant Pharms. Lux. S.a.r.l. v. Actavis Labs. UT, Inc.*, No. 16-4344, 2018 U.S. Dist. LEXIS 64801, *7–8 (citing *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001)).

"To obtain an order sealing or redacting judicial records, the moving party must show 'good cause' for granting the motion." *Ganski v. Wolff*, No. 09-1903, 2014 U.S. Dist. LEXIS 137942, *3 (E.D. Pa. Sept. 30, 2014) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). "Good cause is shown if 'disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at *3–4 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

"[W]hen protection is being sought for information pertaining to a nonparty, broader restrictions can be used to prevent harm to the non-party." *Haque v. Swarthmore College*, 2017 U.S. Dist. LEXIS 118555, at *4 (citing *Frank v. Honeywell Int'l, Inc.*, No. 15-00172, 2015 U.S. Dist. LEXIS 106453 at *4 (E.D. Pa. Aug. 13, 2015)).

Here, it is necessary for Aetna to explain, in the motion to be filed under seal, the matters learned in Aetna's privileged communications with Behnke as its employee, which have occurred in the context of Aetna's attorney-client privileged internal investigation to learn the facts of what information was taken by Behnke and the extent and to whom it has been disseminated. This includes the recent privileged communications between Aetna's inside and outside counsel on the one hand, and Aetna's employee (and her personal counsel) on the other. The facts and communications in this privileged context will need to be provided to the Court in

3

the motion to be filed, along with the log of privileged documents and confidential business information that was taken, in order for the Court to rule on Aetna's motion for protective order.

The attorney-client privilege is the oldest recognized and, arguably the most sacred, common law privilege; its "purpose is to encourage full and frank communication between attorneys and their clients and, thereby, promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  In order for the privilege to apply, "it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011).

The work product doctrine is broader than the attorney-client privilege and its standard is contained in Fed. R. Civ. P. 26(b)(3). *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1255 (3d Cir. 1993).  Rule 26(b)(3)(A) states that, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  Additionally, "core" or "opinion" work product, such as "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative" qualifies for greater protection than "fact" work product. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) (quotations and citation omitted).

At this point, the only persons who are privy to Aetna's internal investigation are Aetna and its lawyers involved in the internal investigation, and Behnke and her personal counsel. Therefore, in order to maintain and preserve the privileged status of the information to be explained in the motion, the only party who should be served with Aetna's motion is Behnke and her personal counsel.  This disagreement is solely between Aetna and its employee and her counsel, and does not involve the defendants or the Government.

4

### III. <u>CONCLUSION</u>

For the foregoing reasons, Aetna respectfully requests that this Court grant leave to file under seal the motion for limited intervention for the purpose of seeking a protective order.

Dated: May 8, 2018

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
LYNNE N. KOLODINSKY
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19244
fpsantarelli@elliottgreenleaf.com
lnk@elliottgreenleaf.com
(215) 977-1000

ERIC W. SITARCHUK
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
eric.sitarchuk@morganlewis.com
(215) 963-4850

*Counsel for Aetna Inc*

.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 8th day of May, 2018, a true and correct copy of the

foregoing was sent via e-mail and first class mail to Plaintiff Sarah Behnke's counsel of record

identified below:


      Susan Schneider Thomas
      Jonathan D. Berger
      BERGER AND MONTAGUE, P.C.
      1622 Locust Street
      Philadelphia, PA 19103
      215-875-3000
      sthomas@bm.net
      jdberger@bm.net


      */s/ Frederick P. Santarelli*
      FREDERICK P. SANTARELLI
      Elliott Greenleaf, P.C.
      925 Harvest Drive, Suite 300
      Blue Bell, PA 19422
      fpsantarelli@elliottgreenleaf.com
      (215) 977-1000