## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE,<br><br>         Plaintiffs,<br><br> v.<br><br>CVS CAREMARK CORP., CVS CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and SILVERSCRIPT INSURANCE COMPANY.<br><br>         Defendants. | Civil Action No. 14-cv-00824 (MSG)<br><br>**REPLY IN SUPPORT OF CAREMARK'S MOTION TO SEAL THE COMPLAINT** |

   Relator does not contest that her Complaint divulges at least some confidential details regarding financial guarantees and pricing that Caremark offered to Aetna.  Nor does she contest that material of this nature falls squarely within the category of competitively sensitive material that courts routinely hold to be appropriate for sealing.  Taken together, those facts justify redaction of such information from the publicly filed Complaint.

   None of Relator's arguments supports a contrary result.

   *First*, Relator wrongly argues that "the cat is out of the bag" because Relator's counsel issued a press release and someone uploaded a copy of the unredacted complaint to a public website during the brief window of time between when the Complaint was unsealed and when this Court resealed it on Caremark's emergency motion.  Opp'n at 3–4.  But Relator's press release and the sparse news coverage thereof disclosed almost none of the specific information regarding which Caremark seeks redaction.  Furthermore, the unredacted complaint has recently been taken down from the website identified by Relator and is <u>no longer publicly available</u>.  Second Decl. of Daniel Dockery at ¶ 2.  Caremark's motion has not been mooted in any way.

1

*Second*, Relator wrongly argues that because she is alleging violations of the False Claims Act ("FCA"), the "public interest" in disclosure is automatically greater than it otherwise would be. Opp'n at 7–8. But Relator's unproven allegations of fraud cannot overcome Caremark's well-evidenced and legitimate interest in the confidentiality of its financial information. None of the cases cited by Relator regarding motions to seal in the FCA context denied a motion to seal involving a business's confidential financial information; all addressed the much different situation in which a <u>relator who filed an FCA action</u> tries to prevent public disclosure of her identity in connection with an action she herself filed. *See United States v. Endo Health Sols., Inc.*, 2015 WL 12552049, at *2 (E.D. Pa. June 8, 2015) (Goldberg, J.) (denying relator's request to redact her name from government's notice of non-intervention); *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (denying relator's motion to seal complaint and notice of voluntary dismissal); *United States ex rel. Permison v. Superlative Technologies, Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (denying relator's motion to reseal complaint or redact her name).

*Third*, Relator wrongly argues that three of Caremark's proposed redactions should be rejected because the information to be redacted could allegedly be gleaned from public Medicare data. Opp'n at 9–10. Specifically, Relator contends that the information Caremark seeks to redact from Paragraphs 101, 103, and 124 can be derived from information that is "summarized and available to the public" from Medicare. Decl. of Susan Behnke ("Behnke Decl.") at ¶ 10. Relator did not disclose in her complaint that she had relied on public information rather than the more granular, confidential information to which Aetna would have been privy. Compl. ¶¶ 101, 103, 124. That makes a difference—an ordinary reader might reasonably assume that Relator's allegations were based on confidential pricing information provided by Caremark to Aetna

2

concerning their contractual relationship.  In light of that risk, redaction of the material at issue in these three paragraphs remains warranted.

*Fourth***,** Relator wrongly argues that the information that Caremark seeks to protect is "stale." Opp'n at 10–13.  The declaration of Mr. DeVaney that Caremark submitted with its motion proves otherwise.  Mr. DeVaney explains how Caremark's clients and competitors could use older information in conjunction with public information and their own non-public information to infer valuable, non-public information about a company's current posture.  Decl. of Edward DeVaney at ¶ 11.  Notably, Relator submitted a declaration admitting that she and others sifted through publicly available data in an effort to gain insight into competitor pricing, and asserting that different pieces of publicly available data may be cross-referenced to reveal information about the pricing practices of other industry participants.  Behnke Decl. at ¶¶ 9–13. And while Relator contends in her declaration that the confidential pricing information disclosed in her complaint no longer reflects the typical "current discount rates," *id.* at ¶ 17, Relator offers no disagreement with Mr. DeVaney's explanation of the methods by which competitors or clients could combine confidential data regarding Caremark's past pricing or financial guarantees with other public or private information to obtain an unfair competitive advantage in relationship to Caremark.

Mr. DeVaney's current and undisputed declaration on that fact is precisely the sort of evidence that courts have called for under similar circumstances.  *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) (noting that although two-year old affidavits were insufficient, a motion to maintain older information under seal could be appropriate if the party seeking protection introduces "current evidence to show how public dissemination of the pertinent materials now would cause the competitive harm it claims.").  Mr. DeVaney's sworn declaration cannot be contravened by mere speculation as to what competitors

might or might not find to be "helpful" or "useful." Opp'n at 12–13. Nor can Relator overcome Mr. Devaney's sworn declaration by characterizing pricing information as "relative" and then speculating that such information does not reveal "useful information" or "sensitive information," Opp'n at 13–14.

*Fifth*, Relator wrongfully contends that Caremark's motion should be denied due to a "failure to meet and confer." Opp'n at 14–15. Relator's counsel herself acknowledges that there was an "effort by Caremark to meet and confer" regarding Caremark's proposed redactions. Decl. of Susan Thomas at ¶ 26. She acknowledges that Caremark's counsel provided to her the redactions Caremark intended to seek from the Court more than a full day before filing the instant motion, *id.* ¶ 25, and that Caremark filed its motion only after Relator's counsel expressly responded that Relator would not agree to the relief requested, *id.* ¶ 29. Relator's dissatisfaction with the timing of the meet and confer or the degree to which Caremark's counsel did or did not "explain" or "substantiate" his positions, *id.* ¶¶ 25–29, does not equate to a "failure to meet and confer."

## CONCLUSION

Caremark respectfully requests that this Court protect Caremark from the harm that would accompany public disclosure of Caremark's confidential financial information by granting the motion and sealing the unredacted complaint.

                        Respectfully submitted,

                        WILLIAMS & CONNOLLY LLP

                        /s Craig D. Singer
                        Craig D. Singer (PA ID No. 71394)
                        725 Twelfth Street, N.W.
                        Washington, DC 20005
                        Telephone: (202) 434-5000
                        Facsimile: (202) 434-5029

                        *Counsel for Defendants*

Dated: May 29, 2018