# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE,**<br><br>**Plaintiffs,**<br>v.<br>**CVS CAREMARK CORP., CVS CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and SILVERSCRIPT INSURANCE COMPANY,**<br><br>**Defendants.** | No. 14-cv-0824 (MSG) |

## MOTION FOR PROTECTIVE ORDER REQUIRING THE RETURN AND PROTECTION OF ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL PROPRIETARY DOCUMENTS AND INFORMATION, AND REDACTION OF PORTIONS OF THE COMPLAINT CONTAINING INFORMATION TAKEN FROM THESE DOCUMENTS

Pursuant to the Court's inherent equitable powers and consistent with the Court's instructions at an on-the-record conference on May 31, 2018 (followed by the Court's Order dated June 4, 2018) non-party Aetna Inc. ("Aetna") hereby moves this Court for a protective order requiring that Plaintiff and her counsel:

(1) return and deliver to counsel for Aetna all records taken by Plaintiff from and through her employment with Aetna, and destroy all copies of any and all such records, which have been retained by Plaintiff and her counsel for over four (4) years until only recently discovered by Aetna;

(2) by Declaration and under penalties of perjury (a) state and certify that all such records in their possession have been return, and that any and all copies (electronic or otherwise) have been destroyed; and (b) provide and certify an accounting identifying each person to whom Plaintiff or her counsel has provided Aetna's records and information;

(3) refrain from using Aetna's privileged and confidential records and information ;

(4) redact certain portions of the Complaint containing references to Aetna's privileged and confidential information.

Plaintiff and her counsel have refused to return and destroy all copies of Aetna's records, despite Aetna's reasonable request that they do so without prejudice to Plaintiff later subpoenaing the documents – a solution that would cause no harm or prejudice to any parties, would preserve and protect all parties' rights, and importantly, would serve to protect the fundamental rights of non-party Aetna.

Granting this reasonable relief would also serve to protect the fundamental rights of fairness and due process provided in Rule 45, by affording the parties and non-party Aetna to the well-established process under the Federal Rules for adjudicating the respective interests of parties and non-parties in discovery of evidence claimed to be relevant to this case.

In support of this motion, Aetna relies on the accompanying Memorandum of Law.[1]

                                      Respectfully submitted,

                                      */s/ Frederick P. Santarelli*
                                      FREDERICK P. SANTARELLI
                                      THOMAS J. ELLIOTT
                                      ELLIOTT GREENLEAF, P.C.
                                      925 Harvest Drive, Suite 300
                                      Blue Bell, PA 19422
                                      fpsantarelli@elliottgreenleaf.com
                                      txe@elliottgreenleaf.com
                                      (215) 977-1000

---

[1] Consistent with the Court's instructions provided during the on-the-record telephone conference held on May 31, 2018 with counsel for non-party Aetna and counsel for Relator Sarah Behnke, this motion does not constitute any waiver of attorney-client privilege, work-product privilege, or any other privilege. Also consistent with the Court's instructions, Aetna need not disclose any details of the dispute giving rise to this motion, and its related internal attorney-client privileged investigation into the loss of its information, for purposes of seeking the limited protective relief herein.

|  |  |
|---|---|
| Dated: June 12, 2018 | ERIC W. SITARCHUK<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>eric.sitarchuk@morganlewis.com<br>(215) 963-4850 |

*Counsel for Aetna Inc.*