IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel.
SARAH BEHNKE,

                              Plaintiffs,

    v.

CVS CAREMARK CORP., CVS
CAREMARK Rx, LLC (f/k/a CAREMARK
Rx, INC.), CAREMARKPCS HEALTH LLC,
and SILVERSCRIPT INSURANCE
COMPANY,

                              Defendants.

Civil Action No. 14-cv-00824 (MSG)

## STIPULATED PROTECTIVE ORDER

Whereas, Relator Sarah Behnke ("Relator") and Defendants CVS Caremark Corp. (n/k/a

CVS Health Corporation), Caremark Rx, L.L.C. (f/k/a Caremark Rx, Inc.),[1]  CaremarkPCS

Health, L.L.C., and SilverScript Insurance Company (collectively "Defendants,"[2] and

collectively with Relator, "the Parties") seek to expedite the exchange of relevant information

while protecting the confidentiality of certain information, in whatever form given or produced,

in the above-captioned action;

Whereas, the scope of discovery in this case, under Federal Rule of Civil Procedure

26(b), may extend to material that contains or relates to non-public commercial, financial, or

personal information, including but not limited to personal health information concerning

---

[1] The Complaint names this party as CVS Caremark Rx, L.L.C. (f/k/a Caremark Rx. Inc.).

[2] On August 3, 2018, Defendants moved to dismiss the Complaint filed by Relator on February 6, 2014.  The Parties agree that Defendants' agreement to the terms of this Stipulated Protective Order and performance thereof shall not constitute waiver of any defenses or arguments presented within that motion or within any future motion to dismiss any amended complaint.

Medicare beneficiaries and competitively sensitive information concerning Defendants and third-parties;

Whereas, the Parties agree that there exists good cause to protect and preserve confidential information exchanged in discovery;

Whereas, the Parties agree the mandates of *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), are applicable; and

Whereas, the Parties have stipulated and agreed to the terms hereof, and jointly moved this Court pursuant to Federal Rule of Civil Procedure 26(c), the Court's inherent power, and Federal Rule of Evidence 502(d) for entry of the following Order;

IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Order shall govern the production and exchange of all documents, tangible things, deposition testimony, interrogatory answers, responses to requests for admissions, written responses to requests for production of documents, and other information (collectively "Discovery Material") produced, disclosed, given, or exchanged by the parties and/or third-parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action.  Persons who are not parties to this action, but who are required to produce documents or provide testimony in response to a subpoena in connection with this action, shall be entitled to invoke the provisions of this Order as if such non-party were a party to this action.

2.     This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including,

2

specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

      3.     A Producing Party shall have the right to designate as "Confidential Material" and subject to this Order any Discovery Material, or portion thereof, that the Producing Party believes in good faith to contain trade secrets, non-public financially sensitive information, non-public commercially sensitive information, proprietary information, Protected Health Information ("PHI") as defined in 45 C.F.R. § 160.103 or any other information protected from disclosure by the Privacy and Security Rules, or information in which any non-party has a reasonable expectation of privacy and/or protected from disclosure pursuant to any statutory, regulatory, or contractual protection. Other than material or information that constitutes trade secrets, Protected Health Information or any other information protected from disclosure by the Privacy and Security Rules or contractual terms, regulation or statute, a Producing Party that designates material that is more than five (5) years old at the time of production as Confidential Material must have made a good-faith determination on a document by document basis that the designated document or information qualifies for protection under FRCP 26(c); provided, however, that the foregoing requirement shall not apply to materials previously produced by Defendants to the Department of Justice during the Department's investigation of this case, and that otherwise the Parties have not agreed and this Order does not address whether the foregoing requirement shall apply to materials a Producing Party previously produced outside this litigation and designated as confidential in connection with the original production if a Producing Party

becomes obligated to reproduce such materials in this litigation. Material designated by a

Producing Party shall be treated as confidential, as described below, unless and until Court issues

an order concerning that material.

    4.    "Confidential Material" shall be designated by the Producing Party by causing

"CONFIDENTIAL," "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or a similar

legend to appear on the Discovery Material.

    a.    Portions of depositions that constitute Confidential Material may be designated

either (a) orally on the record or (b) by written notice to the Parties and those who

were present at the deposition. Upon oral designation, the Court Reporter shall

cause "CONFIDENTIAL," "CONFIDENTIAL—SUBJECT TO PROTECTIVE

ORDER," or a similar legend to appear prominently on the cover of any transcript

prepared thereof. Unless otherwise agreed, depositions will be treated as if

designated Confidential Material until thirty (30) days after receipt of an original

deposition transcript,[3] which period may be extended by agreement of the parties

("Notification Date"). On or before the Notification Date, the Party seeking

confidential treatment shall identify which portions of the deposition are being

designated as confidential. If there has been no written notification by the

Notification Date, the third sentence of this paragraph requiring confidential

treatment of the entire transcript on a temporary basis shall no longer apply to the

deposition. Upon designation by written notice, each Party shall cause the legend

---

    [3] For avoidance of doubt, a "rough" transcript shall not qualify as an "original deposition transcript" for purposes of this Paragraph.

to appear on any copies of the transcript in its custody or control if such a legend

is not already present.

   b.   Any Discovery Material or portion thereof marked in accordance with this

   paragraph shall constitute "Confidential Material" for purposes of this Order,

   except as otherwise determined by the Court or the parties in accordance with

   Paragraph 8 of this Order.

5.   All Confidential Material shall be used by the Receiving Parties solely for

purposes of the prosecution or defense of this action, shall not be used by any Receiving Party

for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed

by any Receiving Party to anyone other than as expressly provided herein.

6.   Unless otherwise ordered by the Court or permitted in writing by the Producing

Party, a Receiving Party may disclose Confidential Material only to:

   a.   The Court, court reporters, videographers, and their staff members;

   b.   Any jury empaneled to hear this case;

   c.   Any other tribunal or dispute resolution officers duly appointed or

   assigned in connection with this case, and their staff members working on this

   case;

   d.   The Receiving Party's counsel, as well as their support staff and

   contracted messenger, copy, coding, discovery support, and other clerical-services

   providers, all of whom shall be subject to the terms of this protective order

   regardless of whether they have personally appeared in this action;

   e.   Vendors retained by or for the Receiving Party or its counsel to assist in

   pretrial discovery, trial, and/or hearings, including without limitation court

reporters, videographers, litigation support personnel, discovery support providers, individuals to prepare demonstrative or audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff members working on this action, all of whom shall be provided a copy of this protective order upon being retained and shall be subject to its terms;

f.      Independent experts or consultants retained by the Receiving Party for purposes of this case, provided they have signed Exhibit A, and their staff members working on this case;

g.      The Receiving Party's employees who are attorneys working as attorneys in connection with this case, as well as their support staff;

h.      The Receiving Party's officers, directors, employees and former employees who are not attorneys or working as attorneys, but only to the extent such employees or former employees reasonably require access to the Confidential Material for assisting in the litigation;

i.      Persons who are identified in the Confidential Material as having previously seen or had access to the material;

j.      Deponents and their counsel, who shall be provided a copy of this protective order if subpoenaed to appear for a deposition in connection with this matter and shall be subject to its terms with respect to any Confidential Material shown them during their deposition;

k.      Any persons retained by a Receiving Party to serve on a "mock jury" or similar position, provided they have signed Exhibit A;  and

6

l.    Any mediators or settlement officers, mutually agreed upon by the parties engaged in settlement discussions, and their staff members working on this action.

7.    This Order does not restrict a Receiving Party from disclosing Confidential Material during trial or at any hearing.  However, prior to disclosing Confidential Material during trial or at any hearing, a Receiving Party shall make a good faith effort to notify the Producing Party in advance so as to afford the Producing Party an opportunity to seek such further relief from the Court as may be appropriate.

8.    This Order does not restrict a Receiving Party from disclosing Confidential Material in a motion, declaration, affidavit, brief, memoranda of law, or any other document filed with the Court.  However, prior to disclosing Confidential Material in any document filed with the Court, a Receiving Party shall make a good faith effort to provide the Producing Party written notice by email of the Confidential Material it intends to file or disclose in a filing.  If the Receiving Party concludes in good faith that it is not possible to provide such notice in advance, the Receiving Party shall provisionally file any Confidential Material and any document disclosing Confidential Material under seal pursuant to Local Rule 5.1.5(a)(2) pursuant to subparagraph (b) below.

a.    If written notice was provided to a Producing Party, the parties shall make best efforts to meet and confer regarding whether such Confidential Material may be filed publicly in full or in redacted or excerpted form.  Absent such agreement by the Producing Party, the Receiving Party shall provisionally file any Confidential Material and any document disclosing Confidential Material under seal pursuant to Local Rule 5.1.5(a)(2) pursuant to subparagraph (b) below.

7

b.  Within fourteen days of a Receiving Party provisionally filing Confidential

Material under seal in accordance with this Paragraph, or, with respect to

contested motions, within the later of fourteen days of the filing of an

opposition brief or fourteen days after the filing of a permitted reply brief, the

Producing Party shall file a motion to continue the seal pursuant to Local Rule

5.1.5(a)(2) (including therewith appropriately redacted copies suitable for

public filing if applicable) or the seal will be lifted.

9.       If counsel for a Receiving Party objects to the designation of any Discovery

Material, or portion thereof, as Confidential Material, the following procedure shall apply:

a.       Counsel for the Receiving Party shall serve on the Producing Party a

written notice identifying the Discovery Material to which the Receiving Party

objects being designated as Confidential Material.    Counsel shall then confer in

good faith in an effort to resolve the dispute.  If the Receiving Party deems the

negotiations to be concluded without resolution, the Receiving Party shall provide

written notice to the Producing Party that the disputed designation cannot be

resolved by agreement.

b.       Within fourteen (14) days of receiving written notice from a Receiving

Party that a disputed designation cannot be resolved by agreement, the Producing

Party shall present the dispute to the Court through correspondence and the

subsequent scheduling of a telephone conference, in accordance with the Court's

Policies and Procedures, before filing a formal motion, or the Discovery Material

subject to the disputed designation shall no longer constitute Confidential

Material for purposes of this Order.  The party asserting the designation bears the

8

burden of proving that the Discovery Material, or portion thereof, at issue should

be designated as Confidential Material. The Discovery Material, or portion

thereof, at issue shall be treated as originally designated pending resolution of the

dispute.

10.     No party shall be obligated to challenge the propriety of any individual

designation, and failure to do so promptly shall not preclude any subsequent objection to such

designation or a motion to seek a determination as to the propriety of such designation or to

otherwise modify the provisions of this Order.  A Receiving Party's failure to object or decision

not to object to a Producing Party's designation of any Discovery Material or portion thereof as

Confidential Material shall not be deemed a concession or admission that such Discovery

Material or portion thereof meets the requirements defined herein.

11.     In the event that the Court denies confidential treatment to any Discovery

Materials that had either been designated as Confidential Material or the subject of a motion for

protection, those Discovery Materials shall cease to be considered Confidential Material.  Upon

request of the Receiving Party, the Producing Party shall promptly produce clean, non-legend

copies of those Discovery Materials, with the same Bates or identifying numbers thereon.

12.     Within sixty (60) days after the final termination of this action, including

completion of all post-judgment discovery and all appeals, all Confidential Material, all copies of

such Confidential Material, and all excerpts, summaries, abstracts, or compilations thereof other

than the work product of the parties' counsel, shall be returned to the Producing Parties.  As an

alternative to returning Confidential Material, a party may destroy all such material and certify

that all Confidential Material has been destroyed.  Notwithstanding the foregoing provisions,

counsel for the parties may maintain in their files one copy of each pleading, motion, brief,

9

deposition transcript, or other paper filed with the Court along with an index of such Court papers.  Additionally, all notes, memoranda, summaries, or other materials setting forth, summarizing, or paraphrasing Confidential Material shall be destroyed, except that counsel of record for the parties and counsel for the parties' insurance carriers may maintain attorney work product such as summaries or abstracts of discovery materials that contain counsel's mental impressions or opinions subject to the terms of this Order.  Notwithstanding the foregoing, any portions of back-up tapes or other archival material containing Confidential Material should be destroyed in accordance with standard retention policies.  Any Confidential Material retained pursuant to this paragraph will remain subject to the terms of this Order until it is returned or destroyed.

13.     The parties may be required to identify a large volume of documents and other materials to be retrieved, collected, reviewed, and made available for review and copying by the opposing party.  In order to preserve the rights of all parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502(d), the Court hereby orders:

a.      Prior to producing Discovery Material, a party shall make best efforts to identify and withhold from production all information that it deems subject to a claim of the attorney-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, the joint defense privilege, or any other applicable privilege, protection, or immunity ("Privileged Information").

b.      If Privileged Information is inadvertently or mistakenly disclosed or produced after the Producing Party took reasonable steps to prevent disclosure (hereinafter referred to as "inadvertently disclosed information"), such disclosure

10

or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of the attorney-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, the joint defense privilege, or any other applicable privilege, protection, or immunity for such information and its subject matter. In accordance with Federal Rule of Evidence 502(d), this non-waiver order applies in this litigation and any other federal or state proceeding.

c.       In the event that a Receiving Party discovers that a Producing Party has produced information that clearly appears to have been inadvertently produced and that bears clear indicia of being Privileged Information, the Receiving Party shall promptly so notify the Producing Party through its counsel. The Parties shall make best efforts to meet and confer regarding the status of the information.

d.       If the Producing Party asserts that information it has produced was inadvertently disclosed and is subject to a claim that it constitutes Privileged Information, the Producing Party may provide written notice to any Receiving Party that the production was inadvertent (pursuant to FRE 502(b)) and the nature of the privilege claim and the basis for it. Upon receipt of such written notice, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. In complying with the

requirements of this paragraph, the Receiving Party is not conceding in any manner that the information was inadvertently produced, pursuant to FRE 502, or that the information is entitled to any claimed privilege.

e.     No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege, or other protection that the Producing Party had or may have had in this or any other action.  In thereafter seeking production of the inadvertently disclosed information, no Receiving Party shall assert waiver or estoppel as a ground for such production.  Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for any Receiving Party's disqualification.

14.     This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15.     Any written notification required under this Order may be satisfied by email addressed to counsel of record.

16.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

12

BERGER & MONTAGUE, P.C.

WILLIAMS & CONNOLLY LLP

*/s/ Susan Schneider Thomas*
Susan Schneider Thomas (PA 32799)
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)875-5711
Email: sthomas@bm.net

*/s Craig D. Singer*
Craig D. Singer (PA ID No. 71394)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Relator*

*Counsel for Defendants*

Dated:  October 4, 2018


IT IS SO ORDERED.


_____
HON. MITCHELL S. GOLDBERG
UNITED STATES DISTRICT JUDGE

Dated:  5|13|19

13

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE, |
| Plaintiffs, |
| *v.* |
| CVS CAREMARK CORP., CVS CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and SILVERSCRIPT INSURANCE COMPANY, |
| Defendants. |

Civil Action No. 14-cv-00824 (MSG)

**CERTIFICATE OF CONSENT TO BE BOUND BY**
**STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulated Protective Order executed by the attorneys of record for the parties and entered by the Court in the above-captioned action ("Order"), understand the terms of the Order, and agree to be bound by such terms.

I will hold in confidence and not disclose to anyone not authorized under the Order any Confidential Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential Material disclosed to me for any purpose not authorized under the Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential Material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Confidential Materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Material to me. As an alternative to returning

Confidential Material, I will destroy all such materials and certify that all Confidential Material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.  I understand that violation of the Order may be punishable by contempt of Court.

DATED:_____

_____
Signature

_____
Printed Name

_____
Address

_____

City, State, Zip Code

2