

SUSAN SCHNEIDER THOMAS / *OF COUNSEL*
**p.** 215.875.5711 | sthomas@bm.net

April 29, 2020

<u>**VIA ECF**</u>

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 7614
Philadelphia, PA 19106

      Re: <u>UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE, vs. CVS CAREMARK CORPORATION, et al.   Civil Action Number 14-cv-00824</u>

Dear Judge Goldberg:

    Pursuant to this Court's directive in its September 2017 Policies and Procedures, Plaintiff-Relator, Sarah Behnke ("Relator") submits this letter stating the basis for her Request for Clarification and requesting, at the Court's discretion, a pre-motion conference. Relator respectfully seeks clarification from the Court as to the holding set forth in footnote 10 of the April 23, 2020 Opinion on Defendants' Motion to Dismiss (Dkt. 78), regarding the permissible time scope of the allowed claims. For ease of reference, the pertinent part of the footnote reads as follows:

> … Relator does not oppose the dismissal of all allegations prior to 2010 and concedes that all allegations relating to reimbursement claims submitted through Aetna do not pre-date 2011. (Pl.'s Opp., ECF No. 54, at 30 n.11; Pl.'s Sur-Reply, ECF No. 60, 10.) *However, Relator points out that reimbursement claims submitted **through other Part D plans, such as SilverScript**, date back to 2010.* Based on Relator's concessions, I dismiss all claims prior to January 1, 2011 as to the Caremark Defendants and dismiss all claims prior to January 1, 2010 as to SilverScript.  Dkt. 78 at footnote 10 (emphasis added).

April 29, 2020
Page 2 of 2



      Consistent with the remainder of the Opinion, which appears to only dismiss SilverScript as a named defendant on *scienter* grounds, but not to dismiss the reimbursement claims that Caremark caused to be submitted through SilverScript, and following on the italicized language in this footnote referencing the submission of claims by Caremark through SilverScript, we believe that the final sentence should be revised as follows:  Based on Relator's concessions, I dismiss all claims as to the Caremark Defendants related to Aetna beneficiaries prior to January 1, 2011 and dismiss all claims as to the Caremark Defendants related to SilverScript beneficiaries prior to January 1, 2010.

      We believe that is the intended and correct outcome, but we could anticipate Caremark arguing for a different reading.  We could amend to support that outcome, if needed, but wish to avoid muddying the waters if, as we believe, those "caused to be submitted" claims against Caremark for claims for both Aetna and SilverScript beneficiaries have already been sustained.  Also, Your Honor granted leave to amend to cure deficiencies, and we do not believe that Relator's Complaint was found to be deficient in that regard.  In the event that Caremark argues for a different reading, however, and refuses to provide discovery or argues down the road contrary to our interpretation, we do not want to find ourselves out of time to amend.

      Respectfully, Relator seeks clarification of the language in footnote 10 so that an appropriate decision can be made regarding a possible amendment of her Complaint and so that this possible argument by the Caremark defendants does not lead to delays or additional motions to this Court in discovery or other proceedings.

      Thank you very much for your consideration of this request.

Respectfully submitted,

      */s/ Susan Schneider Thomas*
      Susan Schneider Thomas

**CERTIFICATE OF SERVICE**

      I, Susan Schneider Thomas, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 29, 2020.