

SUSAN SCHNEIDER THOMAS / *OF COUNSEL*
**p.** 215.875.5711 | sthomas@bm.net

November 30, 2020

**VIA ECF**

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov

      Re:    *UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE vs.*
             *CVS CAREMARK CORPORATION, et al., CA No. 14-cv-00824*

Dear Judge Goldberg,

Pursuant to the Court's Policies and Procedures, Plaintiff-Relator Sarah Behnke ("Relator") respectfully submits this letter regarding a discovery dispute between the parties. The dispute, which the parties have been unable to resolve after multiple meet-and-confer sessions, concerns the CVS Caremark defendants' ("Caremark's") objection to producing in full documents relating to its submission of claims to CMS on behalf of beneficiaries of SilverScript, a wholly-owned subsidiary of Caremark and a Medicare Part D Plan Sponsor, for which a Caremark entity was the Pharmacy Benefit Manager ("PBM"). Along with this letter and the related Certification pursuant to Rule 26.1, Relator respectfully submits a proposed order for the Court's consideration requiring Caremark to produce responsive documents pursuant to enumerated requests in the order relating to claims it submitted for payment by CMS on behalf of SilverScript beneficiaries to the extent those documents are not appropriately withheld based on a specific and valid objection.

**Background Regarding this Lawsuit**

This action, filed in 2014, concerns allegations under the False Claims Act that Caremark, a PBM for Medicare Part D plans, submitted or caused to be submitted to CMS on behalf of those plans inflated claims for reimbursement for drugs despite CMS's express requirement that such claims be submitted at the prices that were actually paid for the drugs to the dispensing pharmacies by the PBMs. Relator, who was formerly Head Actuary, Medicare Part D for Aetna Life Ins. Co. ("Aetna"), which was a major Part D plan client of Caremark, alleges that Caremark submitted or caused to be submitted claims for reimbursement for drugs at higher prices than it actually paid to the dispensing pharmacies.

November 30, 2020
Page 2 of 3



**The Discovery Dispute Concerns Documents Relating to Claims Submitted or Caused to be Submitted to CMS by Caremark for SilverScript Beneficiaries**

On September 4, 2020, Relator served Plaintiff's Second Request for Production of Documents ("Relator's 2nd RFPs"), requesting, among other things, information regarding claims for reimbursement for drugs submitted or caused to be submitted by Caremark on behalf of beneficiaries of SilverScript and Aetna.  In its responses, Caremark indicated that it will impose limits, sometimes undelineated, as to information it will produce relating to SilverScript.  For example, in response to Relator's request regarding data submissions to CMS for SilverScript, Caremark responded that it will not produce any documents prepared by SilverScript.  Letter dated November 15, 2020 from Daniel Dockery to Natalie Finkelman Bennett, re Req. No. 9.  Even with respect to Caremark documents, Caremark stated that it is willing to produce Caremark documents relating to SilverScript only "to the extent doing so remains proportionate to the needs of the case."  *Id.*, re Req. No. 11.  Similarly, throughout the multiple meet and confer sessions and letters, Caremark states that its production of documents will be based on its position that "discovery should mostly concern Aetna." [1]

Caremark's position is based on a mistaken premise that claims submitted or caused to be submitted by Caremark on behalf of SilverScript beneficiaries, rather than Aetna beneficiaries, are of only limited significance to this case.  This premise is based on the facts that SilverScript was dismissed from the case as a named defendant by the Court and that much of the detail in Relator's Complaint (and Amended Complaint) addresses conduct by Caremark with respect to Aetna beneficiaries.

Caremark's premise is mistaken because the Court did not dismiss Relator's claims for damages resulting from claims for reimbursement submitted by or caused to be submitted *by Caremark* to CMS for beneficiaries of SilverScript.  Indeed, such claims are integral to this case.  As the Court held, although the detailed factual allegations of the Complaint focus primarily on Caremark's conduct with respect to Aetna beneficiaries, the fraudulent scheme alleged by Relator is not limited to claims on behalf of Aetna beneficiaries. The Court's limited holding with respect to SilverScript was that Relator was unable to plead sufficient allegations of *scienter* with respect to SilverScript, hence SilverScript was dismissed as a named defendant.

Plainly, the Court did not dismiss Relator's claims *against Caremark* with respect to reimbursement claims submitted by or caused to be submitted by Caremark on behalf of SilverScript beneficiaries, nor had Caremark even sought that relief.  In the Order dated June 2, 2020 (ECF #85), in response to a

---

[1] The Caremark defendants have not raised an objection that documents prepared by or maintained by SilverScript are not within their possession, custody or control, other than in boilerplate General Objections.  At no point since that initial service of Objections and Responses has Caremark said that it will not respond due to a possession, custody or control issue.  Accordingly, Relator has limited her discussion to the relevancy and "proportionality" arguments that Caremark asserts.



request for clarification of the initial order on Caremark's motion to dismiss (ECF #78), the Court specifically referred to Relator's allegations "regarding claims submitted by the Caremark Defendants on behalf of SilverScript beneficiaries."  The Court held that such claims against the Caremark defendants were dismissed by its initial Order *only* with respect to claims submitted prior to January 1, 2010.[2]  Dismissing SilverScript as a named defendant did not dismiss the claims for reimbursement that Caremark submitted or caused to be submitted on behalf of SilverScript beneficiaries any more than Relator's decision not to name Aetna as a defendant meant that she had not pled viable claims against Caremark for its submission of claims for reimbursement for Aetna beneficiaries.

**Relator's Proposed Order Regarding the Discovery Dispute**

After a number of meet-and-confer sessions, the parties have been unable to reach a compromise on the issue of production of documents relating to claims submitted or caused to be submitted by Caremark to CMS with respect to SilverScript beneficiaries.  *See* Relator's Rule 26.1 Certification. Caremark has categorically refused to produce large numbers of plainly relevant documents, such as SilverScript's data submissions to CMS concerning the specific alleged price reporting violations, and has indicated that it will produce other documents concerning SilverScript, if at all, only to the extent that it considers SilverScript discovery to be "proportionate to the needs of the case."  *Id.* Accordingly, as Relator informed Caremark on November 20, 2020, in its last letter regarding this and other discovery issues, we are bringing this issue to the Court for assistance with its resolution.

Attached is a proposed order for the Court's consideration requiring Caremark to produce responsive documents relating to claims it submitted for payment by CMS on behalf of SilverScript beneficiaries to the extent those documents are responsive to document requests enumerated in the proposed order and are not appropriately withheld based on a specific, valid objection to production.

Thank you for your consideration of our request.

                                              Respectfully submitted,

                                              */s/ Susan Schneider Thomas*
                                              Susan Schneider Thomas

cc:    Enu A. Mainigi
       Holly M. Conley
       Daniel M. Dockery
       Allie Pang
       Gerald B. Sullivan

---

[2] The ruling regarding the start of the time period was necessary because of a typographical error in Relator's Complaint that referred to claims dating back to 2007.