LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL M. DOCKERY
(202) 434-5698
ddockery@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 7, 2020

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov

Re:   *U.S. ex rel. Behnke v. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

Relator's letter is unfounded and unnecessary.  Relator challenges two different objections raised by Caremark that implicate very different obligations on its part: (1) an objection to producing certain documents created by, and in the possession, custody, or control of, non-party SilverScript Insurance Company ("SilverScript"); and (2) an objection regarding proportionality as to documents created by Caremark relating to the pharmacy benefit management ("PBM") services that Caremark provided to SilverScript.  Neither category presents a ripe dispute requiring the Court's intervention.

As to the first objection, Caremark has refused to produce a single category of documents prepared ***by SilverScript about SilverScript***.  If Relator wants to obtain documents in the possession, custody, and control of SilverScript, Relator should do so by serving a Rule 45 subpoena on SilverScript.  A motion to compel against Caremark is both misdirected and premature.

As to the second objection, Caremark has objected to searching for and producing certain documents relating to the PBM services it provided to SilverScript only to the extent that doing so would be disproportionate.  But Caremark has ***not*** categorically refused to provide such discovery.  To the contrary, Caremark has affirmatively proposed search terms that are intended to capture responsive documents relating to SilverScript.  The parties' meet-and-confer process in that regard is still ongoing.  If the parties are unable to reach agreement and a concrete dispute comes before the Court regarding how extensive a search Caremark should undertake for SilverScript-related documents, then at that point it will be appropriate for the Court to take into account that the overwhelming majority of the allegations in the Complaint concern Caremark's alleged conduct in connection with ***Aetna***—not SilverScript.  Relator's request that the Court rewrite Federal Rule 26 to permit Relator unrestricted discovery relating to only nine paragraphs

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
December 7, 2020
Page 2

of allegations in her Second Amended Complaint is not only improper but also unnecessary, as Relator has not identified any documents that would not be produced under Caremark's proposed approach. Relator's motion should be denied.

### A. Relator Can Obtain Documents Prepared by SilverScript by Serving a Rule 45 Subpoena

Relator objects to Caremark's refusal to produce documents specifically prepared by SilverScript, implying that Relator has no other means to obtain discovery about claims that are "integral to this case." Rel.'s Ltr. Mot. at 2. Not so.

Throughout this litigation, Relator has acknowledged that SilverScript, a Medicare Part D Plan sponsor, is a ***separate corporate entity*** from the Defendants that provide pharmacy benefit management services. Relator alleged ***separate claims*** against SilverScript, which have since been dismissed, and defined Caremark and SilverScript as ***separate entities*** in the first paragraph of her Complaint.[1] Relator maintained that distinction in the Second Set of Requests for Production: defining "Caremark or CVSCM" to include only the Caremark subsidiaries "that provided PBM services," while defining "SilverScript or SSI" separately to include only "SilverScript Insurance Company." In responding to Relator's requests, Caremark made clear that it would not produce documents outside the possession, custody, or control of the entities ***that provided PBM services***. SilverScript does not provide PBM services, so it should have come as no surprise to Relator that Caremark refused to produce documents prepared by SilverScript about itself. Caremark's position tracks how Relator herself has treated SilverScript throughout this litigation.

Yet Relator now asks the Court to ignore the fact that Caremark and SilverScript are separate companies and force Caremark to produce SilverScript's documents. Such relief would be inappropriate, and it is wholly unnecessary. If Relator wants to obtain documents prepared by SilverScript, Relator should make a proper request by serving SilverScript with a Rule 45 subpoena (just as it has with another wholly-owned subsidiary of Caremark: Aetna).

### B. Caremark Has Agreed to Produce Responsive Documents Within Caremark's Possession, Custody, or Control Relating to SilverScript.

Relator's proposed order would rewrite Rule 26 to allow her to obtain limitless discovery relating to SilverScript, regardless of the burden on Caremark or the importance of the discovery to the needs of the case. This request is patently inappropriate on its face, but even more so here, because Caremark has already agreed to search for documents in its possession, custody, or

---

[1] *See* First Am. Compl., ¶ 1 (defining "Caremark" to include CVS Caremark Corporation, Caremark Rx, L.L.C., Caremark Rx, Inc., and Caremark PCS Health L.L.C., while separately defining "SilverScript" to include only SilverScript Insurance Company).

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
December 7, 2020
Page 3

control that are responsive to Relator's request, and Relator has not identified a single piece of discovery that she believes she is entitled to that Caremark has not already agreed to produce.

Caremark's agreement to provide discovery that is "proportional to the needs of the case" – and its objection to doing more than that – is consistent with both the plain language of Federal Rule 26 and the case law relating to False Claims Act discovery, which uniformly recognizes that "discovery in qui tam actions must be limited and tailored to the specificity of the complaint." *United States ex rel. Bane v. Breathe Easy Pulmonary Servs.*, No. 8:06-CV-40-T-24MAP, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2008). Relator's allegations focus on Aetna, not SilverScript. The alleged scheme described by Relator involves specific conversations between Caremark and Aetna, Relator's "investigation" of Aetna's prices, and specific provisions of Caremark's contract with Aetna. Relator's allegations relating to SilverScript, by contrast, constitute only nine paragraphs in the operative complaint, 2d. Am. Compl. ¶¶ 129–137, and are based solely on "information and belief," not any actual personal knowledge of Relator. Caremark's proportionality objection reflects the common-sense position that, in light of the complaint's emphasis on conduct relating to Aetna, Caremark will produce more extensive discovery relating to Aetna than to SilverScript.

Relator acknowledges that Caremark is "willing to produce documents relating to SilverScript," but "only 'to the extent doing so remains proportionate to the needs of the case.'" Rel.'s Mot. at 2 (quoting a November 15 letter from Caremark, attached as Exhibit A). Relator, however, selectively omits Caremark's offer to identify documents responsive to her request:

> As we have discussed with you, we are willing to produce Caremark documents relating to SilverScript, including in response to this Request [No. 11], to the extent doing so remains proportionate to the needs of the case. To that end, we have offered to include search terms that would capture documents responsive to this Request to the extent such document[s] reference SilverScript.

Ex. A at 6 (responding to Request No. 11). Using search terms to identify potentially responsive documents is standard practice in review of electronically stored information, and Relator does not contend in her letter motion that Caremark's search-term proposal would be insufficient, or that there is additional discovery she believes she is entitled to that Caremark has not already agreed to produce. If Relator believes that Caremark's specific proposals for identifying SilverScript-related documents within Caremark's possession, custody, or control are insufficient, Caremark remains willing to meet and confer on that issue as part of the parties' ongoing discussion of search terms.

Relator's letter motion and proposed order should be denied. None of Caremark's responses and objections have denied Relator access to discovery relating to SilverScript, and Relator can obtain documents from SilverScript directly by serving a Rule 45 subpoena.

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
December 7, 2020
Page 4

                                            Sincerely,

                                            */s/ Daniel M. Dockery*
                                            Daniel M. Dockery