IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* SARAH BEHNKE,<br><br>          **Plaintiff-Relator,**<br><br>    v.<br><br>CVS CAREMARK<br>CORPORATION, *et al.*,<br><br>          **Defendants.** | Civil Action No. 2:14-cv-00824 MSG |

**JOINT STATUS REPORT**

Pursuant to this Court's Order entered on September 1, 2020, Dkt. No. 97, the parties hereby jointly submit this status report regarding the status of discovery.

Matters agreed upon by the parties are set forth below in standard font. Positions of only one party are clearly identified as such.

**I.    PARTY DISCOVERY**

Both parties have served requests for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

    A.    <u>Discovery directed to Defendants</u>

Pursuant to a Stipulation between the Parties, Defendants produced to Relator in May 2019 all documents Defendants had previously provided to the Government during the course of the Government's investigation related to this matter, in response to a CID that the Government issued on October 15, 2015. Defendants' production included 15,688 documents (inclusive of native data files) comprising 189,855 pages (counting native data files as each a single page).

1

On May 21, 2020, following the acquisition of Aetna by CVS Health, Relator served a First Request for the Production of Documents ("Relators First RFP") on Defendants. These requests were substantively identical to requests Relator had included in her August 2018 subpoena to Aetna, to which Aetna had objected and had refused to produce any responsive discovery, as discussed *supra* at II.A. Defendants served objections to Relator's First RFP on June 22, 2020. Aetna is responding to the August 2018 subpoena on its own behalf as discussed *supra* at II.A**.**

On September 4, 2020, Relator served a Second Request for Production of Documents ("Relator's Second RFP") on Defendants. Defendants served responses and objections to Relator's Second RFP on October 7, 2020. The parties subsequently exchanged correspondence and have met and conferred regarding disputed objections, custodians, and search terms.

The parties have reached agreement as to numerous custodians and search terms, and are continuing to meet and confer as to others. Based upon the agreed custodians and search terms, Defendants have commenced review and production of custodial e-mail and made an initial production of e-mail on December 18, 2020.[1] The total pages produced on December 18, 2020 was 1413 pages, and also included reconciliations.

Some of the documents called for by Relator's Second RFP were previously produced to the Government, and then reproduced to Relator in May 2019. On December 11, 2020, the Defendants produced 53 contract documents supplementing those previously produced to the Government. On December 18, 2020, Defendants produced guarantee reconciliation documents supplementing those previously produced to the Government.

Defendants will continue producing documents in response to Relator's Second RFP on a rolling basis.

---

[1] ***Relator's Additional Position:*** Because defendants have begun the email production prior to the parties' reaching a complete agreement on search terms and custodians, Relator reserves the right to seek the use of additional custodians and search terms.

On November 6, 2020, Relator served a Third Request for Production of Documents ("Relator's Third RFP") on Defendants. Defendants served objections to Relator's Third RFP on December 2, 2020. The parties subsequently exchanged correspondence and have met and conferred regarding Defendants' objections. These discussions are ongoing.

Caremark will inform Relator no later than December 31, 2020 whether it will rely on an advice of counsel defense.

*Relator's Additional Position*:

Immediately following the Rule 16 conference on August 31, 2020, Relator served discovery requests on Caremark. Since that time, Relator has pushed for and participated in many meet-and-confer sessions regarding those requests, and sent multiple detailed letters and emails regarding the meet-and-confer agreements and disputes. However, defendants failed to produce a single document in response to Relator's post-Rule 16 conference discovery requests until December 11, 2020, and, even then, produced only 53 documents.[2] Relator has repeatedly raised concerns about defendants' extensive and improper objections, sought compliance with the ESI Protocol in terms of search terms and identification by Caremark of non-custodial repositories of documents, and requested prompt production of documents, such as contracts and pharmacy reconciliations, that Relator believes can be produced by defendants without the use of search terms.[3]

Relator acknowledges that a substantial production of documents was made through

---

[2] The 53 documents produced on December 11th were contracts, which documents Defendants agreed did not require the use of search terms. An additional 1413 pages were produced on Friday evening, December 18th.

[3] Relator is processing the documents defendants produced on the evening of December 18, 2020 and cannot comment on the completeness of the production. Based on defendants' prior objections, however, Relator does not believe that drafts of reconciliations, internal Caremark versions or back up data and analysis have been produced.

Caremark's production of what it provided to the Government in response to the Government's Civil Investigative Demand. As Caremark is aware, however, the documents produced pursuant to the CID were a subset of the documents that the Government had initially sought, were limited by Caremark's representations to, and negotiations with, the Government, and will comprise only a subset of the relevant documents in this case. Relator did not agree that the CID production would act as a limitation on discovery in this Action.

Thus, as of this status report, almost halfway through the Court-ordered eight-month period for fact discovery and only five months from the deadline for production of expert reports, Relator continues to struggle to obtain a meaningful production of documents from defendants in response to her discovery requests.

In addition, despite Relator's repeated requests, Caremark has not provided Relator information about shared drives or other non-custodial repositories of documents relevant to the issues in this litigation, as required by the Parties' ESI Protocol (ECF 100, § 5), and standard practice for corporate entities of this size. Although Caremark says it has been interviewing potential custodians to ask where they think responsive documents might exist, Relator has not been given any information. The Parties are continuing to negotiate and Relator believes that the parties may be able to reach agreement on the search terms in short order. In addition, the Parties have agreed on a number of custodians and Relator continues to await Caremark's position on several of the requested custodians.

Given the delay, Relator would like Caremark to commit to a reasonable substantial completion date for discovery, including the production of ESI, by the end of January, so that the documents can be reviewed and depositions taken of Caremark.[4]

---

[4] If Caremark is unwilling to do that, Relator believes that she will need to request an extension of the discovery period so that she can receive and review the documents and take depositions of Caremark. On a meet-and-confer call on December 21, 2020, Caremark's counsel indicated that

*Defendants Additional Position:*

Relator already has the documents that are most significant to the allegations in her Complaint, and she has had them for eighteen months. The Government investigated Relator's allegations for two and a half years before declining to intervene. During the course of that investigation, Caremark produced voluminous documents covering much of the same subject matter called for by Relator's Second Request for Production. Caremark has never suggested that its production obligations in this case would be limited to what Caremark previously produced to the Government, but it cannot be contested that the Government performed a thorough investigation and Relator has had resulting trove of documents for over a year.

B.  <u>Discovery directed to Plaintiff</u>

On October 23, 2020, Defendants served a First Set of Requests for Production ("Defendants' First RFP") on Relator. Relator served responses and objections to Defendants' First RFP on November 23, 2020. Defendants are preparing correspondence and expect to meet and confer with Relator regarding her responses and objections prior to January 4, 2020. Relator has not yet produced any documents, but will make a production by the end of December.

---

(a) defendants cannot agree to substantial completion of document discovery by January 31, 2020, as proposed by Relator's counsel; (b) defendants believe they can be in a position to agree to substantial completion of document discovery by the end of February, 2021; and (c) by mid-February 2021, defendants will have a better idea of when they would be able to achieve substantial completion of document discovery, and whether fact discovery could be completed in April, 2021, or whether the parties should jointly request an extension of the fact discovery schedule.

## II.     OTHER DISCOVERY

A.     Aetna

On August 30, 2018, Relator served a subpoena *duces tecum* for production of documents on Aetna, Inc.  Aetna served objections to the subpoena on September 14, 2018, and subsequently served amended responses and objections on October 2, 2020.  Relator and Aetna subsequently exchanged correspondence and have met and conferred regarding disputed objections, custodians, and search terms.

Relator and Aetna have reached agreement on custodians.  Relator and Aetna have reached agreement as to some search terms and are continuing to meet and confer as to others.  Based upon the agreed custodians and search terms, Aetna has commenced review and production of custodial e-mail and will make an initial production of e-mail next week.  Aetna will also make a production of responsive contract documents this week.

Aetna will continue producing documents in response to Relator's subpoena on a rolling basis.

B.     CMS

The parties have discussed that discovery of the Centers for Medicare & Medicaid Services will be necessary, and are scheduled to meet and confer this week regarding potential coordination.

C.     Others

The chart below lists each entity on which Relator served a subpoena *duces tecum*, the date of the subpoena and whether the third party entity served any responses or objections or produced any documents in response.  Aetna is addressed in section II.A above and thus not referenced in this chart.

| Entity | Date of Subpoena | Responses/ Objections (Y or N) | Documents Produced (Y or N) |
|---|---|---|---|
| **Advanced Pharmacy Concepts, Inc**. (JKL Associates, Inc. F/K/A Advanced Pharmacy Concepts, Inc.) | 8/30/2018 | Y | N |
| Advantage Pharmacy Concepts, Inc. c/o **Price Waterhouse LLP** | 9/17/2018 | Y | N |
| **Anthem Insurance Companies, Inc.** | 9/17/2018 | Y | N |
| **Costco Wholesale Corporation** | 9/5/2018 | Y | N |
| **Costco Wholesale Corporation** | 12/11/2020 | | |
| **Pharmaceutical Care Management Association** | 8/30/2018 | Y | Y (6/21/2019) |
| **Rite-Aid Corp.** | 12/11/2020 | | |
| **Target Corp.** | 12/11/2020 | | |
| **Walgreen Co** | 9/5/2018 | Y | N |
| **Walgreen Co.** | 12/11/2020 | | |
| **Walmart, Inc.** | 12/11/2020 | | |
| **WellCare Health Plans, Inc.** | 9/17/2018 | Y | N |

D. Conference with the Court on December 17, 2020

*Relator's Additional Position:*

It is Relator's position that in light of the delays by Caremark in producing documents in response to Relator's Second Request for Production of Documents, which, among other things,

7

requested documents submitted to CMS on behalf of beneficiaries of SilverScript, a wholly–owned subsidiary of Caremark and a Medicare Part D Plan Sponsor, for which Caremark was the Pharmacy Benefit Manager ("PBM"), pursuant to the Court's procedures, Relator sent a letter to the Court dated November 30, 2020, seeking the Court's assistance with respect to the parties' discovery dispute regarding the discovery request. This interim report regarding discovery precedes the Court's issuance of an order following the conference between the parties, to which we, of course, respectfully defer with respect to the discussion on the conference call.

Relator's counsel's understanding from the conference is that Caremark agreed to produce responsive, non-privileged documents related to SilverScript in response to Relator's Second Request for Production of Documents to Caremark, as well as documents that were prepared by SilverScript that are in the possession of Caremark. As discussed on the conference call with the Court, Relator's counsel intends immediately to subpoena SilverScript for additional documents that Caremark contends are solely in SilverScript's possession, custody or control that are relevant to this litigation.

Relator notes that the discovery dispute Relator raised with the Court concerned Defendants' refusal to produce documents prepared by SilverScript, even if those documents were in the possession of Caremark, and a purported "proportionality" argument with respect to SilverScript that Relator discussed in detail in its letter to the Court dated November 30, 2020. With respect to the Court's rule permitting parties to raise discovery issues informally where possible, Relator respectfully notes that the process appears to have been effective for addressing the dispute between the parties that was discussed with the Court at the conference on December 17, 2020 and Relator respectfully requests that the Court continue to permit the parties to raise issues in that fashion.

*Defendants' Additional Position:*

Caremark confirmed during the conference its prior representation to Plaintiffs that Caremark would produce documents regarding SilverScript as well as Aetna, and further agreed Caremark will not withhold otherwise responsive documents in its possession on the basis that they were prepared by SilverScript. However, Caremark also confirmed during the conference that Caremark would stand on its objection to Request No. 4 (seeking "estimates of potential liability of SilverScript"), as SilverScript is no longer a Defendants. Caremark further confirmed it would continue to assert an objection as to proportionality, although the parties did not have any ripe disputes arising from that objection.

Caremark believes that, going forward, it would facilitate the Court's review of any discovery dispute if the Court were to receive the verbatim language of the requests and objections at issue, including pertinent meet & confer correspondence, as required Rule 26.1(b). Caremark believes that there may exist a lack of a shared understanding between Caremark and Relator as to the distinction between a "routine discovery dispute" for purposes of the Court's Policies & Procedures, a motion to compel governed by Local Rule P. 26.1(g), and a motion to compel governed by Local Rules 7.1(c) and 26.1(b). For example, it is Caremark's understanding that should Relator seek to compel production of documents over Caremark's written objections (or vice versa), the moving party is required to file a motion that complies with Local Rules 7.1(c) and 26.1(b), and that such a motion would not be "routine" for purposes of Local Rule 26.1(g), which applies only if the moving party "aver[s] that no response or objection has been timely served." L.R. 26.1(g). Caremark now understands that Relator may have a different understanding of the discovery dispute process. Caremark appreciates the value of all of the discovery dispute processes available, including pre-motion conferences and correspondence with the Court, which can often avoid, expedite, or at least focus any subsequent

motions practice. But to avoid confusion and enable efficient resolution of any future discovery disputes that may arise in this matter, Caremark believes it would be helpful to discuss the Court's preferred process at the status conference on January 4, 2020 to ensure the parties have a common understanding going forward.

| BERGER MONTAGUE, P.C. | WILLIAMS & CONNOLLY LLP |
|---|---|
| */s Susan Schneider Thomas* | */s Daniel M. Dockery* |
| Susan Schneider Thomas (PA 32799) | Enu Mainigi (*pro hac vice*) |
| Joy P. Clairmont (PA 82775) | Craig D. Singer (PA 71394) |
| 1818 Market St, Suite 3600 | Holly M. Conley (*pro hac vice*) |
| Philadelphia, PA 19103 | Daniel M. Dockery (*pro hac vice*) |
| Telephone: (215)875-5711 | David J. Park (*pro hac vice*) |
| Email: sthomas@bm.net | 725 Twelfth Street, N.W. |
|  | Washington, DC 20005 |
| Natalie Finkelman Bennett | Telephone: (202) 434-5000 |
| Heidi Wendel | Facsimile: (202) 434-5029 |
| Bruce Parke | E-mail: emainigi@wc.com |
| Michael Ols | csinger@wc.com |
| SHEPHERD, FINKELMAN MILLER & SHAH, LLP | hconley@wc.com |
|  | ddockery@wc.com |
| 1845 Walnut Street, Suite 806 | dpark@wc.com |
| Philadelphia, PA 19103 |  |
| Telephone: (610) 891-9880 | *Counsel for Defendants* |
| Facsimile: (866) 300-7367 |  |
| E-mail: nfinkelman@sfmslaw.com |  |
| hwendel@sfmslaw.com |  |
| bparke@sfmslaw.com |  |
| mols@sfmslaw.com |  |

James E. Miller
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com

*Counsel for Relator*

Dated: December 21, 2020