IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SARAH BEHNKE, <br><br>          Plaintiff-Relator, <br><br>v. <br><br>CVS CAREMARK CORPORATION, *et al.*, <br><br>          Defendants. | Civil Action No. 2:14-cv-00824 MSG |

**JOINT STATUS REPORT**

Pursuant to this Court's Order entered on March 9, 2021, Dkt. No. 136, the parties hereby jointly submit this status report regarding the status of discovery. Positions of only one party are clearly identified as such.

**I.     Discovery Directed to Relator**

The parties have no further updates to the status update provided to the Court on February 19, 2021.

**II.    Discovery Directed to Defendants**

The parties have no further updates to the status update provided to the Court on February 19, 2021 regarding Caremark's production in May 2019 of documents previously produced to the Government during the course of the Government's investigation, or regarding Relator's First Request for Production of Documents served on May 21, 2020.

On September 4, 2020, Relator served a Second Request for Production of Documents ("Relator's Second RFP") on Caremark. Caremark served responses and objections to Relator's

1

Second RFP on October 7, 2020. The parties subsequently exchanged correspondence and met and conferred regarding disputed objections, custodians, and search terms. After five months of negotiation, the parties reached agreement on proposed custodians and search strings as of March 24, 2021. As of this status report, Caremark has made ten productions in response to Relator's Second RFP totaling 107,180 documents (inclusive of native data files) and 748,119 pages (counting native data files as each a single page).[1] Caremark has substantially completed its production in response to Relator's Second RFP, but is in the process of preparing a privilege log, and expects that process will result in the production of additional documents. Caremark anticipates that all such production in response to the Second RFP will be complete by April 30, 2021, and anticipates serving its privilege log by May 15, 2021.

On November 6, 2020, Relator served a Third Request for Production of Documents ("Relator's Third RFP") on Caremark. Caremark served their responses and objections to Relator's Third RFP on December 2, 2020. The parties subsequently exchanged correspondence and met and conferred regarding Caremark's responses and objections. The parties reached agreement regarding the scope of Caremark's production in response to the Third RFP as of March 16, 2021. Caremark has substantially completed its production in accordance with that agreement.

On December 31, 2020, Relator served a Fourth Request for Production of Documents ("Relator's Fourth RFP") on Caremark. Caremark served responses and objections to Relator's Fourth RFP on February 1, 2021. The parties met and conferred regarding Caremark's responses and objections on February 18, 2021, and again on April 6, 2021. Caremark is in the process of

---

[1] These figures include only documents Caremark has produced to Relator within the past four months specifically in response to Relator's requests. Many of the documents previously produced during the Government investigation and reproduced to Relator in 2019 were also responsive to Relator's Second Request for Production. In total, Caremark has produced to Relator more than 120,000 documents totaling nearly one million pages.

collecting documents and data in response to Relator's Fourth RFP and will produce documents on a rolling basis. Caremark anticipates that responsive documents (other than structured data) will be produced by April 30, 2021, and that responsive data will be produced by May 30, 2021.

On March 31, 2021, Relator served a Fifth Request for Production of Documents ("Relator's Fifth RFP") on Caremark, constituting 21 additional requests. Caremark is preparing objections and responses to the Fifth RFP.

On January 15, 2021, Relator served Caremark with First Set of Requests for Admission ("Relator's RFA"). Caremark served its responses and objections to Relator's RFA on February 19, 2021. The parties met and conferred regarding Relator's RFA on February 26, 2021.

***Relator's Additional Position:***

With respect to Relator's Fourth RFP, there are outstanding issues on which the parties are continuing to meet and confer, as well as issues where Relator believes an impasse has been reached and she intends to file a motion to compel. The motion to compel specifically includes Relator's request for documents relating to CVS Pharmacy pursuant to the Court's ruling following the February 22, 2021 status conference. The motion is based on multiple documents showing similar pricing constructs and payment practices between Caremark and CVS Pharmacy, as were in effect between Caremark and, respectively, Walgreens and Rite Aid. The motion also will seek additional documents at issue pertain to Caremark's pricing terms and payments to Walgreens and Rite Aid, as well as certain information about Caremark's payments to pharmacies for commercial claims, based on the aggregate discount rate with pharmacies that spanned both Medicare Part D and commercial claims.

Further in connection with issues previously raised during the Feb 22, 2021 status conference, Relator has identified by letter a number of sharefiles and repositories that seem likely

to house responsive documents. That letter was sent on April 6, 2021, following Relator's efforts to review many of the documents produced by defendants.

Relator's Fourth Request for Production of Documents, served on December 31, 2020, requests, *inter alia*, Medicare claims data submitted to CMS.  Caremark has indicated that it will begin production of a portion of the claims data by the end of April and hopes to conclude its production by mid-May.  Additionally, Caremark confirmed, on April 6, 2021, that some of the data sought by Relator is not in Caremark's possession, and thus Relator will need to obtain that data from other sources including Aetna, Silverscript or CMS, although Relator is attempting to avoid the expense, burden and delay of obtaining the data from CMS (CMS has informed Relator it would take approximately 9-10 weeks in total to receive the Medicare data).

The parties have met and conferred about Relator's First Request for Admissions and Relator followed up with additional specificity and information on March 5, 2021.  Caremark has not responded to that letter or indicated if it will now respond to additional requests.

Relator served a Rule 30(b)(6) deposition on December 28, 2021. The parties have discussed the subject matters of a Rule 30(b)(6) deposition and requested that Caremark begin responding with identification of its designated witnesses and with tentative dates.  There is no date set for Caremark to respond but Relator has proposed certain topics to be prioritized.  Relator has also requested dates for a particular individual's deposition.  The parties have agreed that depositions will not commence until May 17, 2021, but also agree that the process of scheduling depositions can and should start before that date.

Although Caremark has acknowledged that it has withheld documents on claims of privilege, Caremark has not produced any privilege log.

*Defendants' Additional Position:*

Caremark has already produced to Relator nearly a million pages of documents.[2] Relator has requested—and Caremark is gathering—millions of data records as well. Caremark believes that broad document discovery in this matter should be drawing to a close, and that any further document discovery can and should be highly targeted.

As to Relator's stated intent to file a motion to compel, Caremark has met and conferred with Relator regarding the documents Relator claims "show[] similar pricing constructs and payment practices between Caremark and CVS Pharmacy, as between Walgreens and Rite Aid." Caremark disagrees with Relator that those documents constitute "evidence to support that Caremark contracted with or otherwise had agreements with retail pharmacies other than Rite Aid and Walgreens for guarantees applicable to Medicare Part D prescriptions during the relevant period," which is the predicate Relator must show in order to renew her prior request. ECF No. 136.

Caremark does not understand the parties to be at an impasse with respect to documents concerning Rite-Aid and Walgreens. Relator first advised Caremark of her intention to move to compel on these documents last week. The parties met and conferred regarding this issue on April 5, and Caremark provided follow-up information on April 6. Based on that follow-up information, Relator's counsel advised they wished to meet and confer further, and Caremark has agreed to do so.

Caremark is reviewing correspondence regarding sharefiles and document repositories sent by Relator's counsel yesterday. With respect to Relator's correspondence regarding Caremark's

---

[2] Taking into account documents Relator has received from non-parties including Aetna and SilverScript, the total volume of documents Relator has obtained through discovery exceeds a million pages.

RFA responses, Caremark will provide a letter response to Relator before the status conference scheduled for April 14, 2021.

### III. NON-PARTY DISCOVERY

Relator served a subpoena on CVS Pharmacy, Inc.[3] on December 22, 2020.  CVS Pharmacy provided responses and objections on January 15, 2021. The parties met and conferred on February 10, 2020, and Relator sent a follow up letter dated February 18, 2021.  CVS Pharmacy made an initial production of documents in response to the subpoena on April 6, 2021.

Relator has subpoenaed documents from various other pharmacies, notices of which were timely provided to Caremark.  Relator produced documents received from Target to Caremark on April 7, 2021.  Relator received documents from Walgreen's on April 6, 2021 and will produce the documents to Caremark promptly. No other documents have been received.

*Relator's Additional Position:*

Relator will very shortly be filing a motion against Rite Aid to compel production pursuant to the subpoenas served.

### IV. DISCOVERY SCHEDULE

*Joint Request Regarding Discovery Schedule*

Fact discovery is currently set to close on June 30, 2020.  (ECF 131) The parties agree there is good cause to modify that deadline, and respectfully request that the Court amend the case schedule to set the close of fact discovery as August 30, 2021 (a two-month extension).  Although the parties have made diligent efforts to complete fact discovery generally and document production specifically within the deadlines set by the Court, the parties' shared expectation at the outset of the case was that it would be very challenging to complete fact discovery prior to August 2021, and the

---

[3] CVS Pharmacy, Inc. is a corporate affiliate of Caremark, but not a party to this case.

volume and complexity of discovery to date have borne that out.

Document production in this case has been voluminous and is continuing. While productions have been made on a rolling basis, a significant volume of documents have been produced within the last week. Putting aside structured data, Caremark expects that their production of documents is mostly complete, but anticipates some documents responsive to the Second and Fourth Requests for Production will be produced in the coming weeks, by April 30, 2021. The parties have agreed that in light of the volume of document production and the fact that further documents will be produced in the coming weeks, it does not make sense for the parties to commence depositions prior to May 17, 2021.

As outlined above in Relator's Additional Positions, Relator contends there are significant outstanding disputes regarding production of documents that Relator deems critical to her case, and also sent a letter to defendants dated April 6, 2021 concerning additional share file locations and unproduced documents that are embedded, attached to or referred to in documents produced to date. Relator believes that some of these yet-to-be-produced documents will be critical at depositions. Caremark has committed to produce a privilege log by May 15, 2021, after which Relator will need to evaluate what issues (if any) regarding defendants' claims of privilege will need to be resolved. The parties agree that the requested extension of fact discovery will allow the parties to meet and confer further on these issues and minimize the extent to which any issues may need to be brought before the Court.

The parties agree that all deadlines subsequent to the fact discovery deadline should be extended by a commensurate amount (two months). Relator anticipates that additional time may be required between the close of fact discovery and the production of expert reports. These reports will depend, in part, on data that has not yet been produced and as to which the parties are discussing whether largely duplicative data also needs to be obtained from CMS. Additionally, depending on

when depositions occur, it is possible that additional time may be necessary for experts to be fully familiar with the discovery before drafting and finalizing their reports. The parties agree, however, that until fact discovery has progressed further it is difficult to determine whether expert discovery deadlines should be extended (or how by much), and therefore do not request any further changes to those deadlines at this time.

| BERGER MONTAGUE, P.C. | WILLIAMS & CONNOLLY LLP |
|---|---|
| */s Susan Schneider Thomas* <br> Susan Schneider Thomas (PA 32799) <br> Joy P. Clairmont (PA 82775) <br> 1818 Market St, Suite 3600 <br> Philadelphia, PA 19103 <br> Telephone: (215)875-5711 <br> Email: sthomas@bm.net <br><br> Natalie Finkelman Bennett <br> Heidi Wendel <br> Bruce Parke <br> Michael Ols <br> MILLER SHAH, LLP <br> 1845 Walnut Street, Suite 806 <br> Philadelphia, PA 19103 <br> Telephone: (610) 891-9880 <br> Facsimile: (866) 300-7367 <br> E-mail: nfinkelman@millershah.com <br> hawendel@millershah.com <br> bdparke@millershah.com <br> mpols@millershah.com <br><br> James E. Miller <br> MILLER SHAH, LLP <br> 65 Main Street <br> Chester, CT 06412 <br> Telephone: (860) 526-1100 <br> Facsimile: (866) 300-7367 <br> Email: jemiller@millershah.com <br><br> *Counsel for Relator* <br><br> Dated: April 7, 2021 | */s Daniel M. Dockery* <br> Enu Mainigi (*pro hac vice*) <br> Craig D. Singer (PA 71394) <br> Holly M. Conley (*pro hac vice*) <br> Daniel M. Dockery (*pro hac vice*) <br> David J. Park (*pro hac vice*) <br> 725 Twelfth Street, N.W. <br> Washington, DC 20005 <br> Telephone: (202) 434-5000 <br> Facsimile: (202) 434-5029 <br> E-mail: emainigi@wc.com <br> csinger@wc.com <br> hconley@wc.com <br> ddockery@wc.com <br> dpark@wc.com <br><br> *Counsel for Defendants* |