LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL M. DOCKERY
(202) 434-5698
ddockery@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 9, 2021

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov

Re:   *U.S. ex rel. Behnke v. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

We submit this letter on behalf of Defendants ("Caremark") in response to the July 1, 2021 letter filed by Relator's counsel, ECF No. 159, and in advance of the telephone conference scheduled for July 12, 2021.

### **Privilege Waiver**

Relator's letter insinuates that Caremark has somehow backtracked on its prior representations that it would not be relying on an advice of counsel defense. That is simply incorrect. Caremark is not asserting any advice of counsel defense, and Caremark has not waived any attorney-client privilege.

The privilege waiver referenced in Relator's letter is a waiver by *Aetna*, which is a non-party in this matter. During the relevant time period, Aetna was Relator's employer, had no corporate affiliation with Caremark, and had its own separate counsel. The Court will recall that early in this case Aetna moved under seal to intervene and sought a protective order regarding documents Relator took from Aetna during her employment that contained *Aetna's* privileged information. ECF Nos. 41, 43, 45–49, 62–64. Relator likewise has insisted that the distinction between Aetna and Caremark be honored due to "the separate corporate existence and seemingly adverse relationship of Aetna and Caremark prior to the merger as to issues central to this litigation." ECF No. 95 at 7-8 ("Relator's Position" regarding "Issues Regarding Impact of Caremark-Aetna Merger on Assertions of Privilege").

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
July 9, 2021
Page 2

Relator asserts in her July 1 letter that "the scope and implications of Aetna's waiver is likely to lead to disputes that will need judicial rulings," but her letter does not identify what those disputes are. Nor has Relator advised Aetna or Caremark of the nature of any such disputes, let alone met and conferred about them with Aetna or Caremark. It is thus entirely premature for Relator to raise the prospect of unspecified "likely" disputes. ECF 159 at 1.

### **Deposition Limit**

This is another issue that Relator has put before the Court without first meeting and conferring with Caremark. Relator's counsel has previously expressed to us in vague terms that Relator might at some point in the future seek leave to take depositions beyond the limit provided under the Federal Rules of Civil Procedure. But Relator has not yet specified who she intends to depose or how many depositions she needs. It is possible that a *future* dispute may arise on this issue (or any other) that the parties will be unable to resolve without judicial intervention. But it is premature for Relator to raise such a "dispute" to the attention of the Court without taking even the first steps necessary to engage with Defendants.

### **Documents and Data**

Relator complains that Caremark has "still not provided" a hodge-podge of items. Some of those items are described in argumentative terms, making it difficult to decipher what Relator considers to be missing from Caremark's voluminous production (items a, e). Some of the items Relator seeks have already been provided, or will be provided soon (items b, f). Some are items where CVS has produced responsive material to the extent it can do so without incurring burdens that would be disproportionate to the needs of the case (items c, e, g), or where no material can be identified or without incurring unreasonable burden (items d). The extent to which Relator has met and conferred with Caremark on these items varies considerably.

With respect to the Industry Analytics share drive, Relator contends that "Relator's goal has been to explain Relator's concern that the contents of the Industry Analytics share file are not sufficiently responsive to the types of discovery necessary and responsive to Relator's discovery requests." ECF 159 at 2. Yet Relator has explained very little in that regard. Two of Relator's three main criticisms, as she explained in a letter to the Court dated June 22, 2021, were that the share drive production contained nothing relevant to Caremark's relationship with CVS Pharmacy, Inc., or to Caremark's commercial business. Yet the share drive production actually contains hundreds of documents in each of those categories, as Caremark explained to in our letter to the Court dated June 29, 2021. Notably, Relator's letter to the Court dated July 1, 2021, seems to no longer contest those points. ECF 159 at 2.

\*     \*     \*

Relator concludes her letter by suggesting the possibility of a "comprehensive motion to compel." Caremark does not believe Relator has any grounds to support such a motion. But Caremark has <u>never</u> objected to Relator filing appropriate motions in accordance

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
July 9, 2021
Page 3

with the federal and local rules.  Caremark does object to Relator raising supposed "disputes" with the Court without first meeting and conferring with Caremark.  Document discovery in this matter has been lengthy, burdensome, and voluminous, and Caremark respectfully suggests that Relator's efforts to make it more so should be declined.

                        Respectfully submitted,

                        */s/ Daniel M. Dockery*
                        Daniel M. Dockery

cc:    Susan S. Thomas
        Natalie Bennett Finkelman
        Joy P. Clairmont
        Jayne Goldstein
        David Filbert
        Craig D. Singer
        Holly M. Conley