January 18, 2022

**VIA ECF**
The Honorable Mitchell S. Goldberg
United States District Court, E.D. Pa.

Re: *U.S. ex rel. Behnke v. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

The parties submit this letter and proposed discovery schedules (Exhs. A and B) pursuant to the Court's 1/10/22 Order (ECF 185).

**I.    Relator's Statement:**

Relator requests a conference with the Court to discuss the competing schedule proposals. Relator has worked diligently on discovery including efforts underway last April to obtain critical documents, but got sidetracked by Defendants' (inaccurate) suggestion that the Industry Analytics share file ("IA") would address many remaining discovery issues. But a substantial amount of discovery still remains. For example, Relator has filed two motions to compel and more may be needed; the parties are negotiating production of CVS financial documents per the Court's 12/28/21 Order (ECF 183); Relator plans to soon notice up to 15 depositions and has been negotiating Rule 30(b)(6) deposition(s); Aetna says it needs another 4 weeks to produce Prescription Drug Event ("PDE") data submitted to CMS; and SilverScript has not produced requested documents (Caremark's counsel represents Aetna and SilverScript).

As to experts, since Relator has the burden of proof on her claim, her experts must be able to reply to Defendants' experts (and narrow their opinions, if appropriate). As this Court has noted, the fraud alleged is complex. Defendants refer to prior schedules, but those were superseded by later events and orders. Relator's proposed schedule provides a fairer opportunity for Relator to complete necessary discovery.

**A. Caremark document and written discovery to be completed:**
- Production of CVS financial documents pursuant to Court's 12/28/21 Order (ECF 183) – parties are negotiating contents, costs and dates.
- Production of documents concerning why Caremark decided to overpay the pharmacies on Medicare Part D and underpay them on commercial claims; Caremark's use of Plan GERs (generic effective rates) and MACs (maximum allowable costs) to pay pharmacies on Medicare Part D despite different pharmacy GERs; and Caremark's deliberate payments that led to Caremark owing pharmacies money at year end once the offsets between Medicare Part D and commercial payments were applied. Parties are meeting and conferring per Court's 12/28/21 Order (ECF 183).
- Unexecuted, incomplete or missing contract documents and pharmacy reconciliations – parties are negotiating additional production or stipulations to address these issues.
- Relator has moved to compel production of Caremark documents based on Aetna's partial waiver of privilege (ECF 188). Aetna is Caremark's wholly-owned subsidiary; Caremark controls Aetna's privilege; and the waiver constitutes a waiver as to Caremark

- to prevent "sword and shield" unfairness.
- Caremark to address privilege log errors identified in Relator's 11/12/21 letter (e.g., mis-identifying 44 non-lawyers as lawyers and not identifying privilege for attachments). Caremark says it will respond by mid-January.
- Relator's Second Set of Requests for Admissions – responses due 2/14/22.
- Relator's First Set of Interrogatories – responses due 1/31/22.
- Verification of final versions of data submissions to CMS, due 1/30/22 (ECF 183).
- Relator will serve contention interrogatories and seek all documents Defendants cite in responding to interrogatories and RFAs, and that Defendants intend to rely on at trial.

**B. Aetna document discovery to be completed:**
- Relator moved to compel on 1/14/22 (ECF 187) to obtain documents about: a) Aetna using a different price reporting method than Caremark after Aetna took pharmacy negotiations and price reporting for Med D in-house; and b) the merged entity's price reporting.  Also, Aetna states it will not be able to produce PDE data relevant to damages for at least another 4 weeks.  As to several other outstanding requests, Relator will move to compel absent production by 1/26/2022.
- Aetna partially waived privilege.  In addition to effecting a waiver as to Caremark, the waiver requires Aetna to produce more documents, which Relator identified in 12/21/21 letter. Aetna says it will respond to that (and errors in privilege log) by mid-Feb.
- Relator's 1/14/22 subpoena to Aetna – seeks contracts and related documents for period after Aetna began direct pharmacy negotiations; personnel files concerning Relator.

**C. SilverScript document discovery to be completed**: SilverScript has not completed producing documents responsive to Relator's 8/27/21 subpoena, nor has it provided a date of production.  Plaintiffs require the requested material (complete PDE data, and attestations submitted to CMS) to, *inter alia*, prove fraud and calculate damages.  Absent receipt of the documents by 1/26/22, Relator will move to compel.

**D. Subpoenas to Other Third Parties**:  1) Pharmaceutical Care Management Association ("PCMA") (PBM lobby group) – Relator and PCMA are negotiating scope of production, which focuses primarily on PCMA interactions with CMS on behalf of the PBM industry; 2) Caremark's outside counsel (Epstein Becker) and Aetna's outside counsel (Crowell & Moring) have refused to produce documents; a motion to compel may follow the Court's ruling on Relator's privilege waiver motion (ECF 188); and 3) Relator is working to complete production from others, including Walgreens and Rite Aid.

**E. Depositions:**  Defendants have agreed Relator may take up to 15 depositions; parties reserve rights to ask for, or oppose, more.  No depositions have occurred yet.  Relator served a Rule 30(b)(6) notice on Caremark on multiple topics on 11/28/20, and an amended notice with some additional topics on 12/30/21.  Parties are working to schedule parts of 30(b)(6), and Relator's counsel has identified a number of current and former Caremark and Aetna personnel who will be deposed.

II.     **Defendants' Statement:**

Caremark's production of documents and data to Relator in this matter has been extensive and costly.  At this point, it has lasted well more than a year, during which time Caremark has produced more than 1.8 million pages of documents (including thousands of native files such as spreadsheets, which each are counted as only a single "page").  More than 95% of those documents were produced on or before April 30, 2021.  Caremark has also produced more than two billion data records relating to claims and Prescription Drug Events ("PDE").

Caremark respectfully submits that its proposed schedule (Exh. B) is appropriate in light of the extensive discovery that has already been completed.[1]  Under Caremark's proposed schedule, dispositive motions would be fully briefed approximately one year from now (January 20, 2023), more than three months earlier than Relator's proposed schedule would provide (April 28, 2023).[2]  With respect to expert reports, Caremark's proposed schedule includes separate dates for submission of expert reports and a date for submission of rebuttal reports, thus tracking the same structure set forth in the Court's prior Scheduling Order (ECF 97, ¶7) as well as in the schedule the parties jointly submitted as part of their Rule 26(f) Report (ECF 95, §II).[3]

On January 12, 2022, Relator requested to schedule a meet and confer further regarding requests that were the subject of Relator's proposed "reply" brief dated September 17, 2021, and regarding "CVS financial information" pursuant to the Court's order dated December 28, 2021; the parties will meet and confer regarding these issues later this week.  Relator has also recently served new discovery, including interrogatories on December 3, 2021, an amended Rule 30(b)(6) notice on December 30, 2021, and a second set of Requests for Admission on January 13, 2022.

Defendants have already issued Requests for Production to Relator and obtained documents.  Defendants anticipate issuing written discovery to Relator, including interrogatories and requests for admission, and expect to depose Ms. Behnke.

Significant third-party discovery has already been conducted.  Non-parties Aetna and SilverScript have produced more than 200,000 pages of documents in response to Relator's Rule 45 subpoenas.  The parties have previously discussed coordination of discovery requests to CMS.  Defendants' understanding is that certain of Relator's document requests were intended to potentially reduce the discovery that might be sought from CMS.  Defendants are evaluating whether further discovery of CMS and other third parties will be necessary.

---

[1] Relator asserts that the case was "sidetracked" because Caremark's production of the IA share file did not fully address all of Relator's "discovery issues."  That is incorrect.  If anything, it is Relator's ceaseless and ever-changing litany of "discovery issues" that has sidetracked the case.

[2] In addition to being longer, Relator's schedule is also tilted against Defendants.  For example, as to dispositive motions—which Relator's counsel noted during a recent call are often filed by Defendants—Relator sets the motion date less than three weeks after close of discovery.  Relator then allows seven weeks for oppositions, followed by only three weeks for replies.

[3] Relator contends that unspecified "later events and orders" necessitate that the expert report deadlines previously agreed to by the parties and ordered by the Court be substantively restructured—not merely rescheduled.  *Supra* at 1.  Relator offered no such explanation during the parties' meet and confer calls on January 14 and 17.

<div style="display: flex;">

<div>

*/s/ Susan Schneider Thomas*
BERGER MONTAGUE PC
Susan Schneider Thomas
David F. Sorensen
Joy P. Clairmont
Caitlin Coslett
William Fedullo
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
E-mail: sthomas@bm.net
　　　　dsorensen@bm.net
　　　　jclairmont@bm.net
　　　　ccoslett@bm.net
　　　　wfedullo@bm.net

Natalie Finkelman Bennett
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
E-mail: nfinkelman@millershah.com

Jayne A. Goldstein
MILLER SHAH LLP
1625 N. Commerce Parkway, #320
Fort Lauderdale, FL 33326
Telephone: (866) 849-7545
Facsimile: (866) 300-7367
Email: jagoldstein@millershah.com


*Attorneys for Plaintiff-Relator*

</div>

<div>

*/s Daniel M. Dockery*
WILLIAMS & CONNOLLY LLP
Enu Mainigi (*pro hac vice*)
Craig D. Singer (PA 71394)
Holly M. Conley (*pro hac vice*)
Daniel M. Dockery (*pro hac vice*)
David J. Park (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: emainigi@wc.com
　　　　csinger@wc.com
　　　　hconley@wc.com
　　　　ddockery@wc.com
　　　　dpark@wc.com

*Counsel for Defendants*

</div>

</div>