

Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

**VIA ECF**

March 18, 2022

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

   Re: *United States of America, ex rel. Sarah Behnke vs. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

Plaintiff-Relator ("Relator") writes, pursuant to the Court's Policies and Procedures, because Defendants, CVS Caremark Corporation, Caremark Rx, LLC (F/K/A Caremark Rx, Inc.), CaremarkPCS Health LLC, and Caremark Part D Services, LLC ("Defendants" or "Caremark") have failed to respond to Relator's emails and requests to meet and confer relating to certain issues concerning the Amended Rule 30(b)(6) Notice of Deposition ("Amended Notice") and failed to provide information it agreed to provide by March 4, 2022.

**Rule 30(b)(6) Deposition**. The discovery deadline in this case is July 15, 2022. Relator served an Amended Notice for Rule 30(b)(6) deposition on December 30, 2021. It includes 22 topics. Defendants have not served any objections. The parties had meet and confer calls about the notice on January 12 and 14, 2022. On March 2, 2022, after numerous requests (Relator sent emails requesting deposition dates and discussing some of the topics on: January 4, January 16, January 18, February 1, February 4, and February 11), Defendants finally provided a designee and deposition date of April 5, 2022 for five of the topics and identified one other topic to be covered by one of the seven previously-scheduled fact witness.

Unfortunately, Defendants have otherwise refused to respond to Relator's requests, on March 4 and March 11, that Defendants (1) confirm that none of the fact deponents already scheduled will be designated for any of the remaining 30(b)(6) topics, and (2) provide dates and designees for the remaining 16 topics. Defendants are long overdue in providing dates and witnesses for the remaining Rule 30(b)(6) topics and will not respond to emails about the issues. While Relator has attempted to confer with Defendants in good faith, their continued delay and failure to respond has frustrated any attempts to resolve these issues



The Honorable Mitchell S. Goldberg
United States District Court
March 18, 2022
Page 2

cooperatively. These discussions are critical because Relator has a limited number of depositions and a limited time in which to complete discovery. Further, testimony on topics set forth in the Amended Notice will help Relator determine what additional depositions are necessary.

While Defendants may not agree with Relator on the timing of the Rule 30(b)(6) deposition, Defendants cannot dictate whether or not depositions are scheduled by simply ignoring all requests for dates or even requests to meet and confer. The Court should reject these litigation tactics. Defendants and their counsel are governed by Rule 1 of the Federal Rules of Civil Procedure, which emphasizes a lawyer's affirmative duty to resolve disputes promptly and efficiently. The Rule "highlights the point that lawyers - though representing adverse parties - have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." *Joan Summy Long v. Pennsylvania State University*, No. 1:06-CV 1117, 2016 WL 74767, at *8 (M.D. Pa., Jan. 7, 2016). This Court has broad discretion to manage its cases. If Defendants are not compelled to engage with Relator on these issues, Relator will continue to experience prejudice, which could easily be avoided, just as this request to the Court could have been avoided. *See generally Northstar Fin. Companies, Inc. v. Nocerino*, No. CIV.A. 11-5151, 2013 WL 6061349, at *7 (E.D. Pa. Nov. 18, 2013) (examples of prejudice include conduct "that hinder[s] a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution to the litigation").

**Missing, Incomplete, and/or Partially Executed Contracts.** Relator alerted Defendants on January 14, 2022 of certain missing, incomplete, and/or partially executed contracts ("Contracts"), which were listed as an outstanding discovery issue in the joint letter to the Court dated January 8, 2022. Receiving no response from Defendants, Relator followed up with an email on January 21, 2022. The parties held a meet and confer call on February 2, 2022, during which Defendants committed to inform Relator, early in the week of February 7, 2022, if they would provide the requested information. Relator did not receive a response until February 18, 2022, which merely stated Defendants would investigate whether additional final versions of the Contacts exist and either identify or produce them by March 4. Relator has not received any further communication on the issue, despite additional requests on March 8 and March 11, 2022. Not only have Defendants not provided an update on the investigation into the existence of additional final versions of the Contracts, they have also chosen to ignore Relator's repeated attempts to resolve this issue.

**Verification of Final Pharmacy Reconciliations.** Defendants have employed a similar stonewalling tactic in response to Relator's request that they confirm whether all final reconciliations between Caremark and Rite Aid and between Caremark and Walgreens have been produced and, if so, to provide bates numbers identifying those reconciliations. This



The Honorable Mitchell S. Goldberg
United States District Court
March 18, 2022
Page 3

is an inquiry which Defendants are uniquely suited to answer and something they had previously *agreed* to do. Relator has been attempting to obtain this information from Defendants since July 9, 2021. This issue was previously before the Court as part of a motion brought in July 2021. While the Court did not address the issue at the time, Relator again raised the need to have the final reconciliations identified as an outstanding item in the parties' joint letter to the Court on January 18, 2022. Thereafter, Relator sent an email to Defendants on January 21, 2022, asking for this information. During the parties' February 2, 2022 meet and confer, Defendants told Relator that they would confirm early in the week of February 7, 2022 if Defendants would verify if the at-issue reconciliations were final. Relator contacted Defendants on February 11, 2022, to again request Defendants to provide the information they had promised to provide. On February 18, 2022, Defendants expressly agreed that they would identify the final reconciliations for Rite Aid and Walgreens by March 4, 2022. Defendants failed to deliver on their agreement. Instead, Relator has been met with complete silence, despite sending follow up communications on March 8 and March 11, 2022.

The Court has "the equitable power to compel discovery when the relator demonstrates a substantial and particularized need for it." *United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1291 (11th Cir. 2017); *United States Spletzer v. Allied Wire & Cable, Inc*., No. CV 09-4744, 2015 WL 7014620, at *1 (E.D. Pa. Nov. 12, 2015). "A party is entitled as a general matter to discovery of any information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). Parties' discovery obligations include timely responses to inquiries from opposing counsel. *Uccardi v. Lazer Spot, Inc*., 390 F. Supp. 3d 911, 914 (N.D. Ill. 2019).

Relator has worked diligently and in good faith to resolve the outstanding discovery disputes and has given Defendants every opportunity to make good on their promises to provide the information and documents requested by Relator. These documents are crucial to Relator's claims. Defendants have repeatedly ignored Relator's requests, which deprives Relator of critical discovery, despite previously agreeing to provide this information by March 4, 2022. Defendants have neither objected to Relator's inquiries nor offered any reason for the delay. Given the time constraints Relator has no choice but to ask this Court to exercise its equitable powers to order the production of the documents and information.

Relator respectfully requests that the Court order Defendants: 1) to immediately designate witnesses covering all topics in the 30(b)(6) notice and immediately meet and confer with Relator to schedule their testimony and (2) to produce the documents and information Defendants agreed to provide by March 4, 2022.

CALIFORNIA ■ CONNECTICUT ■ FLORIDA ■ NEW JERSEY ■ NEW YORK ■ PENNSYLVANIA ■ MILAN, ITALY

©Miller Shah LLP



The Honorable Mitchell S. Goldberg
United States District Court
March 18, 2022
Page 4


Respectfully,

/s/ Natalie Finkelman Bennett


Natalie Finkelman Bennett

cc:  All counsel via ECF

CALIFORNIA ■ CONNECTICUT ■ FLORIDA ■ NEW JERSEY ■ NEW YORK ■ PENNSYLVANIA ■ MILAN, ITALY

©Miller Shah LLP