LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

DANIEL M. DOCKERY
(202) 434-5698
ddockery@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 28, 2022

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov

Re:   *U.S. ex rel. Behnke v. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

We submit this letter on behalf of Defendants ("Caremark") regarding the letter filed by Relator's counsel in the above captioned-matter dated March 18, 2022. ECF No. 203. Relator contends that Caremark has either failed to meet and confer or failed to provide information regarding certain issues. Yet Relator concedes that Caremark has engaged with Relator on each of the issues in question; Relator is dissatisfied only with the timing of Caremark's most recent round of responses. Put simply, Relator's letter to the Court was premature. Caremark had been working on providing responses to Relator on the issues in question (as Relator was informed) is doing so today.

### **Background**

Relator's letter implies that Caremark has been unresponsive and has failed to engage with Relator over the past couple of months. That is simply untrue. The issues raised in Relator's letter are only a fraction of the items on which Relator has demanded responses from Caremark during the first three months of 2022:

- Caremark met and conferred with Relator regarding Relator's contention that Caremark had waived privilege, and thereafter had to prepare a brief to oppose Relator's motion on that issue (which the Court denied).

- Caremark met and conferred with Relator regarding deposition scheduling, and has coordinated with Relator and witnesses to schedule ten fact witness depositions requested by Relator.

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
March 28. 2022
Page 2

- Caremark met and conferred with Relator regarding Relator's request for a remote deposition protocol, on which the parties recently reached agreement.

- Caremark responded to an extensive set of questions from Relator regarding Caremark's privilege log and has responded to multiple sets of questions from Relator regarding Caremark's data productions.

- Caremark has served written responses to Relator's Interrogatories and a Second Set of Requests for Admission.

We have also engaged with Relator's counsel during the past three months on various subpoena discovery directed to non-Parties Aetna and SSIC, including to address questions Relator had regarding productions, providing additional material requested by Relator, negotiating regarding a response to the third subpoena issued to Aetna by Relator, providing responses to Relator's questions regarding Aetna's privilege log, and preparing a response to a motion to compel against Aetna (which Relator subsequently acknowledged had been premature, and which the Court thereafter denied without prejudice).

In short, we have been engaging with Relator over the past three months on a wide range of issues that Relator has raised—including (but very much not limited to) the issues that are the subject of Relator's letter to the Court.

### Rule 30(b)(6) Deposition

Relator's letter to the Court leaves out one crucial detail regarding the parties' Rule 30(b)(6) negotiations: after the parties met and conferred in January, Relator requested that Caremark *prioritize nine topics*.  And that is exactly what Caremark did. Relator's letter begrudgingly acknowledges that Caremark has designated corporate representatives to testify on six topics, all of which were among the nine topics that Relator prioritized.  Caremark has also addressed the other three topics prioritized by Relator, albeit in other ways:

- Relator expressly agreed to "table" one topic;

- The parties agreed that a production of documents might be sufficient to satisfy one topic, and Caremark produced those documents last week; and

- The final topic concerns whether broad categories of documents are "final," and thus overlaps with both (1) the Court's order addressing Caremark's obligation to identify certain categories of "final" documents and (2) Caremark's agreement to investigate the "finality" of certain documents and to respond voluntarily via correspondence (addressed below).

WILLIAMS & CONNOLLY LLP

The Hon. Mitchell S. Goldberg
March 28. 2022
Page 3

It is thus unclear why Relator now tells the Court that "testimony on topics set forth in the Amended Notice will help Relator determine what additional depositions are necessary." As Caremark understood it, that was at least in part the purpose of the <u>prioritized</u> topics, which Caremark has addressed.

As to the remaining topics that Relator chose not to "prioritize," nearly all are improper. Caremark had advised Relator of Caremark's concerns during the meet and confer process, and Relator requested that Caremark provide such objections in writing. Caremark is doing so today, and has offered to meet and confer further if necessary.

### **"Missing," "Incomplete," and/or Partially Executed Contracts.**

Relator asked Caremark to investigate a number of questions regarding contracts Caremark had produced. Notably, Relator does not assert that Caremark was under any <u>obligation</u> to provide substantive responses to these questions. Yet Caremark agreed to investigate and provide responses. Caremark has now sent correspondence to Relator setting forth those responses, and has also produced to Relator supplemental documents.

### **Verification of Final Pharmacy Reconciliations**

Relator asked Caremark to confirm which of the "Pharmacy Reconciliations" regarding Rite-Aid and Walgreens were "final." Again, Relator does not argue Caremark was under any legal obligation to provide this information; indeed, they note that even though they previously have put the issue before the Court, the Court never granted their requested relief. Nonetheless, Caremark agreed to investigate, and has now provided to Relator the results of that investigation via correspondence.

\*       \*       \*

Relator complained in her letter of March 18, 2022 that Caremark had not followed up recently with Relator on certain issues. Caremark is doing so today. To the extent Relator takes issue with Caremark's responses, Caremark will meet and confer further with Relator and the parties can evaluate whether there are disputes warranting judicial intervention. At this juncture, however, there is no live dispute properly before the Court, and Defendants therefore respectfully submit that the Court need take no further action at the present time.

Respectfully submitted,

*/s/ Daniel M. Dockery*
Daniel M. Dockery