IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SARAH BEHNKE,**<br><br>       *Plaintiff*,<br><br>       v.<br><br>**CVS CAREMARK CORPORATION** *et al.*,<br><br>       *Defendants*. | Civil Action<br><br>No. 14-cv-824 |

# ORDER

**AND NOW**, this 30th day of March, 2022, upon consideration of letters filed by Relator Sarah Behnke ("Relator") and Defendants CVS Caremark Corporation et al. (collectively "Caremark") (ECF Nos. 203, 204, and 205), I find as follows:

1. Relator argues that Caremark has refused to comply with its discovery obligations in three areas: (1) a Rule 30(b)(6) deposition, (2) Caremark's contracts, and (3) documents referred to as "reconciliations."

2. **Rule 30(b)(6) deposition**: Relator represents that she served a notice for a deposition under Rule 30(b)(6) on December 30, 2021. Relator states that Caremark offered designees for 6 of the 22 noticed topics but did not respond to Relator's inquiries on March 4 and 11, 2022 regarding the remaining topics. Caremark responds in its letter that it served objections to the remaining topics on March 28, 2022.[1]

---

[1] Relator states in reply that she disagrees with Caremark's objections and is in the process of meeting and conferring regarding the scope of the noticed topics. This Order is without prejudice to either party contesting the scope of the Rule 30(b)(6) deposition in a later filing.

1

3.      **Contracts**: Relator contends that, on January 14, 2022, she informed Caremark that the final versions of some contracts had not been produced. Relator represents that the parties met and conferred on February 2, 2022 at which time Caremark promised to respond by February 7, 2022, but that Caremark later responded on February 18, 2022 that it was still investigating and did not respond to Relator's follow-up inquiries on March 8 and 11, 2022. Caremark responds in its letter that it answered Relator's inquiry on March 28, 2022.

4.      **Reconciliations**: Relator states that, on January 21, 2022, she inquired whether certain produced documents, referred to as "reconciliations," were the final versions, and, if they were not, whether Caremark would produce the final versions. Relator represents that Caremark promised to identify final reconciliations by March 4, 2022, but that Caremark did not respond to Relator's inquiries on March 8 and 11, 2022. Caremark responds in its letter that it provided the requested information on March 28, 2022.

5.      Because Caremark represents that it has now responded to Relator's inquiries as to all three topics, I find that this current discovery dispute is now moot.[2]

**WHEREFORE**, it is hereby **ORDERED** that Relator's request for an order compelling discovery (ECF No. 203) is **DENIED**.

BY THE COURT:

  /s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**

---

[2] I note that, while Relator's discovery requests in this case have been extensive, Caremark's admitted delay in responding to the above inquiries (in excess of 60 days) is longer than the Rules normally permit. <u>See, e.g.</u>, Fed. R. Civ. P. 34(b)(2)(A).