

Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

NATALIE FINKELMAN BENNETT‡
nfinkelman@millershah.com

**VIA ECF**

May 26, 2022

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:    *United States of America, ex rel. Sarah Behnke vs. CVS Caremark Corporation, et al., CA No. 14-cv-00824*

Dear Judge Goldberg:

Plaintiff-Relator ("Relator") writes, pursuant to the Court's Policies and Procedures, because Defendants, CVS Caremark Corporation, Caremark Rx, LLC (F/K/A Caremark Rx, Inc.), CaremarkPCS Health LLC, and Caremark Part D Services, LLC ("Defendants" or "Caremark") have unreasonably failed to provide deposition dates for Caremark's Rule 30(b)(6) designee(s) to testify regarding Topics 4, 9, 13, 20-22 of the Amended Rule 30(b)(6) Notice of Deposition ("Amended Notice") that Relator served on Caremark *almost six months ago*, on December 30, 2021. Caremark's objections to these Topics have been fully addressed through the meet and confer process and there is no basis for Caremark to simply refuse to provide deposition dates, not seek a protective order, and attempt to run out the clock on the discovery period.[1] Caremark's failure to identify Rule 30(b)(6) designees and provide deposition dates is particularly unreasonable given that Caremark took more than 60 days to serve its objections to the Amended Notice which, as the Court has observed, "is longer than the rules normally permit." ECF 206 at 2.n.2 (citing Fed. R. Civ. P. 34(b)(2)(A)).[2]

---

[1] If the parties are not in agreement, Caremark has failed to say so, having not responded to Relator's most recent meet and confer letters confirming the scope of the topics.

[2] Relator previously wrote to this Court on March 18, 2022 (ECF 203) regarding Caremark's failure to respond to Relator or engage in any discussions regarding certain topics of the Amended Notice. It was only after that letter that, on March 28, 2022, the same date that Caremark's response was due to be filed in response to Relator's March 18, 2022 letter, that Caremark finally responded to Relator regarding the Amended Notice. A Rule 30(b)(6) deposition was taken on April 14, 2022 as to Topics 2, 3, 7, 8 and 12. Additional Topics (6 and 14) were designated for certain witnesses that have also been designated as Rule 30(b)(1) witnesses and either have already taken place or are scheduled.

CALIFORNIA ■ CONNECTICUT ■ FLORIDA ■ NEW JERSEY ■ NEW YORK ■ PENNSYLVANIA ■ MILAN, ITALY

©Miller Shah LLP



The Honorable Mitchell S. Goldberg
Page 2
May 26, 2022

Caremark's failure to provide deposition dates is especially troublesome given the parties' extensive meet and confer regarding the objections to the Amended Notice that Caremark (belatedly) served.  The parties had a meet and confer call on March 30, 2022.  Relator then sent a letter to Caremark on April 11, 2022 to which Caremark responded on April 28, 2022, offering to provide certain testimony as to Topics 4, 9, 13, 20 and 22 and to enter into an authenticity stipulation with respect to Topic 21.  Relator responded by letter on May 4, 2022, agreeing to Caremark's proposal with certain clarifications and (assuming the parties had an overall agreement) agreeing not to pursue testimony as to Topics 5, 10, 11 and 18.  Receiving no response whatsoever, Relator wrote again on May 17, 2022 asking Caremark to respond by May 20, 2022.[3]  Relator's May 4, 2022 and May 17, 2022 letters asked Caremark to provide proposed deposition dates on Topics 4, 9, 13, 20-22 but Caremark has not responded to either letter and has not provided dates for the 30(b)(6) deposition(s) on these Topics.

Caremark's continued failure to comply with its discovery obligations is severely prejudicing Relator's ability to complete discovery by the July 15, 2022 deadline (ECF 192), a deadline that Caremark pressed for over Relator's request for an additional two months for fact discovery (ECF 190).  Caremark has complained to the Court about Relator's discovery requests (and Relator vigorously disputes Caremark's claims), but, regardless of the document productions to date, Relator is entitled to Caremark's Rule 30(b)(6) testimony on Topics 4, 9, 13, 20-22.  These topics are relevant and, through the meet and confer process, have been narrowed to address Caremark's objections.  In addition, many of the topics seek, in part, corporate testimony identifying the Caremark employees with certain key job responsibilities, which Relator seeks in order to determine which Caremark employees to depose (a goal that Caremark's intransigence is completely frustrating).  For example, Topic 4 seeks testimony about Defendants' business practices regarding Med D pricing with respect to pharmacies and pharmacy networks:

> Explanation of Defendants' business practices and processes concerning or relating to Med D pricing and price reporting with respect to pharmacies and/or pharmacy networks, including: a) an explanation of contracting processes, payments to pharmacies and/or pharmacy networks; b) employee(s) or groups responsible; c) any policies, procedures, and practices related to those business practices and processes, and d) when and how such policies, procedures, and practices were formulated, implemented, enforced, reviewed, and modified.

Relator has further narrowed the scope of Topic 4 in her letter dated April 11, 2022. Topic 9 similarly seeks testimony regarding the pharmacy reconciliation documents showing the generic drug prices Caremark actually paid to the pharmacies (such as Rite Aid), which are relevant to Relator's claims because, Relator contends, the generic prices Caremark actually paid the pharmacies are different from the falsely reported generic prices.  Topic 9 states:

---

[3] If it would be helpful to the Court, Relator can provide the Amended Notice and the correspondence exchanged by the parties but does not do so here given the requirements set forth within the Court's policies and procedures.



The Honorable Mitchell S. Goldberg
Page 3
May 26, 2022

> Explanation of the processes for preparation and transmittal of Reconciliations between You and any pharmacy pursuant to any pricing guarantee or term (e.g., GER, contractual price guarantee, chargebacks), including: a) employee(s) or groups responsible; b) any policies, procedures, and practices related to those processes, and c) when and how such policies, procedures, and practices were formulated, implemented, enforced, reviewed, and modified.

Relator has further explained the scope of Topic 9 in her letter dated May 4, 2022, telling Caremark that the witness must be able to, for example, identify who prepared the reconciliations and how, and "what, for example, basic column headings and abbreviations" in the reconciliations mean. Relator also has agreed to specifically identify reconciliations in advance to facilitate Caremark's preparation (and already identified one by Bates number in the May 4 letter).

Resolution of any outstanding issues and scheduling of the deposition is critical. Having not moved for a protective order, Caremark must produce a Rule 30(b)(6) witness on the remaining topics. *See New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007) ("Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.").

At every turn, Relator has met and conferred (or tried to) with Caremark to attempt to address Caremark's untimely objections to the Amended Notice but has been unable to complete the deposition—noticed almost six months ago—due to Caremark's repeated failure to respond to letters or redline stipulations it agreed to enter, and failure to provide deposition dates. Relator therefore respectfully requests that the Court order Caremark: 1) to immediately designate witnesses covering Topics 4, 9, 13, 20, and 22 in the Amended Notice; 2) to immediately designate a witness covering Topic 21 in the Amended Notice or else provide three documents and an authenticity stipulation in response to Topic 21, as Caremark already agreed to do in lieu of providing testimony on Topic 21; and 3) immediately provide three available deposition dates for each Topic.

Respectfully,

*/s/ Natalie Finkelman Bennett*

Natalie Finkelman Bennett

NFB/sm

cc: All counsel via ECF

CALIFORNIA ■ CONNECTICUT ■ FLORIDA ■ NEW JERSEY ■ NEW YORK ■ PENNSYLVANIA ■ MILAN, ITALY

©Miller Shah LLP

