

**CAITLIN G. COSLETT** / *SHAREHOLDER*
d 215.875.3057 | ccoslett@bm.net

June 2, 2022

**VIA ECF**
The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

    Re:    *United States of America, ex rel. Sarah Behnke vs. CVS Caremark Corporation, et al.,* **CA No. 14-cv-00824**

Dear Judge Goldberg:

Plaintiff-Relator ("Relator") writes to follow up regarding Relator's May 26, 2022 letter to the Court (ECF 215) ("May 26 letter") concerning Caremark's failure to comply with Relator's Rule 30(b)(6) Notice of Deposition ("Amended Notice"). Shortly after Relator filed her letter, Caremark proposed dates for Rule 30(b)(6) deposition testimony on *some* Rule 30(b)(6) topics. However, on May 31, 2022, Caremark sent Relator a letter ("May 31 letter") in which Caremark belatedly and impermissibly tries to further narrow the scope of the testimony Caremark will provide, and refuses to produce a witness on Topic 13, for which Relator previously understood, based on the parties' communications, that Caremark would produce a witness. Caremark's May 31 letter is untimely and prejudicial if permitted to stand, and we ask the Court to order that Caremark produce adequate 30(b)(6) witnesses in accordance with Relator's letter to Caremark of May 4, 2022 ("May 4 letter").

Relator's May 4 letter set forth Relator's agreement to narrow Topics 4, 9, 13, 20-22 to address Caremark's objections, including Relator's understanding that "Defendants agree to provide testimony as to Topics 4, 9, 13, 20 and 22 and will agree to provide documents and a stipulation as to authenticity with respect to Topic 21. Relator will agree to Defendants' proposals, with the clarifications set forth below, and provided we have an overall agreement, Relator agrees not to pursue 30(b)(6) testimony as to Topics 5, 10, 11, and 18." Relator asked Caremark to advise Relator "by Monday, May 9 whether Defendants would like to discuss or further clarify any of these topics and provide some proposed dates for the deposition." Caremark did not respond. Relator's May 17, 2022 letter ("May 17 letter") stated: "Given the lack of response to our letter, Relator understands that Defendants will identify witnesses regarding the topics addressed in our April 4, 2022 letter (Topics 4, 9, 13, and 20-22), as modified in Relator's May 4, 2022 letter."

Caremark *again* failed to respond and Relator continued its deposition preparation in accordance with our May 4 letter. Caremark's May 31 letter is simply too late. Nor can Relator accept the unreasonable limitations Caremark belatedly has advanced. Relator served its 30(b)(6) notice on December 30, 2021. Caremark filed no motion for protective order. Relator thought we had agreement on May 4. The Court should enforce that agreement.

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | **BERGERMONTAGUE.COM**

June 2, 2022
Page 2 of 3



Moreover, Caremark's May 31 letter provides no basis to limit the scope of Caremark's 30(b)(6) testimony beyond what Relator has already agreed.  Caremark has designated an in-house *attorney* (Kevin Blake) to testify about Topics 4, 9, and 20 even though Mr. Blake (who has attended several depositions in this action) seemingly has little or no relevant work experience or personal knowledge of the topics at issue, and has worked at Caremark for under five years, all post-dating the conduct being challenged.[1]  (Caremark has also agreed to produce Mr. Azzolina, a business employee, to testify regarding Topic 22.)  Caremark further seeks to limit the scope of what Mr. Blake and its other designee will testify about, committing only that "Caremark is willing to make reasonable efforts to prepare a corporate representative to testify generally about a high-level description of" portions of Topics 4, 9, and 22, and that "Caremark is willing to make reasonable efforts to prepare a corporate representative to testify generally about documents" relevant to Topic 20.  Caremark purports to impose several other unreasonable limitations on its 30(b)(6) testimony:

- Topic 4 seeks testimony concerning Caremark's business practices regarding Medicare Part D pricing with respect to pharmacies and/or pharmacy networks.  Caremark's May 31 letter states that Caremark will *not* produce a witness to testify about how its pricing policies or practices actually operate.  This is baseless.  Relator is entitled to testimony about how Caremark's policies were followed and work in practice, i.e., "operate."

- Topic 9 seeks testimony concerning Caremark's reconciliations with the pharmacies, which show the prices Caremark paid for generic drugs, including generic drugs dispensed to Medicare Part D beneficiaries, which are the prices required to be reported to CMS.  Caremark's May 31 letter states that Caremark *refuses to identify* the individuals responsible for these reconciliations and further states that Caremark will *not* prepare a witness to testify regarding specific reconciliations or which individuals prepared the reconciliations.  This is flatly improper.  Relator is entitled to testimony identifying who created the reconciliations that Caremark has identified as final because these reconciliations were produced without cover emails and without metadata identifying the individual(s) who created these documents.  Relator is also entitled to specific testimony from a knowledgeable witness about these highly relevant documents.[2]

- Topic 20 seeks testimony concerning the generic effective rates ("GER"), i.e., the generic price discount rate, with regard to CVS Pharmacy.  Caremark impermissibly seeks to offer a witness to "testify <u>generally</u> about" about this subject (emphasis in May 31 letter), but *refuses* to prepare Mr. Blake (the in-house lawyer) to testify about the details of relevant documents, despite Relator's agreement to identify in advance documents and specific parts of documents that will be the subject of the deposition.  This too is improper.

- Topic 22 seeks testimony concerning Caremark's communications with CMS concerning Medicare Part D drug price reporting.  To aid Caremark's preparation of its witness,

---

[1] https://www.linkedin.com/in/kevin-blake-72524535/.

[2] Relator also seeks testimony regarding the extent to which Caremark's pharmacy reconciliations contain or can be produced with rows including information ("SSI [SilverScript] Totals" and "Aetna MEDD Totals") that is included in only one reconciliation produced in this case.  Relator sought this information from Caremark's counsel in a May 6, 2022 letter, but Caremark has not responded to this letter either.



> Relator explained that it seeks testimony regarding the subject matter covered by Relator's Requests for Admissions Nos. 30-39, which Caremark refused to answer. Caremark *refuses* to provide this testimony, and also refuses to provide testimony regarding any Caremark communications with CMS made through Pharmaceutical Care Management Association (PCMA), a trade group of which Caremark is a member. Caremark should be compelled to give testimony on this relevant subject without its purported limitations.

Caremark cannot avoid its obligation to provide a fully prepared Rule 30(b)(6) designee to testify regarding the 30(b)(6) topics by unilaterally announcing, at this late date, that it is unreasonably narrowing the topics and designating an in-house lawyer with (apparently) little or no personal knowledge.[3] By designating its in-house lawyer and advancing untimely and unreasonable limitations on the 30(b)(6) topics, Caremark apparently seeks to proffer attorney argument instead of the required knowledgeable, factual testimony. This should not be permitted.

Caremark also refused to provide a witness for Topic 13, which as narrowed seeks an explanation of Defendants' training of employees during the period of January 1, 2009 through December 31, 2016 regarding, inter alia, negotiations of GER guarantees with Rite Aid and Walgreens and GER guarantees or targets with CVS pharmacy. Relator will identify deposition exhibits in advance, and Caremark should be compelled to provide testimony on this topic. Caremark's May 31 letter argues that any testimony on Topic 13 will be subsumed within Topic 4, but this is nonsensical given Caremark's attempt to unreasonably narrow Topic 4.

Relator respectfully requests that the Court reject Caremark's untimely, baseless efforts to limit the scope of its Rule 30(b)(6) testimony, and compel Caremark to promptly provide a witness to testify regarding Topics 4, 9, 13, 20-22, as modified in Relator's May 4 letter.[4]

Relator also respectfully requests a conference at the Court's earliest convenience to address issues that likely will require Court involvement given the July 15, 2022 discovery deadline, including Caremark's failure to timely respond to other meet and confer correspondence, the duration of the 30(b)(6) deposition, and the likely need for more than 15 depositions in this complex case, which need arises, in part, from Caremark's failure to provide timely 30(b)(6) testimony identifying individuals with knowledge of key subjects.[5]

Respectfully,

/s/ Caitlin G. Coslett


cc:  All counsel via ECF

---

[3] *See Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (A corporation "has an affirmative duty to make available [for 30(b)(6) deposition] such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (citation omitted).

[4] Relator agreed to accept production of certain SEC filings and an authenticity stipulation in lieu of testimony on Topic 21, but Caremark has not provided either.

[5] The dates Caremark offered for Mr. Blake's deposition are just weeks before the close of discovery.