

CAITLIN G. COSLETT / *SHAREHOLDER*
d 215.875.3057 | ccoslett@bm.net

June 6, 2022

**VIA ECF**
The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:    *United States of America, ex rel. Sarah Behnke vs. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

Plaintiff-Relator ("Relator") seeks leave to file this reply letter in further support of Relator's May 26, 2022 letter to the Court (ECF 215) ("May 26 letter") and in response to Caremark's June 3, 2022 letter (ECF 218) ("June 3 letter"). Caremark suggests that Relator should simply have asked Caremark to designate 30(b)(6) deponents, but this ignores that Relator repeatedly did so, in letters, emails and conferences.

Caremark's June 3 letter underscores the need for a conference with the Court to address Caremark's untimely objections to Relator's Rule 30(b)(6) Notice of Deposition, served in December 2021 ("30(b)(6) Notice") and other issues. Relator believes that the prior series of discovery conferences were extremely helpful in allowing discovery to move forward. Relator proposes to meet and confer with Caremark (and Aetna, represented by the same counsel as Caremark) to submit an agenda before any such conference but, respectfully, Caremark already knows the issues and production deficiencies that Relator contends Caremark must immediately address and correct as they have all been repeatedly raised in prior letters to Caremark, including: (a) certain missing or unexecuted contracts in Caremark's production, (b) various issues and apparent gaps in Caremark's data production, (c) confirmation that Aetna has completed its production in response to Relator's subpoenas or promptly complete its production, (d) Caremark's continued failure to identify who was responsible for creating and did create the pharmacy reconciliations, and (e) Caremark's failure to produce documents concerning and reflecting Caremark's negotiations with each of Walgreens, Rite Aid, and CVS Pharmacy regarding its contracts with those pharmacies and specifically regarding the generic effective rate ("GER") that Caremark would owe and pay each pharmacy under the contracts.[1]

---

[1] Regarding (e), Relator's May 20, 2022 letter to Caremark provided specific, focused searches for Caremark to use to identify responsive documents, based on the deposition testimony provided by Caremark's witnesses identifying the individuals at the pharmacies with whom Caremark communicated and negotiated (the search terms are the names of the individuals with which Caremark negotiated). Caremark has not responded to this letter or to the proposed search terms.

June 6, 2022
Page 2 of 3



Relator already has raised these issues and deficiencies with Caremark, but Caremark has failed to respond to Relator's correspondence, just as Caremark failed to respond to Relator's correspondence regarding the 30(b)(6) Notice until after Relator filed her May 26, 2022 letter. That is why Court involvement is required.  There is nothing premature about Relator seeking Court involvement regarding the 30(b)(6) Notice and other issues given Caremark's repeated failure to respond to Relator's correspondence with now less than six weeks left in discovery.

In addition, Caremark's untimely, proposed limitations on the scope of the 30(b)(6) topics, if permitted, would prejudice Relator, who bears the burden of proof on certain key issues in this case.  Caremark's Rule 30(b)(6) testimony is important in a complex case such as this, particularly given the current 15-deposition limit and that some of Caremark's Rule 30(b)(1) witnesses thus far have testified that they remember little about the topics covered by the 30(b)(6) Notice.  And Caremark's specific objections to the 30(b)(6) Notice are baseless:

- **Topic 4:**  The contracts do not say whether and how they were in fact implemented by Caremark, and Relator is entitled to testimony about how they operated in practice.

- **Topic 9:**  First, Caremark continues to *refuse to identify* the individuals that were responsible for and did create the pharmacy reconciliation documents, highly relevant documents which itemize Caremark's overpayments to the pharmacies for Medicare Part D claims and simultaneous underpayments to the pharmacies on commercial claims.  Caremark produced the reconciliations without transmittal emails, and without metadata to identify who created and edited these documents.  Relator has requested this information through written correspondence—which has gone unanswered—or by Rule 30(b)(6) testimony.  Second, Relator has requested that Caremark advise the extent to which Caremark's pharmacy reconciliations contain or can be produced with rows including information ("SSI [SilverScript] Totals" and "Aetna MEDD Totals") that is included in only one reconciliation produced in this case, either through written correspondence—that has also gone unanswered—or by 30(b)(6) testimony.  If Caremark does not want to prepare its 30(b)(6) witness to answer these two specific questions (i.e., who created the reconciliations, and can the reconciliations be produced with additional information that is included in one of the produced reconciliations) then Caremark's counsel can provide this information to Relator's counsel directly.  But Caremark must provide this information one way or another.  (And Relator is entitled to testimony from an adequately prepared, knowledgeable 30(b)(6) designee regarding the remainder of Topic 9 even if Caremark's counsel responds to these two issues in writing.[2])

- **Topic 20:**  Caremark's refusal to provide testimony about specific documents is unreasonable.  Relator is entitled to Caremark's testimony about its own documents.

- **Topic 13:**  Relator's agreement to identify in advance of any deposition specific documents regarding this topic fully addresses Caremark's objections based on alleged burden or insufficient particularity.

- **Caremark's designation of Kevin Blake:**  Caremark's June 3 letter does not dispute

---

[2] This letter addresses portions of the scope of the 30(b)(6) topics that are in dispute and does not relieve Caremark of its obligation to provide testimony to the agreed-upon portions of these topics.

June 6, 2022  
Page 3 of 3



that Mr. Blake is an in-house lawyer who has worked at Caremark for just a few years and that he lacks personal knowledge of the subjects on which he will be deposed. Nor does Caremark dispute that it intends to do no more than "make reasonable efforts to prepare [Mr. Blake] to testify generally about a high-level description of" portions of Topics 4, 9, and 22. *See* Relator's June 2, 2022 letter (ECF 217) at 2. If Caremark's proposed limitations are allowed to stand and Mr. Blake is Caremark's designee, Relator believes we will be heading for a deposition where Mr. Blake is not adequately prepared and provides plainly inadequate 30(b)(6) testimony, including with respect to the pharmacy reconciliations discussed above in Topic 9, instead offering attorney argument, forcing Relator to return to this Court to request that Caremark be compelled to produce an adequately prepared 30(b)(6) designee.[3] We do not have time for that.

Finally, Caremark's suggestion that it has already offered more than ten hours of Rule 30(b)(6) testimony is highly misleading. According to the parties' agreement as to how 30(b)(6) time will be counted, Relator has taken only 4.5 hours of counted Rule 30(b)(6) time so far.[4] In addition, Caremark's June 3 letter emphasizes that Caremark previously proposed to limit the scope of testimony on the 30(b)(6) topics in its April 28, 2022 letter but the point is that Relator's May 4, 2022 letter fully addressed those prior objections and set forth Relator's understanding of the parties' agreement as to the scope of those topics. Caremark filed no motion for protective order. Relator understood we had agreement as of May 4 (given the lack of any further timely response by Caremark). Respectfully, the Court should enforce the parties' agreement as to the scope of Caremark's 30(b)(6) testimony as set forth in Relator's May 4, 2022 letter.

Respectfully,

/s/ Caitlin G. Coslett

cc: All counsel via ECF

---

[3] Caremark also refused to answer most of the Requests for Admission that Relator served concerning the same pharmacy reconciliations, further underscoring that Relator is entitled to detailed testimony by a knowledgeable, prepared 30(b)(6) witness about the specific reconciliations and fields therein.

[4] As set forth in Relator's April 5, 2022 letter, the parties agreed that, for purposes of counting 30(b)(6) time, if a witness is deposed as both a 30(b)(1) and 30(b)(6) witness, then only additional time spent over and above seven hours to which Relator is entitled under Rule 30(b)(1) "counts" as 30(b)(6) time:

> If a witness noticed under Rule 30(b)(1) is also designated to testify regarding Rule 30(b)(6) topic(s), and the witness testifies, for example, for 7 hours total, Relator can devote any portion of the 7 hours to 30(b)(6) testimony and none of that 30(b)(6) time will count against Relator as 30(b)(6) time. For example, if 3 of 7 hours were devoted to 30(b)(6) testimony and 4 of 7 hours devoted to Rule 30(b)(1) testimony, the deposition would count as 1 deposition against the current 15-deposition limit, but none of the 3 hours of 30(b)(6) time would count as 30(b)(6) time. If the same 30(b)(1)/30(b)(6) combination deposition lasts longer than 7 hours . . . then time above 7 hours will count as Rule 30(b)(6) time. So, for example, if a witness is deposed for 11 hours total (6 in their individual capacity and 5 on Rule 30(b)(6) topics), then four hours of 30(b)(6) time will count as 30(b)(6) time. . . .