IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SARAH BEHNKE,<br><br>　　　　*Plaintiff*,<br><br>　　　　v.<br><br>CVS CAREMARK CORPORATION *et al.*,<br><br>　　　　*Defendants*. | Civil Action<br><br>No. 14-cv-824 |

# ORDER

**AND NOW**, this 10th day of June, 2022, upon consideration of letters filed by both parties (ECF Nos. 217, 218, and 219), I find as follows:

1. This is a qui tam litigation under the False Claims Act, 31 U.S.C. § 3729 et seq. Discovery is ongoing. The parties have agreed that Defendants CVS Caremark Corporation and related entities (collectively "Caremark") will produce a series of corporate designee deponents under Federal Rule of Civil Procedure 30(b)(6), but the parties disagree on the topics to be covered in those depositions. The parties have submitted letters arguing their respective positions on certain topics.

2. I find that the parties' current submissions do not enable me to assess the nature of the parties' disagreement and resolve the dispute, particularly given that the parties' disagreements appear to have shifted since Relator first raised these issues. In addition, the parties will likely be able to further narrow their disagreements through a meet-and-confer.[1]

---

[1] Relator additionally takes issue with Caremark's choice of designee for some of the topics. However, Relator does not ask for any specific relief on this issue. I decline Relator's invitation to speculate on whether Caremark will fulfill its obligation to adequately prepare its designee to

**WHEREFORE**, it is hereby **ORDERED** that the parties shall meet and confer regarding the topics to be covered by Caremark's Rule 30(b)(6) designees. Within sev**en (7) days of the date of this Order**, the parties shall jointly prepare and file a summary of the topics on which the parties are unable to reach agreement, using the template attached as Exhibit A to this Order.

**BY THE COURT:**

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

testify on the noticed topics. Any issues regarding the adequacy of the designee's preparation should be addressed after the deposition has taken place.

# EXHIBIT A

# DESIGNEE DEPOSITION DISPUTE TABLE

*(Limit to 15 pages.)*

**I.     TOPIC #1**

    **A.     Relator's Version**

*[Relator shall set out the topic Relator contends should be the topic of inquiry.]*

    **B.     Relator's Explanation of Relevance**

*[Relator shall explain why the topic is "relevant to any party's claim or defense and proportional to the needs of the case."]*

    **C.     Caremark's Version**

*[After review of Relator's proposed topic, if Caremark contends Rule 26(b)(1) requires the topic to be limited, Caremark shall fill in the version Caremark contends is consistent with Rule 26(b)(1). If Caremark contends that Rule 26(b)(1) requires eliminating the topic entirely, so state. If Caremark contends that Rule 26(b)(1) requires additional accommodations, so state.]*

    **D.     Caremark's Justification for Change**

*[If applicable, Caremark shall explain why it contends the topic as stated by Relator is not consistent with Rule 26(b)(1). Allegations of burden shall be detailed with specificity.]*

**II.    TOPIC #2**

*[Repeat for each topic in dispute.]*