IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SARAH BEHNKE,<br><br>*Plaintiff*,<br><br>v.<br><br>CVS CAREMARK CORPORATION *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 14-cv-824 |

# ORDER

**AND NOW**, this 10th day of June, 2022, upon consideration of letters filed by both parties (ECF Nos. 217, 218, and 219), I find as follows:

1. This is a qui tam litigation under the False Claims Act, 31 U.S.C. § 3729 et seq. Discovery is ongoing. Relator Sarah Behnke ("Relator") seeks a discovery conference to discuss the following issues:

   - "certain missing or unexecuted contracts in Caremark's production";
   - "various issues and apparent gaps in Caremark's data production";
   - "confirmation that Aetna has completed its production in response to Relator's subpoenas or promptly complete its production";
   - "Caremark's continued failure to identify who was responsible for creating and did create the pharmacy reconciliations"; and
   - "Caremark's failure to produce documents concerning and reflecting Caremark's negotiations with each of Walgreens, Rite Aid, and CVS Pharmacy regarding its contracts with those pharmacies and specifically regarding the generic effective rate ('GER') that Caremark would owe and pay each pharmacy under the contracts."

2. Relator concedes that the parties have not met and conferred on all of these issues but states that the parties are able to do so before a conference takes place. The purpose of the

meet-and-confer requirement is to avoid the need for court intervention and encourage attorneys to resolve discovery disputes on their own. In re Johnson, 408 B.R. 115, 119-20 (S.D. Ohio Bankr. 2009). Relator contends that these issues have been under discussion for some time and are not new.[1]

**WHEREFORE**, it is hereby **ORDERED** that the parties shall meet and confer regarding the above issues. Within **fourteen (14) days of the date of this Order**, the parties shall file a joint letter of no more than six (6) pages setting out the issues on which the parties are unable to reach agreement and the parties' respective positions on each issue. The letter shall specifically describe documents that Relator contends should be produced but are outstanding. As to each missing document, the letter shall state: (1) Relator's position on why the document is relevant; (2) Caremark's position on whether the document exists and has been produced; and (3) Caremark's objections, if any, to producing the document.

**BY THE COURT:**

 /s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**

---

[1] I note that I have been required to resolve discovery disputes, each regarding multiple disagreements, in this case on six separate occasions.