IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel.* SARAH BEHNKE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CVS CAREMARK CORPORATION *et al.*,**<br><br>*Defendants*. | **Civil Action**<br><br>**No. 14-cv-824** |

## ORDER

**AND NOW**, this 11th day of July, 2022, upon consideration of the parties' June 17, 2022 joint letter (ECF No. 224), I find as follows:

1. This is a qui tam litigation under the False Claims Act, 31 U.S.C. § 3729 et seq. Discovery is ongoing. The parties have agreed that Defendants CVS Caremark Corporation and related entities (collectively "Caremark") will produce a series of corporate designee deponents under Federal Rule of Civil Procedure 30(b)(6) but disagree on the topics to be covered in those depositions. Following a meet-and-confer, the parties seek court resolution of one topic.

2. Relator seeks to take Caremark's deposition on the following topic (Topic #9):

   Explanation of the processes for preparation and transmittal of Reconciliations between You and any pharmacy pursuant to any pricing guarantee or term (e.g., GER, contractual price guarantee, chargebacks), including a) employee(s) or groups responsible; b) any policies, procedures, and practices related to those processes, and c) when and how such policies, procedures, and practices were formulated, implemented, enforced, reviewed, and modified. This includes, for example, identification of who prepared the Reconciliations and how, and what basic column headings and abbreviations in the Reconciliations mean.

3. Caremark contends that the topic as worded would require unduly burdensome preparation and asks that it be reworded it as follows:

1

> A high-level description of Caremark's policies and procedures for preparing and transmitting to pharmacies final reconciliations pursuant to pharmacy contract provisions relating to GER guarantees, including: (a) the individuals responsible; and (b) high-level information regarding a reasonable number of standard rows, columns, or abbreviations in Caremark's final pharmacy reconciliations, to the extent Relator identifies them at least 7 business days in advance of the Rule 30(b)(6) deposition.

4. The scope of discovery includes any matter that is relevant to any party's claim or defense, not privileged, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In evaluating this standard, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

5. Mindful that this is a complex case in which discovery has already been extensive, I consider each of Caremark's proposed limitations under the above standard.

6. Addition of "**high level**": This phrase provides no more clarity than the usual standard that the deponent must conduct a "reasonable inquiry" to prepare, State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008), and risks creating unnecessary disputes over the meaning of "high level." I reject Caremark's proposal to add this limitation.[1]

7. Removal of "**for example**": I agree with Caremark that the phrase "for example" is susceptible to the same disputes as "high level" because it implies other, unknown details assumed to be within the scope of the topic. I approve this change.

---

[1] With respect to Caremark's concern that the deposition not be a "memory test," I note that because the role of a designee deponent is to convey the corporation's knowledge and not the witness's personal knowledge, it is permissible for a designee deponent to refer to written materials during the deposition to aid their testimony. Zeng v. Electronic Data Systems Corp., No. 07-cv-310, 2007 WL 2713905, at *4 (E.D. Va. Sept. 13, 2007).

8.      Caremark has also asked that specific areas of inquiry be identified in advance. I agree that requiring Relator to identify specific fields, column headers, or abbreviations in advance is a reasonable accommodation given the level of detail involved and should be incorporated.[2]

9.      Applying these limitations, I will direct the parties to proceed with Topic 9 reworded as follows:

> The processes for preparation and transmittal of Reconciliations between You and any pharmacy pursuant to any pricing guarantee or term (e.g., GER, contractual price guarantee, chargebacks), including: a) employee(s) or groups responsible; b) policies, procedures, and practices related to those processes, c) when and how such policies, procedures, and practices were formulated, implemented, enforced, reviewed, and modified, d) who prepared the Reconciliations and how, and e) what column headings and abbreviations in the Reconciliations mean.
>
> Relator shall inform Caremark of the specific column headings, rows, fields, and abbreviations to be covered seven days before the deposition takes place.

**WHEREFORE**, it is hereby **ORDERED** that Topic 9 is modified as set out herein and the deposition shall proceed accordingly.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] Relator asks for no specific relief regarding her assertion that Aetna's and SilverScript's shares of business are within the scope of the topic, and I therefore do not address it.