IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SARAH BEHNKE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CVS CAREMARK CORPORATION** *et al.*,<br><br>*Defendants*. | **Civil Action**<br><br>**No. 14-cv-824** |

### ORDER

**AND NOW**, this 25th day of August, 2022, following a discovery conference held on August 24, 2022, it is hereby **ORDERED** that:

1. **Complete datasets**: Aetna and SilverScript have agreed to produce Rule 30(b)(6) deponents who will testify regarding this issue. The scope of these depositions shall be as described at the discovery conference.

2. **"Final" datasets**:

    a. I accept representations by counsel for Aetna, SilverScript, and Caremark that the produced datasets are final communications to or from the Centers for Medicare and Medicaid Services.

    b. With respect to Relator's concerns of discrepancies in the dataset for Direct and Indirect Remuneration (DIR) Reports, Aetna and SilverScript have agreed to produce Rule 30(b)(6) witnesses to testify to these. The scope of these depositions shall be as stated on the record at the discovery conference.

c. Counsel shall meet and confer regarding Relator's concern that the dataset covering Medicare Part D bid submissions lacks data for Aetna's 2013 bids. If this data has not been produced, Aetna shall conduct a reasonable search for this data and produce the results of that search.

3. **List of contract plans**: Relator's request for lists of Aetna and SilverScript contract plans is granted. Caremark shall produce to Relator lists of Aetna and SilverScript contract plans corresponding to the totals for Medicare Part D generic drug purchases reflected in the pharmacy reconciliations.

4. **Aetna and SilverScript shares of Medicare Part D business**: Relator's request for this information is denied without prejudice. Relator may re-raise this request following rulings on dispositive motions.

5. **Documents implementing price guarantees between Caremark and CVS**: Relator's request for these documents is denied. Relator may re-submit a narrowed request that covers <u>only</u> those documents, analogous to contracts, that memorialize an <u>agreement</u> between Caremark and CVS for a guaranteed aggregate price for generic drugs, and that <u>excludes</u> preliminary, tentative, or negotiation documents.

6. **Price negotiation documents**: Relator's request for correspondence between Caremark and pharmacies regarding price negotiations is denied.

7. **Aetna and SilverScript Rule 30(b)(6) depositions**:

   a. **Aetna's and SilverScript's knowledge of Caremark's pricing terms with pharmacies**: Aetna and SilverScript will produce these deponents as agreed. The scope of these depositions is as stated on the record at the discovery conference.

    b. **Responsibilities for price reporting to the Centers for Medicare and Medicaid Services**: Aetna and SilverScript will produce these deponents as agreed. The scope of these depositions is as stated on the record at the discovery conference.

    c. **Authenticity of Aetna and SilverScript documents**: I accept counsel's representation that documents produced by Aetna and SilverScript are authentic and no witnesses on this topic need be produced.

    d. **Business records**: Relator's request for Aetna and SilverScript to produce Rule 30(b)(6) deponents to testify to the status of documents as business records is denied.

8. **Requests for admission**:

    a. Relator's request for Caremark to admit or deny that three specific individuals were Caremark employees at given times is granted. Caremark shall supply substantive responses to these requests for admission.

    b. Relator's request for Caremark to admit or deny that it did not share pharmacy reconciliations with SilverScript is denied. Caremark is precluded from later introducing evidence that it shared pharmacy reconciliations with SilverScript.

9. **Eva Boratto**: Relator may attempt, by subpoena if necessary, to depose former Caremark executive Eva Boratto. Ms. Boratto's deposition counts toward the agreed 15-deposition limit. Ms. Boratto's deposition is limited to the topics summarized by Relator's counsel at the discovery conference. The statement of those topics as set forth on the record controls, but for ease of identification, those topics are roughly: (1) the negotiation of generic effective rate caps or

targets between Caremark and CVS; and (2) the implementation of those targets once set. Caremark's request to count an outstanding subpoena to Walgreens as one of Relator's 15 depositions is denied.

10. **Kevin Blake**: Relator's request to further depose Kevin Blake is denied.

11. **Fact discovery deadline**:

    a. Fact discovery is briefly reopened and shall be completed no later than **October 21, 2022**. No further extensions of fact discovery will be granted.

    b. Aetna and SilverScript shall produce Rule 30(b)(6) deponents as outlined above before the fact discovery deadline.

    c. Caremark shall serve responses to written discovery as set out in this Order before the fact discovery deadline.

    d. Relator shall serve responses or objections to Caremark's contention interrogatories before the fact discovery deadline.

    e. As to those items for which this Order permits Relator to serve a narrowed request, Relator shall serve such narrowed requests within fourteen (14) days of the date of this Order. Caremark's responses or objections shall be due within fourteen (14) days thereafter.

12. **Remaining deadlines**: The remaining case deadlines are extended as follows:

    a. The parties shall produce expert report(s) by **November 25, 2022**.

    b. Any rebuttal expert reports shall be produced by **December 16, 2022**.

    c. All expert discovery, including all depositions of expert witnesses, shall be completed by **January 20, 2023**.

d.  All motions for summary judgment and Daubert motions shall be filed no later than **February 10, 2023**.

e.  Responses to motions for summary judgment and Daubert motions, if any, shall be filed no later than **March 3, 2023**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**