

CAITLIN G. COSLETT / *SHAREHOLDER*
d 215.875.3057 | ccoslett@bm.net

August 29, 2022

**VIA ECF**
The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:    *United States, ex rel. Behnke v. CVS Caremark Corp.*, No. 14-cv-00824

Dear Judge Goldberg:

      Relator respectfully writes regarding the scope of the Rule 30(b)(6) deposition of CVS Pharmacy[1]—one of Relator's allotted 15 depositions—which may have been inadvertently omitted from the Court's August 25, 2022 Order (ECF 236). The CVS Pharmacy 30(b)(6) deposition subpoena was served on June 3, 2022; previously briefed on July 8, 2022, *see* ECF 230 at 2-9; addressed in Relator's August 19, 2022 letter to the Court, ECF 233 at 2 ("*Fourth*" item); and discussed at the August 24, 2022 hearing, ECF 239, Amended Tr. of Aug. 24, 2022 Hrg. 56:17-57:2; *see also id*. 88:4-14.[2]

      Relator requests that the Court compel CVS Pharmacy to provide 30(b)(6) testimony on "(1) the negotiation of generic effective rate caps or targets between Caremark and CVS; and (2) the implementation of those targets once set"—the subjects on which the Court has permitted Relator to seek to depose former Caremark executive Eva Boratto. ECF 236 ¶ 9. Even assuming the Boratto deposition occurs, the CVS Pharmacy 30(b)(6) deposition would not be duplicative because it would be the corporate testimony of CVS Pharmacy itself, and the witness would be required under Rule 30(b)(6) to prepare to testify about these topics (topics that are relevant and proportional for the reasons discussed at the August 24 hearing and in prior briefing).[3] *CVS Pharmacy's* own testimony regarding the budgeted generic effective rate negotiated between Caremark and CVS Pharmacy and the generic drug prices actually paid by Caremark to CVS Pharmacy is relevant to the generic prices that were required to be reported to the government for generic drugs dispensed by CVS Pharmacy, regardless of whether Caremark and CVS Pharmacy executed a formal contract providing for a guaranteed generic effective rate.

Respectfully,

/s/ Caitlin G. Coslett

---

[1] CVS Pharmacy is a related corporate entity to Caremark, and CVS Pharmacy is represented by the same attorneys that represent Caremark (and SilverScript and Aetna) in this matter.
[2] The Court previously granted Relator's unopposed request to depose CVS Pharmacy after July 15, 2022. ECF 231 ¶ 5 (granting Relator's unopposed request in ECF 228).
[3] ECF 239, Amended Tr. of Aug. 24, 2022 Hrg., *inter alia*, 48:14-50:7, 52:15-53:4, 56:17-57:2, 87:19-88:14; ECF 230 at 2-8; ECF 233 at 2.