LAW OFFICES

WILLIAMS & CONNOLLY LLP®

DANIEL M. DOCKERY
(202) 434-5698
ddockery@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 1, 2022

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov

Re:  *U.S. ex rel. Behnke v. CVS Caremark Corporation, et al.*, CA No. 14-cv-00824

Dear Judge Goldberg:

CVS Pharmacy respectfully submits this response to Relator's letter dated August 29, 2022, Dkt. No. 241.[1] Relator's letter amounts to a *post hoc* effort to revisit issues decided by the Court at the August 24 hearing and her revived request to compel CVS Pharmacy to provide additional corporate testimony should be denied.

Relator is wrong to suggest that the Court "inadvertently omitted" from its August 25 Order a ruling on whether CVS Pharmacy should be compelled to prepare and provide corporate testimony regarding the "negotiation" and "implementation" of GER targets between itself and Caremark. Relator spent over two hours (the entirety of the hearing) pressing her discovery issues—often "beyond the bounds of reasonable discovery," Am. Hrg. Tr. 99, Dkt. No. 239—yet she never requested that the Court compel from CVS Pharmacy the testimony she now demands. This alone is reason to reject Relator's belated motion.[2]

---

[1] The Court's Order of August 31, 2022 confirms that, as was ordered on July 11, Relator is permitted to proceed with a deposition of CVS Pharmacy notwithstanding that fact discovery originally closed on July 15. Order, Dkt. No. 243; Order, Dkt. No. 231 at ¶ 5. CVS Pharmacy does not dispute (and has never disputed) that it will provide a Rule 30(b)(6) deposition between now and October 21 on a number of agreed topics, which do not include the subject matter about which Relator's August 29 letter seeks testimony.

[2] When Relator *did* reference her prior letter concerning Rule 30(b)(6) testimony from CVS Pharmacy regarding the negotiation and implementation of GER targets between Caremark and CVS Pharmacy, Am. Hrg. Tr. at 56:17–57:2—following substantial discussion of that subject matter, *see id.* at 48:13–56:4—the Court responded, "I think your request is too burdensome," *id.* at 57:3–4. Insofar as Relator would argue the Court's suggestion that she "*try*"

WILLIAMS & CONNOLLY LLP

September 1, 2022
Page 2

Further, the Court's ruling and reasoning rejecting a similar request for documents from *Caremark* underscore the considerable burden Relator's demand would impose. When Relator asked the Court to compel Caremark to conduct searches and productions of documents regarding negotiations and implementations of GER budget targets with CVS Pharmacy, the Court *denied* Relator's request as unduly burdensome. Am. Hrg. Tr. at 53:6–56:16; Order at ¶ 5, Dkt. No. 236. The Court ruled that Relator may *only* seek from Caremark the much narrower category of "documents, analogous to contracts, that memorialize an <u>agreement</u> between Caremark and CVS for a guaranteed aggregate price for generic drugs," if any exist, and emphasized that "that <u>excludes</u> preliminary, tentative, or negotiation documents." Order at ¶ 5, Dkt. No. 236 (emphases in original). Unsatisfied with the Court's ruling as to Defendant Caremark, Relator seeks to end-run it by demanding the same, equally burdensome information by way of Rule 30(b)(6) deposition testimony from a non-party. That is inconsistent not only with the Court's ruling as to Caremark, but also with the Federal Rules' heightened, mandatory protections for third parties in discovery. *Cf.* Jt. Ltr. at 1, 4–5, Dkt. No. 230 (July 8, 2022) (citing cases and noting burden). For all the same reasons that the Court rejected Relator's request to compel this information from Caremark, Relator's demand to obtain it through corporate testimony of CVS Pharmacy should be rejected.

That the Court has permitted Relator to seek testimony related to this topic from an *individual* deponent—former Caremark CFO Eva Boratto—has little bearing on Relator's instant demand. Unlike a CVS Pharmacy *corporate* designee, as an individual fact witness Ms. Boratto is under no obligation to undertake any effort to learn new facts or refresh her recollection before a deposition. For a Rule 30(b)(6) corporate deposition, on the other hand, CVS Pharmacy would be required to assemble the relevant facts on a broad topic and prepare a corporate designee to testify to them. This could require not only additional and onerous document collections and reviews, but also interviews of knowledgeable personnel, if any remain at the company, on seven years' worth of purported negotiations and "implementation" that occurred as far back as 2010. Relator's suggestion that, because the Court permitted her to seek very limited testimony on this topic from Ms. Boratto, *see* Am. Hrg. Tr. 93:10–98:16; Order ¶ 9, Dkt. No. 236, it necessarily follows that she should also be permitted to seek corporate testimony from CVS Pharmacy because it would not be "duplicative" is unfounded, non-sensical, and over-reaching. And even assuming for the sake of argument that a Rule 30(b)(6) deposition of CVS Pharmacy would reveal information additive to whatever testimony Ms. Boratto may be able to provide, it would only be because Rule 30(b)(6) demands preparation and thus imposes substantial additional burdens. The Court's rulings with regard to discovery on the same subject matter from Caremark makes clear that such burdens are disproportionate to the needs of the case.

---

getting the responsive information via deposition or "*see if* [she] can . . . get the information from a deposition, *which you probably can't*" should be construed to allow the expansive Rule 30(b)(6) topic Relator seeks here, that strained interpretation should be rejected. The Court's statements make sense in the context of typical, *individual* fact witness testimony of the type Relator had just advised the Court it would seek from Eva Boratto. *See* Am. Hrg. Tr. 56:1–56:16.

WILLIAMS & CONNOLLY LLP

September 1, 2022
Page 3

      In denying Relator's request of additional Rule 30(b)(6) testimony from Caremark, the Court observed: "I'm going to end up where I started, which is my very distinct impression is that Relator is pushing beyond the bounds of reasonable discovery." Am. Hrg. Tr. 99:12-14. Relator's letter submission on August 29, 2022 regarding CVS Pharmacy is yet another attempt to stretch the bounds of reasonable and proportionate discovery and retread rational limits placed on remaining discovery. The Court should deny Relator's request.

Sincerely,

Daniel M. Dockery