IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SARAH BEHNKE,**<br><br>*Plaintiff*,<br><br>*v.*<br><br>**CVS CAREMARK CORPORATION** *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 14-cv-824 |

### ORDER

**AND NOW**, this 2nd day of November, 2022, upon consideration of Relator's Letter Motion to Compel (ECF No. 251) and the response in opposition filed on behalf of Defendants and non-party Aetna (ECF No. 253), I find as follows:

1. This is a qui tam litigation under the False Claims Act, 31 U.S.C. § 3729 et seq., against Defendant CVS Caremark Corporation and related entities (collectively "Caremark"). By letter, Relator Sarah Behnke ("Relator") raises a number of discovery disputes. I address each dispute in turn.

2. **Agreements between Caremark and CVS**: After denying Relator's request for discovery into negotiations between Caremark and CVS, I permitted Relator to serve "a narrowed request that covers only those documents, analogous to contracts, that memorialize an agreement between Caremark and CVS for a guaranteed aggregate price for generic drugs, and that excludes preliminary, tentative, or negotiation documents." (ECF No. 236 ¶ 5.)

3. Relator served such a request, to which Caremark responded: "Based on prior inquiries in this case and following a reasonable search and further inquiries conducted in

conjunction with this Request, Defendants are unaware of any responsive document(s) or any likelihood that any responsive documents exist."

4. As I have ruled on several prior occasions in this case, a party's response that it has conducted a reasonable search and failed to locate responsive documents is sufficient. No further response is required.

5. **Contention interrogatories**: I previously ordered that certain of Relator's interrogatories to Caremark were contention interrogatories that were premature as discovery was ongoing. (ECF No. 214.) Relator now seeks to compel Caremark to answer these interrogatories now that fact discovery is complete.

6. Caremark's only objection to answering these interrogatories is that Relator did not press this point sooner. In light of my ruling that Relator's prior request was premature, Relator acted correctly by not re-raising the issue until the close of fact discovery. I will therefore require Caremark to respond to these interrogatories at this time.

7. **Communications from Caremark to Aetna and Silverscript**: Relator asks that Aetna be compelled to produce two categories of communications between Caremark and insurers: (1) draft reports of financial information to be sent to the Centers for Medicare and Medicaid Services (CMS); and (2) documents attesting the accuracy of certain data to be provided to CMS.

8. In response, Aetna divides the requested documents into three categories. As to those categories, Aetna, respectively: (1) represents that the documents have already been produced to the extent they exist; (2) agrees to conduct a search and produce documents; and (3) objects to producing documents on the ground that no prior discovery request covers the documents at issue.

9.       Aetna's responses to the first two categories are sufficient. With respect to the third category, Relator does not point to any discovery request for the documents at issue. I will therefore deny Relator's request to compel production.

10.      **Lists of contract plans**: I previously ordered Caremark to produce certain lists of "contract plans." (ECF No. 236 ¶ 3.) Relator states that she has not yet received the lists. Caremark does not mention this discovery in its responsive letter. Caremark remains obligated to produce this discovery as directed by my prior order.

**WHEREFORE**, it is hereby **ORDERED** that Relator's Letter Motion to Compel (ECF No. 251) is **GRANTED in part and DENIED in part** as set out above. Discovery permitted by this Order shall be produced within fourteen (14) days of the date of this Order.

BY THE COURT:

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**