# Exhibit 121

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE, <br><br>                    Plaintiffs, <br><br>     v. <br><br> CVS CAREMARK CORP., CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and CAREMARK PART D SERVICES, LLC, <br><br>                    Defendants. | Civil Action No. 14-cv-00824 (MSG) |

## ANSWER TO RELATOR'S SECOND AMENDED COMPLAINT

Defendants CVS Caremark Corp. (n/k/a CVS Health Corporation), Caremark Rx, L.L.C. (f/k/a Caremark Rx, Inc.), CaremarkPCS Health, L.L.C., and Caremark Part D Services, L.L.C. (collectively, "Defendants"), by and through counsel, hereby file their Answer to Qui Tam Plaintiff/Relator Sarah Behnke's ("Relator") Second Amended Complaint (ECF No.111). All headings in the Second Amended Complaint are presumed to be for ease of reference, but to the extent headings contain factual allegations to which a response is required, they are denied. Unless otherwise provided, Defendants answer on information and belief. All allegations not specifically admitted are denied. An admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation. Defendants reserve the right to amend their Answer, in whole or in part.

### I. INTRODUCTION

1. The allegations in Paragraph 1 and the unenumerated sentence preceding it consist of Relator's characterization of her purported claims, to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 1. Defendants

specifically deny that this action brings claims against any unnamed agents, predecessors, successors, or employees of Defendants.

2.      Defendants deny the allegations of Paragraph 2.

3.      Defendants deny the allegations of the first sentence of Paragraph 3.  Defendants admit that CaremarkPCS Health, L.L.C. provided pharmacy benefit management services to Aetna Health Management, L.L.C. pursuant to the terms of certain agreements between them, including the Pharmacy Benefit Management Subcontract Agreement dated as of July 27, 2010, as amended ("2010 Agreement") and an Amended and Restated Pharmacy Benefit Management Subcontract Agreement dated as of October 2, 2013, as amended ("2013 Agreement"). Defendants otherwise deny the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5.

6.      The allegations in Paragraph 6 consist of Relator's characterization of her purported claims, to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 6.

## II.      THE PARTIES

7.      Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 7, and accordingly deny them.

8.      Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 8, and accordingly deny them.

9.      Defendants admit that CVS Health Corporation ("CVS Health"), formerly known as CVS Caremark Corporation, is incorporated under the laws of the State of Delaware, and is headquartered at One CVS Drive, Woonsocket, Rhode Island 02895.

10.     Defendants admit that Caremark Rx, L.L.C. is an indirect subsidiary of CVS

Health.  Defendants deny that the entity is or was named CVS Caremark Rx, L.L.C..

11.     Defendants refer to the unidentified alleged public reports for their content, which speaks for itself, and deny any mischaracterization thereof.  Absent further specificity regarding the identity of the unidentified alleged public reports, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 11, and accordingly deny them.

12.     Defendants admit that certain indirect subsidiaries of CVS Health, including CaremarkPCS Health, L.L.C., offer PBM services and obtain revenue and receive fees for the performance of those services.  Defendants admit that subsidiaries of CVS Health, including CaremarkPCS Health, L.L.C., have accounted for some portion of the PBM market in the United States and have provided services to Medicare beneficiaries, but those amounts have varied across time; absent further specificity regarding the source of the market share and beneficiary information and specific point in time to which the allegations pertain, Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 12, and accordingly deny them.

13.     Defendants deny that CVS Health participates in the Medicare Part D prescription drug program or provides PBM services to clients' Medicare Part D programs.  Defendants admit that certain indirect subsidiaries of CVS Health, including CVS Caremark Part D Services, L.L.C., provide PBM services to clients' Medicare Part D programs.  Defendants otherwise deny the remaining allegations in Paragraph 13.

14.     Defendants deny that CVS Health, Caremark Rx, L.L.C., or CaremarkPCS Health, L.L.C. has served as a Medicare Prescription Drug Plan ("PDP") Sponsor.  Defendants admit that SilverScript Insurance Company ("SilverScript") and/or its subsidiaries has served as a PDP Sponsor and contracts with Medicare to provide prescription drug benefits in all 50 states and the District of Columbia.

3

15. Defendants admit that subsidiaries of CVS Health provide PBM services to Medicare Part D prescription drug plans. Defendants otherwise deny the remaining allegations in Paragraph 15.

16. Defendants admit that subsidiaries of CVS Health operate retail pharmacies under the CVS and Longs Drug Store brands. Defendants admit that subsidiaries of CVS Health operate mail order and specialty pharmacies that process Part D prescriptions and dispense Part D drugs to Medicare beneficiaries. Defendants otherwise deny the remaining allegations in Paragraph 16.

17. Admitted.

18. Defendants admit that SilverScript and/or its subsidiaries has served as a PDP Sponsor and contracts with Medicare to provide prescription drug benefits in all 50 states and the District of Columbia. Defendants otherwise deny the remaining allegations in Paragraph 18.

19. Defendants admit that Caremark Rx, L.L.C. is incorporated under the laws of the State of Delaware, with its principal offices located in Woonsocket, Rhode Island. Defendants admit that subsidiaries of Caremark Rx, L.L.C. provide pharmacy benefit management services. Defendants otherwise deny the remaining allegations in Paragraph 19.

20. Defendants admit that subsidiaries of Caremark Rx, L.L.C. provide pharmacy benefit management services to eligible beneficiaries of Medicare Part D prescription drug plans. Defendants otherwise deny the remaining allegations in Paragraph 20.

21. Defendants admit that CaremarkPCS Health, L.L.C. is a subsidiary of Caremark Rx, L.L.C. Defendants admit that CaremarkPCS Health, L.L.C. provided PBM services to Aetna, which included Medicare Part D Prescription Drug Plans, pursuant to the 2010 Agreement and 2013 Agreement. Defendants otherwise deny the remaining allegations in Paragraph 21.

22. Defendants admit that Caremark Part D Services, L.L.C. is an indirect subsidiary of CVS Health Corporation. Defendants admit that Caremark Part D Services, L.L.C. provides

PBM services to SilverScript and certain other Part D Plan Sponsors with which it contracts.

23.     Defendants deny that CVS Health or Caremark Rx, L.L.C. participate in the administration of the Medicare Part D Drug Benefit.  Defendants admit that subsidiaries of CVS Health and Caremark Rx, L.L.C. provide PBM services to clients that have qualified as Medicare Part D Prescription Drug Plans.  Defendants otherwise deny the remaining allegations in Paragraph 23.

24.     Defendants admit that CaremarkPCS Health, L.L.C. administered claims for Aetna pursuant to the 2010 Agreement and 2013 Agreements, including Part D plan sponsors, and that CaremarkPCS Health, L.L.C. maintained certain documents in connection therewith.  Defendants otherwise deny the allegations of Paragraph 24.

25.     Paragraph 25 contains conclusions of law to which no response is required. To the extent that a response is required, Defendants do not contest this Court's exercise of subject matter jurisdiction for purposes of this action.

26.     Paragraph 26 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants do not contest this Court's exercise of personal jurisdiction or venue for purposes of this action.

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants do not contest venue in this Court for purposes of this action.

28.     Paragraph 28 purports to summarize statutory or regulatory provisions and state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 28 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 28, those allegations are denied.

29.     Paragraph 29 purports to summarize statutory or regulatory provisions and to state

conclusions of law to which no responsive pleading is required. To the extent that Paragraph 29 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 29, those allegations are denied.

30.     Paragraph 30 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 30 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 30, those allegations are denied.

31.     Paragraph 31 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 31 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 31, those allegations are denied.

32.     Paragraph 32 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 32 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 32, those allegations are denied.

33.     Defendants admit that at the time this action was filed in 2014, CaremarkPCS Health, L.L.C. provided pharmacy benefit management services to Aetna Health Management, L.L.C., which included Medicare Part D Prescription Drug Plans, pursuant to the terms of the 2010 and 2013 Agreements. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in the first sentence of Paragraph 33, and accordingly deny them. The remainder of Paragraph 33 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 33 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 33, those allegations are denied.

34.     Paragraph 34 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 34 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 34, those allegations are denied.

35.     Paragraph 35 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 35 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 35, those allegations are denied.

36.     The first sentence of Paragraph 36 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required.  The remaining allegations set forth in Paragraph 36 purport to summarize a process set forth by statute and regulation and to state conclusions of law to which no responsive pleading is required.  To the extent Paragraph 36 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 36, those allegations are denied.

37.     Paragraph 37 purports to summarize a process set forth by statute and regulation and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 37 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 37, those allegations are denied.

38.     Paragraph 38 purports to summarize a process set forth by statute and regulation and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 38 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 38, those allegations are denied.

39.     Paragraph 39 purports to summarize a process set forth by statute and regulation and to state conclusions of law to which no responsive pleading is required.  To the extent that

Paragraph 39 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 39, those allegations are denied.

40. Paragraph 40 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 40 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 40, those allegations are denied.

41. Paragraph 41 purports to summarize statutory or regulatory provisions to which no responsive pleading is required. To the extent that Paragraph 41 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 41, those allegations are denied.

42. Paragraph 42 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 42 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 42, those allegations are denied.

43. Paragraph 43 purports to summarize a process set forth by statute and regulation and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 43 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 43, those allegations are denied.

44. Paragraph 44 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 44 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 44, those allegations are denied.

45. Paragraph 45 purports to offer a generalized assertion regarding unspecified prescriptions and beneficiaries. Absent further specificity, Defendants lack sufficient knowledge

and information to admit or deny the allegations in Paragraph 45, and accordingly deny them.

46.     Paragraph 46 purports to offer a generalized assertion regarding unspecified prescriptions, beneficiaries, and pharmacies.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 46, and accordingly deny them.

47.     Paragraph 47 purports to offer a generalized assertion regarding unspecified prescriptions, beneficiaries, and pharmacies.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 47, and accordingly deny them.

48.     Paragraph 48 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 48 is inconsistent with the underlying statute and regulation, it is denied.  To the extent a further response is required as to Paragraph 48, those allegations are denied.

49.     Paragraph 49 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 49 is inconsistent with the underlying statute, regulations, and guidance, it is denied.  To the extent a further response is required as to Paragraph 49, those allegations are denied.

50.     Paragraph 50 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 50 is inconsistent with the underlying statute and regulations, it is denied.  To the extent a further response is required as to Paragraph 50, those allegations are denied.

51.     Paragraph 51 purports to summarize a process set forth by statute and regulation, and to state conclusions of law to which no responsive pleading is required.  To the extent that

Paragraph 51 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 51, those allegations are denied.

52. Paragraph 52 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 52 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 52, those allegations are denied.

53. Paragraph 53 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 53 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 53, those allegations are denied.

54. Paragraph 54 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 54 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 54, those allegations are denied.

55. Paragraph 55 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 55 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 55, those allegations are denied.

56. Paragraph 56 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 56 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 56, those allegations are denied.

57. Paragraph 57 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 57

is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 57, those allegations are denied.

58. Paragraph 58 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 58 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 58, those allegations are denied.

59. Paragraph 59 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 59 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 59, those allegations are denied.

60. Paragraph 60 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 60 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 60, those allegations are denied.

61. Paragraph 61 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 61 is inconsistent with the underlying statute and regulations, it is denied. To the extent a further response is required as to Paragraph 61, those allegations are denied.

62. Paragraph 62 purports to summarize statutory and regulatory provisions and/or history, and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 62 is inconsistent with the underlying provisions and/or history, it is denied. To the extent a further response is required as to Paragraph 62, those allegations are denied.

63. Paragraph 63 purports to summarize statutory and regulatory provisions and/or history, and to state conclusions of law to which no responsive pleading is required. To the extent

that Paragraph 63 is inconsistent with the underlying provisions and/or their history, it is denied. To the extent a further response is required as to Paragraph 63, those allegations are denied.

64.  Paragraph 64 purports to summarize a process set forth by statute and regulation. To the extent that Paragraph 64 is inconsistent with the underlying statute and regulation, it is denied. To the extent a further response is required as to Paragraph 64, those allegations are denied.

65.  Paragraph 65 purports to summarize statutory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 65 is inconsistent with the underlying statute and regulation, it is denied. To the extent a further response is required as to Paragraph 65, those allegations are denied.

66.  Paragraph 66 purports to summarize statutory and regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 65 is inconsistent with the underlying statute and regulation, it is denied. To the extent a further response is required as to Paragraph 66, those allegations are denied.

67.  Paragraph 67 purports to summarize statutory and regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 67 is inconsistent with the underlying statute and regulation, it is denied. To the extent a further response is required as to Paragraph 67, those allegations are denied.

68.  Paragraph 68 purports to summarize statutory and regulatory provisions and to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 68 is inconsistent with the underlying statute and regulation, it is denied. To the extent a further response is required as to Paragraph 68, those allegations are denied.

69.  Paragraph 69 purports to summarize a process set forth by statute and regulation, and to state conclusions of law to which no responsive pleading is required. To the extent that

12

Paragraph 69 is inconsistent with the underlying statute and regulation, it is denied. To the extent

a further response is required as to Paragraph 69, those allegations are denied.

70.     Paragraph 70 purports to summarize a process set forth by statute and regulation,

and to state conclusions of law to which no responsive pleading is required. To the extent that

Paragraph 70 is inconsistent with the underlying statute and regulation, it is denied. To the extent

a further response is required as to Paragraph 70, those allegations are denied.

71.     Paragraph 71 purports to summarize statutory or regulatory provisions and/or

guidance, and to state conclusions of law to which no responsive pleading is required. To the

extent that Paragraph 71 is inconsistent with the underlying statute, regulations, and guidance, it is

denied. To the extent a further response is required as to Paragraph 71, those allegations are

denied.

72.     Paragraph 72 purports to summarize statutory or regulatory provisions and/or

guidance. To the extent that Paragraph 72 is inconsistent with the underlying statute, regulations,

and guidance, it is denied. To the extent a further response is required as to Paragraph 72, those

allegations are denied.

73.     Paragraph 73 purports to summarize statutory or regulatory provisions and/or

guidance, and to state conclusions of law to which no responsive pleading is required. To the

extent that Paragraph 73 is inconsistent with the underlying statute, regulations, and guidance, it is

denied. To the extent a further response is required as to Paragraph 73, those allegations are

denied.

74.     Paragraph 74 purports to summarize statutory or regulatory provisions and/or

guidance, and to state conclusions of law to which no responsive pleading is required. To the

extent that Paragraph 74 is inconsistent with the underlying statute, regulations, and guidance, it is

denied. To the extent a further response is required as to Paragraph 74, those allegations are

denied.

75.     Paragraph 75 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 75 is inconsistent with the underlying statute, regulations, and guidance, it is denied.  To the extent a further response is required as to Paragraph 75, those allegations are denied.

76.     Paragraph 76 purports to summarize a process set forth by statute and regulation, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 76 is inconsistent with the underlying statute and regulation, it is denied.  To the extent a further response is required as to Paragraph 76, those allegations are denied.

77.     Paragraph 77 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 77 is inconsistent with the underlying statute, regulations, and guidance, it is denied.  To the extent a further response is required as to Paragraph 77, those allegations are denied.

78.     Paragraph 78 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 78 is inconsistent with the underlying statute or regulations, it is denied.  To the extent a further response is required as to Paragraph 78, those allegations are denied.

79.     Paragraph 79 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 79 is inconsistent with the underlying statute, regulations, and guidance, it is denied.  To the extent a further response is required as to Paragraph 79, those allegations are denied.

80.     Paragraph 80 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 80 is inconsistent with the underlying statute, regulations, and guidance, it is denied.  To the extent a further response is required as to Paragraph 80, those allegations are denied.

81.     Paragraph 81 purports to summarize statutory or regulatory provisions and/or guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 81 is inconsistent with the underlying statute, regulations, or guidance it is denied.  To the extent a further response is required as to Paragraph 81, those allegations are denied.

82.     The first, second, and fourth sentences of Paragraph 82 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required.  To the extent those sentences of Paragraph 82 are inconsistent with the underlying statute or regulations, they are denied.  The third sentence of Paragraph 82 is denied.  To the extent a further response is required as to Paragraph 82, those allegations are denied.

83.     Paragraph 83 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 83 is inconsistent with the underlying statute or regulations, it is denied.  To the extent a further response is required as to Paragraph 83, those allegations are denied.

84.     Paragraph 84 purports to summarize statutory or regulatory provisions, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 84 is inconsistent with the underlying statute or regulations, it is denied.  To the extent a further response is required as to Paragraph 84, those allegations are denied.

85.     Paragraph 85 purports to summarize statutory or regulatory provisions and/or

15

guidance, and to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 85 is inconsistent with the underlying statute, regulations, or guidance it is denied.  To the extent a further response is required as to Paragraph 85, those allegations are denied.

86.     Paragraph 86 purports to summarize unspecified contractual documents, which speak for themselves.  To the extent that Paragraph 86 is inconsistent with the underlying contractual documents it is denied.  To the extent a further response is required as to Paragraph 86, those allegations are denied.

87.     Defendants deny the allegations of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     With regard to the first sentence, Defendants admit that Aetna Health Management L.L.C. entered into a contract dated as of July 27, 2010 with CaremarkPCS Health, L.L.C., and that pursuant to the contract CaremarkPCS Health, L.L.C. agreed to perform defined services beginning January 1, 2011.  To the extent Paragraph 89 purports to summarize that contract, the agreement speaks for itself.  To the extent that Paragraph 89 is inconsistent with the underlying contractual documents it is denied.  To the extent a further response is required as to Paragraph 89, those allegations are denied.

90.     Defendants admit that CaremarkPCS Health, L.L.C. agreed to create Prescription Drug Event files and to submit such files to CMS on Aetna's behalf in accordance with the terms of the 2010 Agreement and CMS requirements.  To the extent Paragraph 90 otherwise purports to summarize the 2010 Agreement, the agreement speaks for itself.  To the extent Paragraph 90 purports to summarize the 2010 Agreement or statutory or regulatory provisions, it is denied to the extent it is inconsistent with them.  To the extent a further response is required as to Paragraph 90, those allegations are denied.

91.    Paragraph 91 purports to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 91 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 91, those allegations are denied.

92.    Defendants admit that CaremarkPCS Health, L.L.C. agreed to create Prescription Drug Event files and to submit such files to CMS on Aetna's behalf in accordance with the terms of the 2010 Agreement and CMS requirements, and did so.  Paragraph 92 otherwise purports to offer a generalized assertion regarding unspecified prescriptions and beneficiaries.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 92, and accordingly deny them.

93.    Defendants deny the allegations of Paragraph 93.

94.    Defendants admit that CaremarkPCS Health, L.L.C. agreed to establish Maximum Allowable Cost ("MAC") Lists in accordance with the terms of the 2010 Agreement, and did so. Paragraph 94 otherwise purports to offer a generalized assertion regarding unspecified prescriptions and beneficiaries.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 94, and accordingly deny them.

95.    Defendants admit that CaremarkPCS Health, L.L.C. was authorized to change MAC Lists in accordance with the terms of the 2010 Agreement.  Paragraph 95 otherwise purports to offer a generalized assertion regarding MAC price changes.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 95, and accordingly deny them.

96.    Defendants admit that the 2010 Agreement contained provisions regarding Retail Discount Guarantees, and that the chart embedded in Paragraph 96 accurately reflects a portion of the terms relating to Retail Discount Guarantees.  Otherwise, Paragraph 96 purports to summarize

terms of the 2010 Agreement, and to the extent it is inconsistent with the underlying contractual documents it is denied. To the extent a further response is required as to Paragraph 96, those allegations are denied.

97. Defendants admit that the 2010 Agreement contained provisions regarding the administrative fee to be paid. Otherwise, Paragraph 97 purports to summarize terms of the 2010 Agreement, and to the extent it is inconsistent with the underlying contractual documents it is denied. To the extent a further response is required as to Paragraph 97, those allegations are denied.

98. The first sentence of Paragraph 98 purports to summarize terms of the 2010 Agreement, and to the extent it is inconsistent with the underlying contractual documents it is denied. The second sentence of Paragraph 98 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no responsive pleading is required; to the extent the second sentence is inconsistent with the underlying statutes and regulations, it is denied. The third sentence of Paragraph 98 is denied. To the extent a further response is required as to Paragraph 98, those allegations are denied.

99. In regard to the first sentence of Paragraph 99, Defendants admit that CaremarkPCS Health, L.L.C. made adjustments to MAC Lists in accordance with the terms of the 2010 Agreement. The first sentence of Paragraph 99 otherwise purports to offer a generalized assertion regarding unspecified MAC price changes; absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 99, and accordingly deny them. The second, third, and fourth sentences of Paragraph 99 are denied. To the extent a further response is required as to Paragraph 99, those allegations are denied.

100. Defendants deny the allegations of Paragraph 100.

18

101.    Defendants lack sufficient knowledge and information to admit or deny the allegations in the Paragraph 101, and accordingly deny them.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants lack sufficient knowledge and information to admit or deny the allegations in the Paragraph 103, and accordingly deny them.

104.    Defendants admit that telephonic meeting was scheduled for February 11, 2013, and that the personnel invited to attend included Terri Swanson, Brian Kost, Howard Crowley, Renwick Elder, and Relator for Aetna, and James Margiotta, Allison Brown, Brian Januzik, John Lavin, and Beth Paul for Defendants, and that employees of Aetna e-mailed certain material in advance of that meeting. Defendants otherwise lack sufficient knowledge and information to admit or deny the allegations in Paragraph 104, and accordingly deny them.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants lack sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 107, and accordingly deny them. Defendants deny the second sentence of Paragraph 107.

108.    Defendants deny the first sentence of Paragraph 108. Defendants lack sufficient knowledge and information to admit or deny the allegations in the second sentence of Paragraph 108, and accordingly deny them.

109.    Defendants lack sufficient knowledge and information to admit or deny the allegation that Relator sent an e-mail to the Aetna Medicare team on March 5, 2013, or the contents of any such e-mail. To the extent a further response is required, Paragraph 109 is denied.

110.    Defendants lack sufficient knowledge and information to admit or deny the allegation that Relator sent an e-mail on March 13, 2013, or the contents of any such e-mail. To

19

the extent a further response is required, Paragraph 110 is denied.

111.    Defendants deny the allegations of Paragraph 111.

112.    Defendants admit that the pricing applicable to Aetna pursuant to the 2010 Agreement in connection with prescriptions processed for Medicare Part D beneficiaries was included in PDE submissions to CMS.  The remainder of Paragraph 112 is denied.

113.    Defendants deny the allegations of Paragraph 113.

114.    In regard to the first sentence of Paragraph 114, Defendants admit that CaremarkPCS Health, L.L.C. made adjustments to MAC Lists in accordance with the terms of the 2010 Agreement, including during the first half of 2013.  Defendants deny the allegations in the second sentence of Paragraph 114.  The allegations in the third sentence of Paragraph 114 purport to quote from a "Medicare MAC Change Notification" without further identification. Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 114, and accordingly deny them.  Defendants further refer to the document for its content, which speaks for itself, and deny any characterization thereof. Defendants deny the allegations in the fourth sentence of Paragraph 114.

115.    Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 115, and accordingly deny them.

116.    Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 116, and accordingly deny them.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.     Defendants admit that the 2010 Agreement contained provisions regarding Retail Discount Guarantees, and that the chart embedded in Paragraph 119 accurately reflects a portion of the terms relating to Retail Discount Guarantees.  Otherwise, Paragraph 119 purports to quote

from, summarize, and characterize terms of the 2010 Agreement, and to the extent it is inconsistent with the underlying contractual documents it is denied. To the extent a further response is required as to Paragraph 119, those allegations are denied.

120. Defendants deny the allegations of the first sentence of Paragraph 120 on the grounds that the "reported prices" and applicable "guarantee" are not identified, rendering the allegations vague as a matter of law. Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 120, and accordingly deny them. Defendants deny the allegations of the second and third sentences of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of the first sentence of Paragraph 123 on the grounds that "largest" and "purchaser" are undefined, rendering the allegations vague as a matter of law. Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 123, and accordingly deny them. The second sentence of Paragraph 123 purports to quote from an unidentified statement or document. Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in the second sentence of Paragraph 123, and accordingly deny them. Defendants deny the allegations of the third sentence of Paragraph 123.

124. Defendants lack sufficient knowledge and information to admit or deny the allegations of the first sentence of Paragraph 124 as to what is "usual" for Part D Sponsors, and accordingly deny them. Defendants deny the allegations of the second sentence of Paragraph 124. The allegations of the chart embedded in Paragraph 124 purports to summarize information from an unidentified source. Absent further specificity, Defendants lack sufficient knowledge and

21

information to admit or deny the allegations in the chart embedded in Paragraph 124, and

accordingly deny them. Defendants further refer to the source of the information itself for its

content, and deny any characterization thereof in the second sentence of Paragraph 124.

Defendants deny the allegations of the third and fourth sentences of Paragraph 124.

125. Defendants admit that Aetna Health Management, L.L.C. or an affiliate thereof

reported data it received from CaremarkPCS Health, L.L.C. on PDEs submitted for its Part D Plan

beneficiaries in accordance with the 2010 Agreement and 2013 Agreement from January 1, 2011

through December 31, 2014. Defendants lack sufficient knowledge and information to admit or

deny the remainder of the allegations in Paragraph 125, and accordingly deny them.

126. Defendants lack sufficient knowledge and information to admit or deny the

allegations in Paragraph 126, and accordingly deny them.

127. Defendants lack sufficient knowledge and information to admit or deny the

allegations in Paragraph 127, and accordingly deny them.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants admit that a subsidiary of CVS Health is the PBM for SilverScript.

The remainder of Paragraph 129 is denied.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 133.

134. Defendants deny the allegations of Paragraph 134.

135. Paragraph 135 purports to offer a generalized assertion regarding unspecified

certifications regarding unspecified data during fourteen-year period. Absent further specificity,

Defendants lack sufficient knowledge and information to admit or deny the allegations in

Paragraph 135, and accordingly deny them.

136.    Paragraph 136 purports to offer a generalized assertion regarding unspecified certifications during an unspecified period of time.  Absent further specificity, Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 136, and accordingly deny them.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138.

139.    The allegations set forth in Paragraph 139 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 139 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 139, those allegations are denied.

140.    The allegations set forth in Paragraph 140 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 140 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 140, those allegations are denied.

141.    The allegations set forth in Paragraph 141 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 141 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 141, those allegations are denied.

142.    The allegations set forth in Paragraph 142 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required.

To the extent that Paragraph 142 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 142, those allegations are denied.

143. The allegations set forth in Paragraph 143 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 143 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 143, those allegations are denied.

144. The allegations set forth in Paragraph 144 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 144 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 144, those allegations are denied.

145. The allegations set forth in Paragraph 145 purport to summarize a process set forth by statute and regulation and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 145 is inconsistent with the underlying statutes and regulations, it is denied. To the extent a further response is required as to Paragraph 145, those allegations are denied.

146. To the extent the allegations set forth in the first sentence of Paragraph 146 state conclusions of law, no responsive pleading is required. To the extent a further response is required as to the first sentence of Paragraph 146, the number of bids submitted per year and the results of reconciliation vary; absent further specificity regarding the point in time to which the allegations pertain, Defendants lack sufficient knowledge and information to admit or deny the remaining allegations the first sentence of Paragraph 146, and accordingly deny them.

Defendants deny the allegations of the second sentence of Paragraph 146. The allegations of the third sentence of Paragraph 146 state conclusions of law to which no responsive pleading is required. To the extent a further response is required as to the third sentence of Paragraph 146, those allegations are denied.

147. Defendants lack sufficient knowledge and information to admit or deny the allegations in the first two sentences of Paragraph 147, and accordingly deny them. Defendants deny that drug price information submitted to CMS by Defendants was not accurate. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in the third sentence of Paragraph 147, and accordingly deny them.

148. Defendants deny the allegations of the first sentence of Paragraph 148 on the grounds that "virtually certain" is undefined, rendering the allegations vague as a matter of law, and that, to the extent not vague, Defendants lack sufficient knowledge and information to admit or deny them, and accordingly deny them. The allegations of the second sentence of Paragraph 148 purport to excerpt information from the cited document, which speaks for itself. Defendants deny the allegations of the second sentence of Paragraph 148 to the extent they incorrectly characterize the information in the document. The allegations of the third sentence of Paragraph 148 contain conclusions of law to which no response is required. Defendants deny that drug price information submitted to CMS by Defendants was not accurate. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in the third sentence of Paragraph 148, and accordingly deny them.

149. The allegations in Paragraph 149 contain conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 149.

150. The allegations of Paragraph 150 consist of a hypothetical to which no response is

required.  To the extent any response is required, Defendants deny the allegations of Paragraph 150.

151.    The allegations in Paragraph 151 contain conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 151.

152.    The allegations set forth in Paragraph 152 appear to purport to summarize statutory or regulatory provisions and state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 152 is inconsistent with the underlying statutes and regulations, it is denied.  To the extent a further response is required as to Paragraph 152, those allegations are denied.

153.    Paragraph 153 purports to quote from the cited document.  Defendants refer to the document for its content, which speaks for itself, and deny any characterization thereof.

154.    Paragraph 154 purports to quote from the cited document.  Defendants refer to the document for its content, which speaks for itself, and deny any characterization thereof.

155.    Paragraph 155 purports to quote from the referenced document.  Defendants refer to the document for its content, which speaks for itself, and deny any characterization thereof.

156.    Defendants deny the allegations in Paragraph 156 on the grounds that "such costs," "these issues," and "greater scale" are undefined, rendering the allegations vague as a matter of law, and that, to the extent not vague, Defendants lack sufficient knowledge and information to admit or deny them, and accordingly deny them.  To the extent a further response is required as to Paragraph 156, those allegations are denied.

157.    Defendants deny the allegations of Paragraph 157.

158.    Defendants deny the allegations of Paragraph 158.

159.    The allegations in Paragraph 159 contain conclusions of law to which no response

is required. To the extent any response is required, Defendants deny the allegations in Paragraph 159.

160.    Defendants admit that at the time of the filing of this action in 2014, SilverScript and/or its subsidiaries contracted with subsidiaries of CVS Health to provide PBM services to Medicare Part D Plan beneficiaries and Aetna Health Management, L.L.C. contracted with subsidiaries of CVS Health to provide PBM services to beneficiaries, including Medicare Part D Plan beneficiaries.  The number of Medicare Part D beneficiaries who belonged to Part D Plans offered by subsidiaries of Aetna or SilverScript as a percentage of the total number of Medicare Part D beneficiaries for whom CVS Health subsidiaries provided PBM services has varied across time; absent further specificity regarding the specific point in time to which the allegations pertain, Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 160, and accordingly deny them.

161.    Paragraph 161 purports to excerpt information from the referenced document. Defendants refer to the document for its content, which speaks for itself, and deny any characterization thereof.

162.    Paragraph 162 purports to excerpt information from the cited website.  Defendants refer to the website for its content, which speaks for itself, and deny any characterization thereof.

163.    Paragraph 163 purports to excerpt information from the cited document. Defendants refer to the document for its content, which speaks for itself, and deny any characterization thereof.  To the extent any response is required, Defendants deny the allegations in Paragraph 163.

164.    No response to Paragraph 164 is required as all claims against SilverScript Insurance Company were dismissed by the Court's order of April 23, 2020.  To the extent any response is required, Defendants deny the allegations in Paragraph 164.

165.    No response to Paragraph 165 is required as all claims against SilverScript Insurance Company were dismissed by the Court's order of April 23, 2020.  To the extent any response is required, Defendants deny the allegations in Paragraph 165.

166.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 165 above.

167.    Defendants admit that subsidiaries of CVS Health have accounted for some portion of the PBM market in the United States, which market share, as well as the market share of its competitors, has varied over time.  Defendants further deny the allegations of the first sentence of Paragraph 167 on the grounds that "largest" is undefined, rendering the allegations vague as a matter of law.  Defendants admit that subsidiaries of CVS Health enter into contracts with pharmacy chains pursuant to which pharmacies may participate in networks.  Defendants deny the remainder of the allegations of Paragraph 167.

168.    Defendants admit that subsidiaries of CVS Health enter into contracts with pharmacies pursuant to which pharmacies may participate in networks, including networks applicable to Medicare Part D Plans.  Defendants deny the remainder of the allegations of Paragraph 168.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170.

171.    The allegations of the first sentence of Paragraph 171 purport to summarize a statutory and regulatory regime and state conclusions of law to which no responsive pleading is required.  Defendants incorporate by reference their responses to Paragraphs 57 to 70.  The allegations of the second sentences of Paragraph 171 consists of a hypothetical example to which no response is required.  To the extent any response is required, Defendants deny the allegations of the second sentence of Paragraph 171.

28

172.     The allegations in Paragraph 172 consists of a hypothetical example to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 172.

173.     Defendants deny the allegations of Paragraph 173.

174.     Defendants deny the allegations in Paragraph 174.

175.     Defendants deny the allegations in Paragraph 175.

176.     Paragraph 176 purports to quote from statutory text.  Defendants refer to the statute for its content, which speaks for itself, and deny any characterization thereof.

177.     Paragraph 177 purports to quote from statutory text.  Defendants refer to the statute for its content, which speaks for itself, and deny any characterization thereof.

178.     Paragraph 178 purports to quote from statutory text.  Defendants refer to the statute for its content, which speaks for itself, and deny any characterization thereof.

179.     Paragraph 179 purports to quote from statutory text.  Defendants refer to the statute for its content, which speaks for itself, and deny any characterization thereof.

180.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 180, and accordingly deny them.

181.     Paragraph 181 purports to summarize statutory text.  Defendants refer to the statute for its content, which speaks for itself, and deny any characterization thereof.

182.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 181 above.

183.     Defendants deny the allegations of Paragraph 183.

184.     Defendants deny the allegations of Paragraph 184.

185.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 184 above.

186.     Defendants deny the allegations of Paragraph 186.

187.     Defendants deny the allegations of Paragraph 187.

188.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 187 above.

189.     Defendants deny the allegations of Paragraph 189.

190.     Relator's unenumerated Prayer for Relief does not contain allegations to which a response is required.  To the extent a response is required, Defendants deny that Relator is entitled to any relief and, on that basis, denies any and all allegations in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.  Defendants undertake the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Defendants also state that, in this Answer, they have not raised defenses relating to allegations or claims that were dismissed pursuant to the Court's Order of April 23, 2020, and Defendants reserve the right to rely upon additional defenses in the event that such allegations or claims are allowed to be reasserted in this action.  Further, Defendants reserve the right to amend this Answer if additional defenses, counterclaims, or third party claims become apparent through the course of this action.  Further, Defendants reserve the right to assert any and all defenses on which it does not bear the burden of proof, including but not limited to the defense that Relator has failed to allege facts or a cause of action sufficient to support a claim for attorney's fees and costs, or treble damages.

## FIRST AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, by government knowledge and/or the

doctrines of waiver, and/or estoppel.

## SECOND AFFIRMATIVE DEFENSE

Relator's claims fail because any and all actions taken by Defendants with respect to any of the matters alleged in the Second Amended Complaint were taken in accordance with established industry practice.

## THIRD AFFIRMATIVE DEFENSE

Relator's claims fail because, at all times relevant to the Second Amended Complaint, Defendants complied with all applicable federal and state regulations.

## FOURTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, because they rely upon ambiguous provisions of law and the rule of lenity requires such ambiguities to be resolved in Defendants' favor.

## FIFTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, by the doctrine of consent and/or ratification as the federal government has ratified the alleged conduct of Defendants complained of in the Second Amended Complaint by failing to take any action despite its knowledge of the conduct.

## SIXTH AFFIRMATIVE DEFENSE

Relator's asserted damages, if any, may have been caused by, or were the result of, actions or inactions of parties other than Defendants or parties over whom Defendants had no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE

Relator's claims for damages are barred, in whole or in part, to the extent that the statutes she seeks to enforce, or the damages and penalties she seeks to recover, violate Defendants'

constitutional rights or any other constitutional provision.

### EIGHTH AFFIRMATIVE DEFENSE

Relator's claims for damages fail because the government plaintiff on whose behalf Relator is bringing suit has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Defendant as alleged in the Second Amended Complaint.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.  Judgment in favor of Defendants and against Relator, and the government on whose behalf she makes claims, on all claims pleaded in the Second Amended Complaint;

2.  For such other and further relief as this Court deems just and proper, including, but not limited to, costs and reasonable attorneys' fees incurred by Defendants in defending this action.


WILLIAMS & CONNOLLY LLP

  */s Daniel M. Dockery*
Enu Mainigi (*pro hac vice*)
Craig D. Singer (PA 71394)
Holly M. Conley (*pro hac vice*)
Daniel M. Dockery (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendants*

Dated:  December 4, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SARAH BEHNKE,<br><br>                              Plaintiffs,<br><br>      v.<br><br>CVS CAREMARK CORP., CAREMARK Rx, LLC (f/k/a CAREMARK Rx, INC.), CAREMARKPCS HEALTH LLC, and CAREMARK PART D SERVICES, LLC,<br><br>                              Defendants. | **CERTIFICATE OF SERVICE**<br><br>Civil Action No. 14-cv-00824 (MSG) |

I, Daniel M. Dockery, hereby certify that on December 4, 2020 I caused a true and correct copy of the foregoing Answer to Relator's Second Amended Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will render these documents available for viewing and downloading via the CM/ECF system and will send notification of such filing to all counsel of record in this matter who are registered on CM/ECF.


                                                     */s Daniel M. Dockery*
                                                    Daniel Dockery


Dated:  December 4, 2020

33