IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SARAH BEHNKE,**<br><br>       *Plaintiff*,<br><br>       v.<br><br>**CVS CAREMARK CORPORATION** *et al.*,<br><br>       *Defendants*. | Civil Action<br><br>No. 14-cv-824 |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                                  **July 30, 2024**

Attorneys' requests and judges' decisions to seal large swathes of documents cannot be done reflexively but rather must be considered in light of the overriding presumption of public access to the courts. This qui tam lawsuit, centered around Medicare Part D and brought under the False Claims Act, has involved the exchange and review of thousands of documents. Presently before me is a motion by Defendants CVS Caremark Corporation and similarly named entities (collectively "Caremark") to seal and redact many documents that were submitted as exhibits and attached to the parties' summary judgment briefing. For the reasons set out below, that motion will be denied, but Caremark will be permitted to revise its proposed redactions and file a renewed motion to seal.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Relator Sarah Behnke ("Relator"), asserting the interests of the United States of America, sued Caremark under the False Claims Act. Relator alleges Caremark caused health insurers Aetna

1

and SilverScript to submit false claims for Medicare Part D subsidies that inflated the prices Caremark paid for drugs.

On May 19, 2023, both parties filed motions for summary judgment along with several motions to exclude expert testimony. These motions included voluminous exhibits filed provisionally under seal, with approximately 134 documents attached by Caremark and 331 by Relator across all briefing. On November 6, 2023, six months after these documents were provisionally placed under seal, Caremark filed the current motion to maintain the seal, including proposed redactions to over 100 documents, mostly from Relator's exhibits. Relator opposed sealing, primarily on the grounds that the documents in question were several years old and Caremark's redactions were overbroad.

Subsequently, on March 25, 2024, I issued an Opinion granting in part and denying in part the motions for summary judgment. That Opinion was first filed under seal and sent to counsel by email, with an order that any party seeking to maintain any portion of the Opinion under seal must file a motion to do so. I note that this Opinion repeated numerous facts from exhibits that Caremark had previously moved to seal. (Compare Opinion, ECF No. 339, p. 34 ("Relator notes that, by this measurement, Caremark reported higher prices, on average, than the negotiated average for the pharmacy-year combinations that underlie her claims.") with Relator's Ex. 2 (Barlag Dep.) at 242:6-13; compare also Opinion, p. 51 ("Aetna and Caremark signed a new contract, effective January 1, 2015, that allowed Aetna to negotiate directly with pharmacies for Part D pricing, a step Relator alleges was undertaken because Aetna no longer trusted Caremark to do the job honestly.") with Relator's Ex. 3 (Behnke Dep.) at 95:16-17; Opinion, p. 43 ("[A]ccording to Relator, Caremark was admitting that it was, in effect, profiting on Part D purchases because inflated Part D prices increased Caremark's spread on commercial purchases.") with Relator's Ex. 275, slide

12.) Despite these references, no party moved to seal any portion of the Opinion, and it was made public in its entirety on April 2, 2024.

## II. LEGAL STANDARD

There is a presumption that "the public has a right of access to judicial materials," including "documents filed in connection with a motion for summary judgment." In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019). However, the presumption of public access is "not absolute" and "may be rebutted." Id. "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." Id. (quotation marks omitted). "The movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. (quotation marks omitted).

"In delineating the injury to be prevented, specificity is essential." Avandia, 924 F.3d at 673. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Id. "[T]he District Court must conduct a document-by-document review of the contents of the challenged documents." Id. (quotation marks and alterations omitted).

## III. DISCUSSION

For the reasons set out below, I conclude that Caremark has not provided adequate support for its proposed redactions. However, rather than unseal all exhibits at this time, I will allow Caremark to revise its redactions, if it chooses to do so, and file a renewed motion to seal under the terms set out in this Opinion.

### A. Refiling as an Alternative to Sealing

Caremark first accuses Relator of violating Local Rule 5.1.2, "Electronic Case Filing," § 4(a), which requires an "ECF Filing User" to file "only those excerpts of" exhibits "that are

relevant to the matter under consideration by the court." In Caremark's view, Relator filed entire documents (in particular deposition transcripts) when only a handful of pages were actually relevant to the pending motions. Caremark cites cases in which other courts have required parties to withdraw and refile excessively large exhibits. Cole's Wexford Hotel, Inc. v. Highmark, Inc., No. 10-cv-01609, 2019 WL 3778090, at *30 (W.D. Pa. May 31, 2019); Teter v. Project Veritas Action Fund, No. 17-cv-256, 2019 WL 8586943, at *2 (W.D.N.C. Mar. 5, 2019). Caremark suggests that, as an alternative to sealing under Avandia, I could order Relator to withdraw her exhibits and refile them with only the pages cited in her briefs.

I conclude that withdrawing and refiling is not an appropriate alternative to sealing at this time. Caremark did not raise Local Rule 5.1.2 until nearly six months after Relator filed the majority of her exhibits, and well after both parties had filed two more rounds of briefing pertaining to the summary judgment motions. And those motions have now been ruled on in a publicly filed opinion. If the exhibits were withdrawn now, any member of the public could justifiably be concerned that the withdrawn documents, some of which were referenced in the Opinion, could have affected the outcome at summary judgment. See Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). There is no indication that Caremark's cited cases involved similarly belated requests to remove documents from the record after a decision such as a summary judgment opinion has been issued. It would not be appropriate to evade the Avandia standard for sealing by now ordering Relator to withdraw exhibits at this late stage.

Accordingly, I address the remainder of Caremark's motion under the Avandia standard.

B.     **Caremark's Proposed Redactions**

Caremark's motion states that it only seeks to seal information that is "sensitive and irrelevant" and provides no justification for sealing information that does not fit that description. (Caremark's Brief at 3.)

However, a cursory review of Caremark's proposed redactions shows that many are either not sensitive or not irrelevant. For example, Caremark proposes to seal the following dialogue but none of the surrounding text:

BY MS. COSLETT:

Q      Thank you.

(Relator's Ex. 5 (Blake Dep.) at 62:24-25.) Caremark also asks to seal the fact that attorney Art Lerner was associated with the firm Crowell & Moring, information discoverable by an internet search. (Relator's Ex. 3 (Behnke Dep.) at 239:10-23.) Other proposed redactions contain information that is now public in my summary judgment Opinion, such as the fact that Caremark told Aetna it was setting individual sale prices to "to maximize what Caremark was allowed to charge under their contract." (Compare Opinion at 42 with Relator's Ex. 3 at 214:7-13.)

It would be an inefficient use of judicial resources for the Court to review Caremark's voluminous proposed redactions as they stand. Consequently, Caremark may file a renewed motion to seal, but only after carefully reconsidering and revising its proposed redactions to ensure they only cover information that meets the Avandia standard. I remind Caremark that information may not be sealed unless it is not already public, would cause harm if made public, and is sufficiently damaging to overcome the public's right to understand judicial proceedings. Avandia, 924 F.3d at 672-73. I also note that further review of Caremark's proposed redactions may require referral to a special master at Caremark's expense, which Caremark may address in any renewed

5

motion to seal. See Fed. R. Civ. P. 53(a)(1)(C); Luppino v. Mercedes Benz USA, LLC, No. 09-cv-5582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013).

### C. Old Information

Once-sensitive information may not be sealed if "circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail." Avandia, 924 F.3d at 678. "Sealing must be based on current evidence to show how public dissemination of the pertinent materials now would cause the competitive harm." Id. (alterations omitted, emphasis in original).

Relator objects that Caremark is asking to seal information that is "old" and "stale," some of it going back 14 years. To support sealing this decade-old information, Caremark has provided evidence in the form of a declaration that "[i]nformation regarding financial terms, guarantees, and pricing remains competitively sensitive even when it is no longer current." (Wellman Dec. ¶ 14.) That is because, in the declarant's view, "[p]harmacies or competitors that acquire confidential information regarding financial guarantees (or budgeted targets), pricing or performance for Caremark from past years would be able to make adjustments based on their own proprietary historical information as well as publicly available historical information regarding Caremark and the market, and could then use the adjusted information to make better informed assessments regarding the financial terms that Caremark might currently offer to, accept with, or achieve for a particular pharmacy." (Id.)

Caremark is correct that there is no bright line for when information becomes stale, and information that is years old may properly be sealed if it remains competitively sensitive today. See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). However, Caremark's evidence that drug prices from "past years" can reveal Caremark's later negotiating constraints is too abstract to explain why the specific information from the specific years Caremark has asked to seal would reveal Caremark's negotiating position today.

Caremark does not claim drug prices never lose salience, and thus the question before me is whether they remain salient 14 years later. If Caremark chooses to file a renewed motion to seal, it must provide more specific evidence for why disclosing drug prices from the years at issue would cause harm to its competitive standing.

### D. Caremark's Prices with Walgreens and Rite Aid

Nonparties Walgreens and Rite Aid, two pharmacies from which Caremark made the drug purchases at issue in his case, request that I seal certain pricing terms between themselves and Caremark. Relator's fraud allegation is, in essence, that Caremark negotiated a single average drug price with these pharmacies but reported individual sale prices that were higher, and the pharmacies ask that I seal those negotiated average prices, citing possible competitive harm.

Some of the prices at issue are already public in my summary judgment Opinion. (See Opinion at 31.) As to the others, I conclude that they are far too central to the reasoning in my Opinion to justify sealing at this stage of the litigation. Relator's fraud claim centers on an allegation that some of these prices were higher than others, and the prices themselves are essential to give the public a "complete understanding" of why this case is proceeding to trial. Avandia, 924 F.3d at 672. I will therefore deny the pharmacies' request to seal the negotiated average prices between themselves and Caremark that underlie Relator's claims (specifically, the "generic effective rate" or "GER" guarantees for the pharmacies and years at issue).

### IV. CONCLUSION

For the reasons set out above, Caremark's motion to seal will be denied. Caremark will be permitted to revise its redactions and file a renewed motion to seal.

An appropriate order follows.